# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| SHANNON WAYNE AGOFSKY, <br> Petitioner, <br> v. <br> T.J. WATSON, Warden, USP Terre Haute, <br> UNITED STATES OF AMERICA <br> Respondents. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> (Capital Habeas Corpus) <br><br> **No. 22-49** |

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

CLAUDIA VAN WYK
DAVID ZUCKERMAN
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
claudia_vanwyk@fd.org
david_zuckerman@fd.org

*Counsel for Petitioner*

Dated: February 9, 2022

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

PROCEDURAL BACKGROUND.........................................................................2

    A.   Conviction, Sentencing, and Direct Appeal ................................................2

    B.   Section 2255 Petitions ................................................................................3

ARGUMENT .......................................................................................................7

I.     SECTION 2113(a) BANK ROBBERY CANNOT SERVE AS A PREDICATE OFFENSE FOR A § 924(c) CONVICTION BECAUSE IT CAN BE COMMITTED WITHOUT A PURPOSEFUL OR KNOWING *MENS REA*. ...................................................................................7

    A.   Under *Borden*, the Predicate Offense Must Require a *Mens Rea* of More Than Recklessness.................................................................7

    B.   Section 2113(a) Is Indivisible.................................................................9

    C.   Bank Robbery By Intimidation Cannot Serve As a Predicate § 924(c) Conviction Under *Borden*. ..........................................................12

    D.   Section 2113(a) Fails to Qualify As a "Crime of Violence" on Additional Grounds. ..............................................................................15

II.    SECTIONS 2113(d) AND (e) CAN BE COMMITTED WITHOUT THE REQUISITE *MENS REA* AND DO NOT QUALIFY AS CRIMES OF VIOLENCE. ..............................................................................................17

    A.   Because § 2113(a) Is Not a Crime of Violence, the Sentence Enhancements Under § 2113(d) and (e) Cannot Qualify As Crimes Of Violence................................................................................17

    B.   Neither § 2113(d) Nor § 2113(e) Requires the Requisite *Mens Rea* To Qualify As a Crime Of Violence. .......................................................19

        1.   Section 2113(d) does not require any intent to threaten or use physical force..........................................................................19

        2.   Section 2113(e) contains no *mens rea* requirement besides the state of mind required for the underlying offense of § 2113(a). ......20

III.   SECTION 2255 IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF THE § 924(c) CONVICTION. .................................22

CONCLUSION...................................................................................................27

**INTRODUCTION**

In *Borden v. United States,* 141 S. Ct. 1817 (2021)*,* the Supreme Court held that the statutory term "violent felony" covers only crimes committed knowingly or purposely and does not extend to crimes involving recklessness. Shannon Agofsky was convicted of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The underlying "crime of violence" alleged was bank robbery, 18 U.S.C. § 2113(a), (d), and (e). Because, however, the "least culpable" forms of bank robbery under these subsections do not require a purposeful or knowing *mens rea*—or any *mens rea* at all—it is not a crime of violence under *Borden* and cannot serve as a predicate for a § 924(c) conviction. 141 S. Ct at 1822. Mr. Agofsky is therefore innocent of using a firearm during and in relation to a crime of violence.

No alternative ground can sustain Mr. Agofsky's conviction. The portion of § 924(c) that defines a "crime of violence" has two clauses.[1] The first,

---

[1] Section 924(c)(3) defines "crime of violence" as follows:

(3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

1

§ 924(c)(3)(A), is commonly referred to as the force clause. The other, § 924(c)(3)(B), is commonly referred to as the residual clause. These forms of bank robbery cannot satisfy the force clause because, in addition to their lack of the necessary *mens rea*, they can be committed without force or intentional threat. The residual clause is void for vagueness.

A federal prisoner may seek habeas relief if the post-conviction statute, 28 U.S.C. § 2255, is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). Section 2255 makes no provision for a successive motion for relief grounded in a definitional *statutory* change that renders a prisoner innocent of the crime of conviction. In those circumstances, § 2255 is inadequate or ineffective, and a prisoner may seek relief under 28 U.S.C. § 2241. *See In re Davenport*, 147 F.3d 605 (1998).

After *Borden*, Mr. Agofsky stands convicted of a non-existent crime and yet has no way to seek relief under § 2255, rendering that section "inadequate or ineffective to test the legality of his detention." This Court should grant him review and relief under § 2241.

## PROCEDURAL BACKGROUND

### A.    Conviction, Sentencing, and Direct Appeal

Mr. Agofsky was indicted for and convicted of using and carrying a firearm during and in relation to a felony crime of violence, 18 U.S.C. § 924(c), in a jury

trial that concluded in September 1992.[2] *United States v. Shannon Agofsky et al.,* No. 3:92-cr-05006-RED, ECF Nos. 1, 198 (W.D. Mo. Sep. 22, 1992). The § 924(c) charge was Count 3 of the indictment.[3] He was sentenced on November 23, 1992, to an aggregate term of life plus 60 months, with the 60-month sentence on Count 3 running consecutive to the other two counts. *Agofsky et al.*, No. 3:92-cr-05006-RED, ECF No. 257 (W.D. Mo. Nov. 23, 1992).

Mr. Agofsky appealed under Docket No. 92-3767 to the Court of Appeals for the Eighth Circuit, which affirmed the convictions and sentences on April 1, 1994. *United States v. Agofsky*, 20 F.3d 866 (8th Cir. 1994). The Supreme Court denied certiorari on October 17, 1994. *Agofsky v. United States*, 513 U.S. 949 (1994).

## B.    Section 2255 Petitions

Mr. Agofsky subsequently moved for relief pursuant to 28 U.S.C. § 2255. *Agofsky et al.,* No. 3:92-cr-05006-RED, ECF No. 290 (W.D. Mo. Apr. 23, 1997). No hearing was held, and the motion was denied in June 1997. *Agofsky et al.,* No.

---

[2] Mr. Agofsky was also convicted of conspiracy in violation of 18 U.S.C. § 371 (Count 1) and bank robbery in violation of 18 U.S.C. § 2113(a), (d), and (e) (Count 2). This petition does not implicate those counts, except to the extent that the bank robbery was also alleged as the predicate for a § 924(c) "crime of violence."

[3] Mr. Agofsky's conviction on Count 3 served as an aggravating factor in support of a death sentence imposed by a jury sitting in the Eastern District of Texas. *See United States v. Shannon Agofsky*, No. 1:03-cr-173-01, ECF Nos. 177, 180 (E.D. Tex. Jul. 16, 2004).

3:92-cr-05006-RED, ECF No. 298 (W.D. Mo. Jun. 19, 1997). Mr. Agofsky sought to appeal the denial of the motion to the Eighth Circuit, which denied a certificate of appealability in March 1998. *Agofsky et al.,* No. 3:92-cr-05006-RED, ECF No. 311 (W.D. Mo. Mar. 2, 1998). The court treated a supplement to the notice of appeal as a petition for authorization ("PFA") to file a second § 2255 motion and denied the petition. *See id*.

In February 2012, Mr. Agofsky filed, under seal, a petition seeking authorization from the Eighth Circuit to file a successive § 2255 motion on the grounds that newly discovered evidence required vacation of the conviction, that he was actually innocent, and that the government had withheld exculpatory evidence. *See Agofsky et al.,* No. 3:92-cr-05006-RED, ECF No. 312 (W.D. Mo. Feb. 16, 2012). The Eighth Circuit denied the petition in June 2013. *See Shannon Agofsky v. United States*, No. 12-1397 (8th Cir. Jun. 5, 2013).

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the Armed Career Criminal Act's ("ACCA's") residual clause because it is unconstitutionally vague in violation of the Due Process Clause. On April 18, 2016, the Court decided in *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review.

On May 11, 2016, Mr. Agofsky filed a petition for authorization to file a successive § 2255 motion in light of *Johnson* and *Welch* in the Eighth Circuit. *Shannon Agofsky v. United States*, No. 16-2185 (8th Cir. May 11, 2016). He argued, as he does here, that not only was the residual clause unconstitutionally vague, but the conviction could not stand under the force clause because armed bank robbery does not have as a necessary element the intentional use, attempted use, or threatened use of violent physical force. *Id.* The Court of Appeals denied the petition. *Shannon Agofsky v. United States*, No. 16-2185 (8th Cir. Oct. 11, 2016).

On April 17, 2018, the Supreme Court decided *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), holding that the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague because of its strong and relevant similarities to the ACCA's residual clause (which had been invalidated in *Johnson*). The provision invalidated in *Dimaya* is relevantly identical to the residual clause at issue here (i.e., that contained in § 924(c)).[4] On June 24, 2019, the Supreme Court held in *United*

---

[4] The residual clause under the ACCA defines a violent felony as: "[an enumerated felony], or otherwise involves conduct that *presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(b) (emphasis added).

The residual clause under § 16(b) defines a crime of violence as: "any other offense that is a felony and that, by its nature, *involves a substantial risk that physical force against the person or property of another* may be used in the course of committing the offense." 18 U.S.C. § 16(b) (emphasis added).

The residual clause under § 924(c)(3)(B) defines a crime of violence as: "that by its nature, *involves a substantial risk that physical force against the person or property*

*States v. Davis*, 139 S. Ct. 2319 (2019), that there were "no material difference[s]" among the residual clauses contained in the ACCA, § 16, and § 924(c), and therefore that § 924(c)'s residual clause is also unconstitutionally vague. *Davis,* 139 S. Ct. at 2326. *Davis* thus conclusively extended *Johnson's* holding to § 924(c)(3)(B).

Mr. Agofsky again filed a petition for authorization to file a successive § 2255 motion in the Eighth Circuit in light of *Davis. See In re Shannon Wayne Agofsky,* No. 20-2030 (8th Cir. May 22, 2020). He argued that *Davis* announced a retroactive new constitutional rule that made him eligible for successive relief under 28 U.S.C. § 2255(h). *Id.* at 1. He also argued, as he does here, that his conviction could not stand under the force clause because bank robbery lacks a purposeful or knowing *mens rea* and can be committed without force or intentional threat. *Id.* at 2. In June 2020, the Eighth Circuit again denied permission to file a successive petition. *In re Shannon Wayne Agofsky,* No. 20-2030 (8th Cir. June 30, 2020).

On June 10, 2021, the Supreme Court decided *Borden*, which gave rise to this petition.

---

*of another* may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B) (emphasis added).

**ARGUMENT**

I.   **SECTION 2113(a) BANK ROBBERY CANNOT SERVE AS A PREDICATE OFFENSE FOR A § 924(c) CONVICTION BECAUSE IT CAN BE COMMITTED WITHOUT A PURPOSEFUL OR KNOWING *MENS REA*.**

   A.   **Under *Borden*, the Predicate Offense Must Require a *Mens Rea* of More Than Recklessness.**

In *Borden*, the Supreme Court interpreted the portion of the force clause of the ACCA that requires three or more prior convictions for a violent felony. To decide this question, the court employed the "categorical approach:"

> Under that by-now-familiar method, applicable in several statutory contexts, the facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard. Here, that means asking whether a state offense necessarily involves the defendant's "use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as an ACCA predicate.

141 S. Ct. at 1822 (case citations omitted).

Deciding a question it had previously left open, 141 S. Ct. at 1825, the Court held that the statutory language did not include crimes of recklessness. Justice Kagan wrote for the plurality:

> We must decide whether the elements clause's definition of "violent felony"—an offense requiring the "use of physical force against the person of another"—includes offenses criminalizing reckless conduct. We hold that it does not. The phrase "against another," when modifying the "use of force," demands that the perpetrator direct his action at, or target, another individual. Reckless conduct is not aimed in that prescribed manner. Our reading of the relevant text finds support

in its context and purpose. The treatment of reckless offenses as "violent felonies" would impose large sentencing enhancements on individuals (for example, reckless drivers) far afield from the "armed career criminals" ACCA addresses—the kind of offenders who, when armed, could well "use [the] gun deliberately to harm a victim."

*Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) (citation omitted).

Justice Thomas, concurring, reached the same conclusion for different reasons. In his view, "a crime that can be committed through mere recklessness does not have as an element the 'use of physical force' because that phrase 'has a well-understood meaning applying only to intentional acts designed to cause harm.'" 141 S. Ct. at 1835. He and the plurality thus agreed on their ultimate conclusion: a conviction cannot qualify as a "violent felony" unless it has a *mens rea* of more than recklessness.

As Justice Kagan observed, the force clause of the ACCA is "relevantly identical" to the language of the force clause contained in 18 U.S.C. § 16(a). *Borden*, 141 S. Ct. at 1824. That language in turn is completely identical to the language in § 924(c) (the provision at issue in this case). *See United States v. Olvera-Martinez*, No. 18-40338, 2021 WL 4166369 (5th Cir. Aug. 27, 2021) (parties agree *Borden* applies to "crime of violence" definition in § 16(a)); *see also United States v. Mejia-Quintanilla*, No. 17-15899, 2021 WL 4282628, at *1 (9th Cir. Sept. 21, 2021) (*Borden* governs question whether a conviction under California's murder statute is "crime of violence" under § 924(c)). Therefore, a conviction cannot qualify

8

categorically as a "crime of violence" under § 924(c) if it is possible to commit the predicate offense with recklessness or some less culpable *mens rea*. And, of necessity, the more-than-reckless *mens rea* must relate to the use of force element.

### B.    Section 2113(a) Is Indivisible.

When a statute is divisible, *i.e.*, when it includes alternative elements creating multiple versions of the crime, a court may use the modified categorical approach (by consulting a limited number of documents such as the charging document) to determine which of the various offenses was the offense of conviction. *See Descamps v. United States,* 570 U.S. 254, 260 (2013) (modified approach "helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction"). When, on the other hand, a statute is indivisible, *i.e.*, when it merely lists "multiple, alternative *means* of satisfying one (or more) of its elements," courts must use the categorical approach. *See Mathis*, 136 S. Ct. at 2248 (emphasis added). When a statute "enumerates various factual means of committing a single element," a court cannot inquire how the defendant committed the offense and rather must consider the least culpable conduct that can satisfy that element as a whole. *Id.* at 2249, 2255. *Mathis* contrasted elements (*i.e.*, "the things the prosecution must prove to sustain a conviction") with factual means (*i.e.*, "circumstances or events having no legal effect or consequences"). *Id.* at 2248

(internal quotation marks, alterations, and citations omitted). Alternative elements "define multiple crimes[,]" while alternative factual means are "alternative methods of committing [a] single crime." *Id*. at 2249-50.

Here, the relevant statutory language of § 2113(a) demonstrates that "force and violence," "intimidation," and "extortion" are three factual "means" of committing the single indivisible crime of bank robbery.[5]

The statute provides a single penalty for bank robbery that does not depend on whether the defendant used "force and violence," "intimidation," or "extortion." Thus, the terms do not create "two different offenses, one more serious than the other." *Mathis*, 136 S. Ct. at 2249; *id*. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."). Instead, each term defines an equally serious way of committing the offense. Section 2113(a)'s text also indicates that these three means are simply ways of completing an element.

---

[5] The federal bank robbery statute, 18 U.S.C. § 2113, provides in relevant part:

> **(a)** Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ...
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

10

*See id*. at 2250 (describing "means" as different ways of "fulfilling an element"). That is, "by force and violence," "by intimidation," and "by extortion" are all methods of wrongfully obtaining money from banks.

A jury may convict a person of § 2113(a) bank robbery even if jurors do not unanimously agree on *how* the person wrongfully obtained the money, whether (i) by force and violence inside the bank, (ii) by intimidation inside the bank, or (iii) by extortion from outside the bank. *See* H.R. Rep. No. 99-797, at § 51 (giving as an example of "extortionate conduct" the situation where "a perpetrator who, from a place outside the bank, threatens the family of a bank official in order to cause the bank official to remove money from the bank and deliver it to a specified location"). A person could make a demand for money while standing in front of a bank teller, or a person could call the bank teller and make the same demand; a jury need not unanimously decide which happened to convict, because the person's location is merely a factual circumstance. *Cf. Mathis*, 136 S. Ct. at 2250 ("Each of the terms serves as an alternative method of committing the single crime of burglary, so that a jury need not agree on which of the locations was actually involved.") (internal quotation marks, citations, and alteration omitted); *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015) ("[T]he jury can return a guilty verdict even if some jurors believe the defendant took property from the victim's person and other jurors believe the defendant took the property from the victim's immediate presence[] [or

11

if] some jurors believe the defendant used force and others believe the defendant used fear.").

Like the Iowa bank robbery statute at issue in *Mathis,* which "itemize[d] the various places that crime could occur as disjunctive factual scenarios rather than separate elements," so too does § 2113(a) itemize the various *ways* that crime could occur as disjunctive factual scenarios. *Mathis*, 136 S. Ct. at 2249. Therefore, under the categorical approach, a § 2113 conviction cannot qualify as a crime of violence if any of the "factual means of committing" it, even the least culpable, cannot do so.

### C.    Bank Robbery By Intimidation Cannot Serve As a Predicate § 924(c) Conviction Under *Borden.*

Mr. Agofsky was convicted in the Eighth Circuit. That Circuit's long-standing precedent establishes that bank robbery by intimidation does not necessarily require the purposeful or knowing use of force. Rather, it can be satisfied by a range of less intentional conduct.

In *United States v. Yockel*, 320 F.3d 818, 821 (8th Cir. 2003), the court upheld a conviction under § 2113(a) even though there was no evidence that Yockel intended to put the teller in fear of any type of injury. Yockel made no sort of physical movement toward the teller, never presented her with a note demanding money, and never displayed a weapon or appeared to have a weapon. *Id.* The court concluded that whether or not a person "intend[s] to intimidate the teller is irrelevant in determining his guilt … the intimidation element of § 2113(a) is satisfied …

12

*whether or not* [a person] actually intended the intimidation." *Id.* at 824 (emphasis in original) (internal quotations omitted). The court has reiterated that "whether the bank robber intended to intimidate is irrelevant"; the objective test for intimidation is satisfied if an ordinary person could infer a threat of bodily harm from a bank robber's speech or actions. *United States v. Pickar*, 616 F.3d 821, 824 (8th Cir. 2010); *accord United States v. Clark*, 695 F. App'x 999, 1000 (8th Cir. 2017) (citing and following *Pickar*); *United States v. Caldwell,* 292 F.3d 595, 596 (8th Cir. 2002) (reiterating that a person's conduct must "'constitute an intimidation to an ordinary, reasonable person'" (quoting *United States v. Smith*, 973 F.2d 603, 604 (8th Cir. 1992))).[6]

Despite this precedent, the Eighth Circuit held before *Borden* that the statutory language of § 2113, requiring commission of the crime by "force and violence, or by intimidation," satisfies the definition of "crime of violence" in § 924(c). For

---

[6] *See also United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Whether a particular act constitutes intimidation is viewed objectively ... and a defendant can be convicted under [federal bank robbery] even if he did not intend for an act to be intimidating." (internal citation omitted)); *United States v. Woodrop*, 86 F.3d 359, 364 (4th Cir. 1996) (intimidation element satisfied if ordinary person could infer threat of harm, regardless of whether defendant intended intimidation); *United States v. Robinson*, 527 F.2d 1170, 1172 (6th Cir. 1975) (intimidation found even though defendant made no express threat and gave no "hint" of weapon; rather defendant, who wore a leather jacket and acted "somewhat nervously," kept hands on the counter, visible to the teller, when he demanded money).

13

example, in 2016 the court issued companion decisions denying PFAs because "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016); *Allen v. United States*, 836 F.3d 894, 895 (8th Cir. 2016). The petitioners in these cases had been convicted of § 2113(a) and (e) and sentenced under § 924(c). The Eighth Circuit relied on *United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016), which held that the federal robbery statute (18 U.S.C. § 2111) satisfies the force clause under 18 U.S.C. § 924(c)(3)(A). *Holder,* 836 F.3d at 892; *Allen,* 836 F.3d at 895. The court reasoned that bank robbery must satisfy the force clause as well. *Holder,* 836 F.3d at 892, *Allen,* 836 F.3d at 895.

The Circuit has also held more specifically that, even though "intimidation" does not require intent, it can still constitute a threat of physical force. "[T]hreat, as commonly defined, 'speaks to what the statement conveys—not the mental state of the author.'" *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (quoting *United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017)); *Kidd v. United States*, 929 F.3d 578, 581 (7th Cir. 2019) (following *Estell*).

*Borden* abrogates these decisions, which discount the relevance of the actor's intent. Because intimidation can be committed recklessly—or without any intent whatsoever—*Borden* compels the conclusion that bank robbery by intimidation cannot serve as a predicate crime of violence for § 924(c).

14

**D.    Section 2113(a) Fails to Qualify As a "Crime of Violence" on Additional Grounds.**

Under the categorical approach, if bank robbery by intimidation cannot be a "crime of violence," then a § 2113(a) conviction cannot qualify as a predicate crime for a § 924(c) conviction. But even if bank robbery by intimidation does qualify, § 2113(a) fails to qualify for other reasons.

First, bank robbery by extortion, like bank robbery by intimidation, is one of the means of satisfying an element of § 2113(a). Bank robbery by extortion may be committed both without purpose or knowledge and by non-violent means that need not involve fear of physical force. *See United States v. Valdez*, 158 F.3d 1140, 1143 n.4 (10th Cir. 1998) ("an individual may be able to commit a bank robbery under the language of 18 U.S.C. § 2113(a) 'by extortion' without the threat of violence"). As the Supreme Court noted in *Johnson*, "[t]he act of making an extortionate demand … does not, in and of itself, normally cause physical injury. Rather, risk of injury arises because the extortionist might engage in violence *after* making his demand." 135 S. Ct. at 2557. Indeed, a person can commit extortion by putting another person in fear of financial or reputational loss. *See id.* at 2558 ("the typical extortionist" might "threaten his victim by mail with the revelation of embarrassing personal information" rather than threatening a victim with force); *Bouveng v. NYG Capital LLC*, 175 F. Supp. 3d 280, 320 (S.D.N.Y. Mar. 31, 2016) (extortion by wrongfully threatening to initiate lawsuit); *Azzara v. United States*, Nos. 1:10-cv-8104-CM, 02-

15

cr-1446-CM, 2011 WL 5025010, at *3 (S.D.N.Y. Oct. 20, 2011) (extortion by threatening to give sexually explicit videotapes to employer). A person can also commit extortion by holding a bank employee's family member for ransom without directly using or threatening force against the victims of the extortionate scheme. *See United States v. Carpenter*, 611 F.2d 113, 114 (5th Cir. 1980). As the Supreme Court recognized recently, holding a person for ransom need not involve any violence whatsoever. *See Torres v. Lynch*, 578 U.S. 452, 465-66 (2016) ("The 'crime of violence' provision [of 18 U.S.C. § 16] would not pick up demanding a ransom for kidnapping.").

Bank robbery by extortion does not contain "an element [necessarily involving] the use, attempted use, or threatened use of physical force[,]" 18 U.S.C. § 924(c)(3)(A), much less an element necessarily involving the *purposeful or knowing* use of force. *See Borden*, 141 S. Ct. at 1834 ("Offenses with a *mens rea* of recklessness do not require ... the active employment of force against another person") (Kagan, J.). Accordingly, the availability of an extortion theory disqualifies Mr. Agofsky's § 2113(a) conviction as a crime of violence under the categorical approach, even if the availability of an intimidation theory does not.

Finally, if, for the reasons above, § 2113(a) cannot qualify as a crime of violence under the "force" clause, the "residual" clause of § 924(c) will not alternatively support the finding. Section 924(c) defines a "crime of violence" as a

16

felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The Supreme Court has declared this clause void for vagueness. *See Davis*, 139 S. Ct. at 2326.

Under the categorical approach, therefore, § 2113(a) cannot serve as a predicate "crime of violence" because the "least culpable" of the "acts criminalized" do not entail the requisite purposeful or knowing use of force. *See Borden*, 141 S. Ct. at 1822.

## II. SECTIONS 2113(d) AND (e) CAN BE COMMITTED WITHOUT THE REQUISITE *MENS REA* AND DO NOT QUALIFY AS CRIMES OF VIOLENCE.

### A. Because § 2113(a) Is Not a Crime of Violence, the Sentence Enhancements Under § 2113(d) and (e) Cannot Qualify As Crimes Of Violence.

Neither § 2113(d) nor § 2113(e) can independently serve as a crime of violence to justify a conviction under § 924(c)(3)(A) because both sections require proof of a bank robbery under § 2113(a) or another section of § 2113.[7] Courts have

---

[7] Subsections (d) and (e) of § 2113 provide as follows:

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of

17

described § 2113(a) as a lesser included offense of § 2113 (d) and (e). *See United States v. Cobb*, 558 F.2d 486, 489 (8th Cir. 1977) ("In order to convict under s 2113(d), the jury must necessarily have found that each element of the s 2113(a) offense, which is a lesser included offense of the s 2113(d) violation, had been established."); *see also United States v. Pendegraph*, 791 F.2d 1462, 1466 (11th Cir. 1986) (referring to § 2113(a) as a lesser included offense of § 2113(d)); *United States v. Waters*, 461 F.2d 248, 252 (10th Cir. 1972) (same). Other courts have referred to these subsections as "sentencing enhancements" of bank robbery. *See, e.g., United States v. McDuffy,* 890 F.3d 796, 802 (9th Cir. 2018) ("[Section] 2113(e) is the functional equivalent of the felony-murder rule but in the form of a sentencing enhancement."); *United States v. Carr*, 761 F.3d 1068, 1078 n.2 (9th Cir. 2014) (referring to § 2113(e) as a "sentencing enhancement"); *United States v. Benson*, 918 F.2d 1, 3 (1st Cir. 1990) (referring to § 2113(d) as a "sentencing enhancement"); c*f. Allen*, 836 F.3d at 895 (determining that convictions under § 2113(a) and (e) are predicates for a "crime of violence" without separating the offenses or treating section (e) as a freestanding offense); *Holder*, 836 F.3d at 892 (same).

---

such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

Because § 2113(a) lacks the necessary *mens rea* and otherwise does not meet the definition of a crime of violence, § 2113(d) and (e), *a priori*, cannot qualify as crimes of violence under § 924(c)(3) unless they independently require the qualifying *mens rea*. As discussed below, however, they do not.

**B.    Neither § 2113(d) Nor § 2113(e) Requires the Requisite *Mens Rea* To Qualify As a Crime Of Violence.**

**1.    Section 2113(d) does not require any intent to threaten or use physical force.**

A person violates § 2113(d) when he or she "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." The government may prove either that the defendant assaulted another person by the use of a dangerous weapon or device, or that she or he put another person's life in jeopardy by the use of a dangerous weapon or device; it need not prove both. *See* 3 L. Sand et al., Modern Federal Jury Instructions–Criminal ¶ 53.01 (2021) (Sand).

This provision cannot constitute a crime of violence under *Borden* because a defendant may violate § 2113(d) without any intent to threaten or use physical force. *See Morrow v. United States*, 408 F.2d 1390, 1391 (8th Cir. 1969) (the test under § 2113(d) "is an objective one," with the only relevant inquiry being "whether [the victim's] life was put in danger by the use of a dangerous weapon" (internal quotations omitted)). A person can violate the provision merely by carrying a gun during a bank robbery because "he feels secure with it," even without any intent to

19

intimidate another. *United States v. Martinez-Jimenez*, 864 F.2d 664, 667 (9th Cir. 1989). Section 2113(d) requires no nexus between the weapon and the intimidation. A person convicted under that section "need not brandish" the weapon "in a threatening manner" or "make assaultive use of the device." *Id.*; *see also United States v. Bennett*, 675 F.2d 596, 599 (4th Cir. 1982) ("A weapon openly exhibited by a robber during a robbery" without more is sufficient to constitute a violation under § 2113(d)). Therefore, armed bank robbery under § 2113(d) fails to satisfy the necessary intentional *mens rea* under the force clause.

    **2.**    **Section 2113(e) contains no *mens rea* requirement besides the state of mind required for the underlying offense of § 2113(a).**

The last subsection that served as a predicate in Count 3, 18 U.S.C. § 2113(e), requires that, in the course of committing a robbery or eluding punishment for the offense, the defendant either kill a person or force a person "to accompany him without the consent of such person." The offense contains no scienter requirement other than that required for the underlying bank robbery. *United States v. Jackson*, 736 F.3d 953, 958 (10th Cir. 2013). Thus, Courts of Appeals, including the Eighth Circuit, have repeatedly found that § 2113(e) does not require proof that the defendant intentionally or knowingly committed the act of killing or forced accompaniment criminalized by the statute. *See, e.g., Allen*, 247 F.3d at 782 ("Because the plain language of [18 U.S.C. § 2113(e)] says simply 'kills,' and not

20

'intentionally kills' or 'murders,' the settled principles of construction direct us to conclude that [Congress] did not intend to add an additional scienter requirement to the killing component of the crime." (quoting *United States v. Poindexter*, 44 F.3d 406, 409 (6th Cir. 1995))); *McDuffy,* 890 F.3d at 802 (holding that "Congress intended to omit a *mens rea* requirement" from § 2113(e) because it "makes no mention of a *mens rea* and even describes the killing in the passive voice"); *United States v. Vance*, 764 F.3d 667, 675 (7th Cir. 2014) ("[It is] irrelevant that Vance appears not to have intended to kill the teller in the second bank robbery. … It is reasonably clear that the language we quoted from [§ 2113(e)] dispenses with any requirement of proving intent to kill."); *United States v. Walker*, 919 F.2d 501, 502 (8th Cir. 1990) (upholding conviction for forced accompaniment under § 2113(e) where teller drove defendant from crime scene pursuant to an instruction from bank manager to "give a customer a ride" and evidence showed she felt "compelled" to do so, even though defendant "never exhibited the weapon to the teller" or "made any threatening gestures").

Furthermore, a number of circuits have held that § 2113(e) is the equivalent of a felony murder provision, and therefore, like felony murder, has no additional *mens rea* requirement besides the *mens rea* required for the underlying offense. *See, e.g., McDuffy*, 890 F.3d at 802 (holding that "the only *mens rea* required [for conviction under § 2113(e) is the *mens rea* necessary to commit the underlying bank

21

robbery"); *Vance*, 764 F.3d at 675 (noting that § 2113(e) "duplicates the felony murder rule"); *Allen*, 247 F.3d at 782 (determining that § 2113(e) "is like common law felony murder" and "does not require a finding of specific intent to kill").

Under *Borden*, because there is no additional *mens rea* requirement for § 2113(e), and because the underlying offense of § 2113(a) does not contain the requisite *mens rea*, § 2113(e) categorically fails to qualify as a "crime of violence."

In summary, none of the bank robbery predicates for Mr. Agofsky's § 924(c) conviction can categorically satisfy the definition of a "violent felony" announced in *Borden*, because each can be committed in a less culpable manner than the definition requires. He is therefore innocent of violating § 924(c).

## III.   SECTION 2255 IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF THE § 924(c) CONVICTION.

Mr. Agofsky could not have brought his *Borden* claim in a petition for authorization to file a successive motion under § 2255 because that statute provides no ground to bring a successive claim based on a new statutory rule. Nor could he have advanced the same argument successfully before *Borden*, in his earlier § 2255 motions, because Eighth Circuit precedent squarely foreclosed it. His only path to one fair opportunity to present the claim lies through 28 U.S.C. § 2241.

Under § 2255(e)'s "savings clause," a federal habeas petitioner may challenge the legality of his or her conviction and sentence through § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention," including the

22

sentence. 28 U.S.C. § 2255(e); *see also Brown v. Caraway*, 719 F.3d 583, 586–89 (7th Cir. 2013) (section 2241 is available to challenge habeas petitioner's sentence in addition to petitioner's conviction).

This Circuit's savings clause jurisprudence provides that § 2241 was designed "to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998), and that savings clause review is appropriate when there is "some kind of structural problem with section 2255" that prevents the prisoner from invoking its provisions. *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) ("*Webster-I*").

In *Davenport*, two petitioners (Davenport and Nichols) sought § 2241 review based on a new, retroactively applied rule of statutory law, announced by the Supreme Court, that could invalidate their convictions. *Davenport*, 147 F.3d at 609–11. In the case of Nichols, circuit precedent precluded him from raising this claim at the time of his initial § 2255 proceedings, and the Supreme Court's new, retroactive decision, as a new *statutory* rule, did not satisfy the requirements of § 2255(h). The Court of Appeals therefore held that he was entitled to review under § 2241. Denying him the opportunity to remedy imprisonment for a "non-existent offense" was possibly an "inadequacy of constitutional dimensions." *Id.* at 610–11.

23

The *Davenport* court explained that the petitioner could invoke § 2241 because the rule was both a new substantive rule and a previously unsettled rule:

> And true, there is a difference between being unable to challenge an error that the law recognized as such when one was tried and not being allowed to take advantage of a change in the law after one was convicted. That difference is fundamental to the Supreme Court's modern law of habeas corpus. See, e.g., *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). But *Bailey* did not *change* the law under which Nichols was convicted, as in cases where the Supreme Court overrules one of its previous statutory decisions; *Bailey* resolved an open question; so mere possessors convicted before *Bailey* of use really were convicted of a nonexistent crime, although this was not widely known at the time. On this basis, *Woodruff* and *Stanback* held that *Teague* does not prevent prisoners convicted before *Bailey* was decided from using that decision to attack their conviction collaterally, and the Supreme Court has now upheld our position. "[*Teague*] is inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress." *Bousley v. United States*, *supra*, 523 U.S. at ——, 118 S.Ct. at 1610.

147 F.3d at 611. The *Davenport* court applied three criteria in determining that Nichols could proceed under § 2241: his claim was statutory, not constitutional; he relied on a retroactive decision that he could not have invoked in his first § 2255 motion; and he had shown a fundamental defect in his conviction. 147 F.3d at 610–12. The court stressed that, on the one hand, circuit precedent was "firmly against" Nichols at the time of his initial motion, but on the other hand, the new retroactive decision did not overrule prior law but settled an open question. *Id*. at 610–11; *see also Brown*, 719 F.3d at 595 (section 2255 "inadequate or ineffective" to test claim because, before retroactive Supreme Court decision, "Circuit precedent foreclosed

24

the argument advanced today" that third degree arson was not a crime of violence under sentencing guidelines). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611; *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (section 2255 "inadequate or ineffective," not only because petitioner could not meet stringent gatekeeping requirements, but because intervening change in substantive law may have "negate[d]" conviction).

In contrast, in *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), the Court of Appeals for this Circuit applied *Davenport*'s three-part test to a claim for relief based on *Rosemond v. United States*, 572 U.S. 65 (2014), which held that a defendant must know that an accomplice was carrying a gun in order to be guilty as an accomplice under § 924(c). The court acknowledged that, as a new substantive rule, the *Rosemond* holding applied retroactively. *Montana*, 829 F.3d at 783. Nevertheless, because "there was an opening for the argument Mr. Montana now raises" under Circuit law at the time of his direct appeal and initial § 2255 motion, his claim foundered on *Davenport*'s second requirement.

Like the successful petitioner in *Davenport*, Shannon Agofsky stands convicted of a nonexistent crime. *Borden* settled an open question, holding that a

25

crime committed with anything less than purpose or knowledge is not a violent felony. 141 S. Ct. at 1821–22, 1825. That decision, as a new substantive rule determining the definition of the crime, applies retroactively. *See Bousley v. United States,* 523 U.S. 614, 620–21 (1998) (decision holding that a "substantive federal statute does not reach certain conduct" carries risk of convicting defendant of an "act that the law does not make criminal" and must apply retroactively in habeas review). *Borden* holds that § 924(e), a statute "relevantly identical" to the corresponding definition in § 924(c), does not reach conduct committed with reckless or lesser culpability.

Nevertheless, § 2255 is inadequate or ineffective as a vehicle for Mr. Agofsky to challenge his conviction under *Borden*. The claim neither invokes a new constitutional rule nor presents new evidence. *Davenport*, 147 F.3d at 610; *see* 28 U.S.C. § 2244(b)(2)(A), (B). If he had attempted to advance the claim in his earlier § 2255 proceedings, circuit precedent would have firmly foreclosed it. *Davenport*, 147 F.3d at 610; *see Kidd*, 929 F.3d at 582; *Estell*, 924 F.3d at 1293; *Harper*, 869 F.3d 624. Indeed, his diligent attempts to make similar *mens rea* arguments in earlier petitions for authorization, without the benefit of Supreme Court precedent to support them, failed. *See Webster-I,* 784 F.3d at 1140–42, 1146. A "structural problem" prevents him from raising the claim now because it is not a constitutional claim. *See Webster*, 784 F.3d at 1136.

26

Mr. Agofsky has a valid *Borden* claim and should receive one "reasonable opportunity to obtain a reliable judicial determination." *Davenport*, 147 F.3d at 609. Section 2255 could not and cannot give him that one fair shot. This Court should accordingly allow him § 2241 review and grant him relief.

## CONCLUSION

For the reasons above, this Court should allow Mr. Agofsky to proceed under 28 U.S.C. § 2241 and should grant him habeas relief from his conviction of 18 U.S.C. § 924(c).

Respectfully submitted,

/s/ Claudia Van Wyk

**Claudia Van Wyk**
Bar No. 95130 (PA)
**David Zuckerman**
Bar No. 42885 (PA)
Federal Community Defender Office,
Eastern District of Pennsylvania
The Curtis Center, Suite 545 West
Philadelphia, PA 19106
Telephone: (215) 928-0520
claudia_vanwyk@fd.org
david_zuckerman@fd.org

*Attorneys for Petitioner Shannon Agofsky*

Dated: February 9, 2022

27

# CERTIFICATE OF SERVICE

I, Claudia Van Wyk, hereby certify that on the date of filing, I caused a copy of this petition to be sent by First Class Mail, postage prepaid, to the following persons:

**Traci Lynne Kenner**
U.S. Attorney's Office
110 North College, Suite 700
Tyler, TX 75702

**Joseph Robert Batte**
U.S. Attorney's Office- Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701

**John Childress**
Acting United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204–3048

 /s/ Claudia Van Wyk
Claudia Van Wyk
*Counsel for Petitioner*

Dated: February 9, 2022