AO 245 S (Rev. 7/92) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

### District of Western Missouri

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>SHANNON WAYNE AGOFSKY | **JUDGMENT IN A CRIMINAL CASE**<br>**(For Offenses Committed On or After November 1, 1987)**<br>Case Number: 3:92CR05006-1 |

Waco  Carter
_____
Defendant's  Attorney

(Name of Defendant)

**FILED**
NOV 2 3 1992
R. F. CONNOR Clk.
U.S. DISTRICT COURT
WEST DISTRICT
OF MISSOURI

THE DEFENDANT:
[ ] pleaded guilty to count(s) _____
[ ] pleaded nolo contendere to count(s)_____
    which (was) (were) accepted by the court.
[X] was found guilty on count(s) S1,S2,S3 _____
    after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §371 | Conspiracy to commit armed bank robbery and to kill the bank president to avoid apprehension | 10/06/89 | S 1 |
| 18 USC §2113(a)(d)&(e) | Armed bank robbery and killing bank president to avoid apprehension | 10/06/89 | S 2 |
| 18 USC §924(c) | Use of a firearm during crime of violence | 10/06/89 | S 3 |

The defendant is sentenced as provided in pages 1 through 5 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
    and is discharged as to such count(s).
[X] Count(s) 1,2,3_____ (is)(are) dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 03/11/71

Defendant's Mailing Address:

MED  CENTER  FEDERAL  PRISONERS

SPRINGFIELD                    MO  65808

Defendant's Residence Address:

MED  CENTER  FEDERAL  PRISONERS

SPRINGFIELD                    MO  65808

11/23/92
_____
Date of Imposition of Judgment

_Russell G Clark_
Signature of Judicial Officer

Russell G. Clark
Senior Judge
Name & Title of Judicial Officer

11/23/92
_____
Date

000103

GOVERNMENT
EXHIBIT
3

ORIGINAL

D.O.C. # 257

AO 245 S (Rev. 7/92) Sheet 2 - Imprisonment

DEFENDANT: SHANNON WAYNE AGOFSKY
CASE NUMBER: 3:92CR05006 - 1

Judgment--Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of    life plus 60 months.

   60   months on Count(s): S1
       life   on Count(s): S2
   60   months on Count(s): S3

    Sentence imposed on Count S2 to run concurrently with sentence on Count S1.  Sentence imposed on Count S3 to run consecutive to sentence on Counts S1 & S2.  Sentence in this case to run consecutive to sentence defendant is now serving.

[ ] The court makes the following recommendations to the Bureau of Prisons:

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.
   [ ] at _____ am/pm on _____ .
   [ ] As notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
   Prisons
   [ ] before 2:00 p.m. on _____ .
   [ ] As notified by the United States Marshal.
   [ ] As notified by the probation office.

## RETURN

**I have executed this judgment as follows:**

_____
_____
_____
_____

**Defendant delivered on** _____ **to** _____ **at**

_____, **with a certified copy of this judgment.**

_____
UNITED STATES MARSHAL

By _____
       Deputy Marshal

000104

AO 245 S (Rev. 7/92) Sheet 3 - Supervised Release

DEFENDANT: SHANNON WAYNE AGOFSKY
CASE NUMBER: 3:92CR05006 - 1

Judgment--Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 60 months.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall not possess a firearm or destructive device. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the financial obligation portion of this Judgment. The defendant shall comply with the following additional conditions:

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

000105

AO 245 S (Rev. 7/92) Sheet 5 - Financial Obligations

DEFENDANT: SHANNON WAYNE AGOFSKY
CASE NUMBER: 3:92CR05006 - 1

Judgment--Page 4 of 5

## FINANCIAL OBLIGATIONS

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below:

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $ 50.00 | $ .00 | $ .00 |
| 2 | $ 50.00 | $ .00 | $ 71,562.25 |
| 3 | $ 50.00 | $ .00 | $ .00 |
| Totals: | $ 150.00 | $ .00 | $ 71,562.25 |

### FINE

The fine includes any costs of incarceration and/or supervision.
[ ]  The court has determined that the defendant does not have the ability to pay interest in full.
    It is ordered that:
    [ ] The interest requirement is waived.
    [ ] The interest requirement is modified as follows:

### RESTITUTION

Each restitution payment shall be divided proportionately among the payees named unless specified in the priority payment column below.  Restitution shall be paid to the following persons in the following amounts:

| Name of Payee | | Amount of Restitution | Priority Order of Payment |
|---------------|---|----------------------|---------------------------|
| KANSAS BANKERS SURETY COMPANY | $ | 69,062.25 | 0 |
| THE STATE BANK OF NOEL | $ | 2,500.00 | 0 |

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:  (1) assessment;  (2) restitution;  (3) fine principal; (4) fine costs;  (5) interest;  (6) penalties.

The total fine and other monetary penalties shall be paid as follows:
[X]  in full immediately.
[ ]  in full not later than _____ .
[ ]  in installments which the probation officer shall establish and may periodically modify provided that the entire financial penalty is paid no later than 5 years after release from incarceration, if incarceration is imposed.  If probation is imposed, not later than the expiration of probation.
[ ]  in monthly installments of $ _____ over a period of _____ months.  The probation officer may periodically modify the payment scheduled provided the penalty is paid in full accordance with the term specified above.  The first payment is due 30 days after the date of this judgment. The second and subsequent payments are due monthly thereafter.

All financial penalty payments are to be made to the Clerk of the Court,  except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All of the above payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

Unless otherwise ordered by the court, any financial penalty imposed by this order shall be due and payable during the period of incarceration, with any unpaid balance to be a condition of supervised release.  Any financial penalties collected while the defendant is incarcerated shall be reported by the Bureau of Prisons to the Clerk of the Court and the probation officer.  The probation officer shall notify the United States District Court, the Clerk of the Court, and the United States Attorney's Office of the payment and any modifications to that schedule.

000106