FILED
SEP 22 1992
R. F. CONNOR CLK.
U.S. DISTRICT COURT
WEST DISTRICT
OF MISSOURI

## INSTRUCTION NO. 1

Ladies and gentlemen:  I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I shall give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a criminal case, brought against the defendants by the United States Government.  The defendants are charged in three counts as follows: Count One charges the defendants with conspiracy to commit a robbery of a federally insured bank involving kidnapping and killing bank officer Dan Lee Short.  Count Two charges the defendants with aggravated bank robbery, that is a robbery of a federally insured bank in which a person was kidnapped and killed.  Count Three charges the defendants with using a firearm during and in relation to the aggravated bank robbery.  Those charges are set forth in what is called an indictment.  You should understand that an indictment is simply an accusation.  It is not evidence of anything.  The defendants have pleaded not guilty, and are presumed to be innocent unless and until proven guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendants are guilty or not guilty of the crimes charged.  From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common

GOVERNMENT
EXHIBIT
4

ORIGINAL

D.O.C. # 194

sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only these defendants, not anyone else, are on trial here, and that these defendants are on trial only for the crimes charged, not for anything else.

## INSTRUCTION NO. 2

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated -- that is, formally agreed to by the parties, and any facts that have been judicially noticed -- that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.  I shall list those things for you now:

1.    Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.    Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.    Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose. I shall tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct

evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## INSTRUCTION NO. ___3___

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

## INSTRUCTION NO. ___4___

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and the court reporter cannot read back lengthy testimony.  You must pay close attention to the testimony as it is given.

## INSTRUCTION NO. __5__

During the trial, it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## INSTRUCTION NO. 6

Finally, to insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it. If someone should try to talk to you about the case, please report it to me.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

Fifth, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all.  I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case you will know more about the matter than anyone will learn through the news media.

Sixth, do not do any research or make any investigation about the case on your own.

Seventh, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

## INSTRUCTION NO. _7_

The trial will proceed in the following manner:

First, the government attorney will make an opening statement. Next, the defendants' attorneys may, but do not have to, make opening statements. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendants may cross-examine. Following the government's case, the defendants may, but do not have to, present evidence, testify or call other witnesses. If defendants call witnesses, the government counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that, you will retire to deliberate on your verdict.

## INSTRUCTION NO. _8_

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during the trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. _9_

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant Joseph A. Agofsky in the same manner as you judge the testimony of any other witness.

INSTRUCTION NO. _10_

You have heard evidence that witnesses Frank Sanders, Gant Sanders, Wayne Boutain, Wayne Pennington, Dennis Long, Kenny Fitzpatrick, and William Lee were once convicted of crimes. You may use that evidence only to help you decide whether to believe the witnesses and how much weight to give their testimony.

## INSTRUCTION NO. _11_

You have heard evidence that Gant Sanders, Dennis Long, and Kenneth Fitzpatrick have arrangements under which they may receive a reduction in their sentences or other consideration for providing information to the government. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their information or testimony may have been influenced by their hopes of receiving a reduction in their sentences or other consideration is for you to determine.

## INSTRUCTION NO. 12

You have heard evidence that Gant Sanders and Kenneth Fitzpatrick have been paid by the government. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by such payments is for you to determine.

## INSTRUCTION NO. *13*

You have heard testimony that the defendant Joseph Anthony Agofsky made a statement to Kenneth Fitzpatrick. It is for you to decide:

First, whether the defendant Joseph Anthony Agofsky made the statement and,

Second, if so, how much weight you should give to it. In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made.

## INSTRUCTION NO. 14

You have heard testimony that the defendant, Shannon Wayne Agofsky, made statements to Gant Sanders and Wayne Pennington. It is for you to decide:

First, whether the defendant, Shannon Wayne Agofsky, make any of the statements and

Second, if so, how much weight you should give to them.

In making these two decisions you should consider all of the evidence, including the circumstances under which the statements may have been made.

## INSTRUCTION NO. 15

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all other evidence in the case.

## INSTRUCTION NO. 15-A

There is no burden upon a defendant to prove that he is innocent. Accordingly, the fact that defendant, Shannon Wayne Agofsky, did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

## INSTRUCTION NO. _16_

The indictment in this case charges the defendants with three different crimes.

Under Count One, the indictment charges that the defendants from on or about September 13, 1989, and continuing to on or about October 6, 1989, committed the crime of conspiracy to rob a federally insured bank.

Under Count Two, the indictment charges that the defendants on or about October 6, 1989, committed the crime of aggravated robbery of the State Bank of Noel.

Under Count Three, the indictment charges that the defendants on or about October 6, 1989, committed the crime of using a firearm during and in relation to the robbery of the State Bank of Noel.

Each defendant has pleaded not guilty to each of those charges.

As I told you at the beginning of trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, each defendant is presumed to be innocent. Thus each defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crime charged.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant.

## INSTRUCTION NO. __17__

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## INSTRUCTION NO. 18

The crime of Conspiracy as charged in Count One of the indictment, has four essential elements, which are:

One, on or before October 6, 1989, two or more persons reached an agreement or came to an understanding to force the president of the State Bank of Noel, Missouri, to accompany them to the bank and to admit them into the bank so that they could steal money therein and thereafter to kill the president Dan Lee Short in order to avoid apprehension;

Two, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

Three, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and,

Four, while the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more of the following acts:

1. On or about June 13, 1989, Joseph Anthony Agofsky did make inquiry of an officer and employee of The State Bank of Noel as to where bank president Dan Lee Short lived;

2. During September, 1989, Shannon Wayne Agofsky and Joseph Anthony Agofsky did attempt to obtain a floor plan or blueprint of The State Bank of Noel;

3. On or about October 1, 1989, Shannon Wayne Agofsky did take, from near a tree at his residence, a chain hoist set and did take from adjacent rental property of his mother a concrete cinder

block;

4.   During the early morning hours of October 6, 1989, Shannon Wayne Agofsky and Joseph Anthony Agofsky did travel to the home of Dan Lee Short in Benton County, Arkansas;

5.   During the early morning hours of October 6, 1989, Shannon Wayne Agofsky and Joseph Anthony Agofsky did take Dan Lee Short's Dodge pick up truck and use it in transporting Dan Lee Short from his home to The State Bank of Noel;

6.   During the early morning hours of October 6, 1992, Shannon Wayne Agofsky and Joseph Anthony Agofsky did force Dan Lee Short to admit them to The State Bank of Noel, from which they stole about $71,562.52;

7.   During the early morning hours of October 6, 1989, Dan Lee Short was taped by Shannon Wayne Agofsky onto a wooden chair, to which the chain hoist set and the concrete cinder block were added as weight;

8.   During the early morning hours of October 6, 1989, using their mother's 1978 Ford Van, Shannon Wayne Agofsky and Joseph Anthony Agofsky drove Dan Lee Short to the Cowskin Bridge in Delaware County, Oklahoma, and dropped him over the side of the bridge and into Grand Lake; and,

did so for the purpose of carrying out or carrying forward the agreement or understanding.

For you to find a defendant guilty of this crime, the government must prove all of these elements beyond a reasonable doubt as to that particular defendant; otherwise, you must find that particular defendant not guilty of this crime.

## INSTRUCTION NO. _19_

The government must prove that defendant reached an agreement or understanding with at least one other person.  It makes no difference whether that person is a defendant or named in the indictment.  You do not have to find that all of the persons charged were members of the conspiracy.

The "agreement or understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out.  Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding.  A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are.  Further it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding.  A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

In determining whether the alleged conspiracy existed you may

consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances and the conduct of the alleged participants. In determining whether the defendant became a member of the conspiracy you may consider only the acts and statements of that particular defendant.

## INSTRUCTION NO. _20_

Count One of the indictment charges the defendants Shannon Wayne Agofsky and Joseph Anthony Agofsky with the offense of conspiracy to commit the crime of aggravated bank robbery. Later in Instruction No. _24_, I will define the elements of aggravated bank robbery in relation to the charge that the defendants conspired to commit this offense. You may use those definitions in considering whether the defendant conspired to commit aggravated bank robbery, keeping in mind that the charges in Count One charge a conspiracy to commit aggravated bank robbery and not that aggravated bank robbery was committed.

# INSTRUCTION NO. _21_

It is not necessary that the act done in furtherance of the conspiracy be in itself unlawful. It may be perfectly innocent in itself.

It is not necessary that defendant have personally committed the act, known about it, or witnessed it. It makes no difference which of the conspirators did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

It is not necessary that the government prove, beyond a reasonable doubt, that more than one act was done in furtherance of the conspiracy. It is sufficient if the government proves beyond a reasonable doubt, <u>one</u> such act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which act was done.

## INSTRUCTION NO. 22

If you have found beyond a reasonable doubt that a conspiracy existed and that defendant was one of its members, then you may consider acts knowingly done and statements knowingly made by a defendant's co-conspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the defendant even though they were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant had joined the conspiracy, for a person who knowingly, voluntarily and intentionally joins an existing conspiracy is responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against any other defendant.

INSTRUCTION NO. _23_

You may consider evidence of the statement of a defendant made after the period of the conspiracy alleged on Count One, only in the case against that defendant, and not in the case against the other defendant. What that means is that you may consider evidence of statements of defendant Shannon Wayne Agofsky made after the period of the conspiracy in the case against him and for that purpose rely on it as much or as little as you think proper, but you may not consider or discuss these statements in any way when you are deciding if the government has proved, beyond a reasonable doubt, its case against the other defendant Joseph Anthony Agofsky

Similarly, this means that you may consider evidence of the statement of defendant Joseph Anthony Agofsky made after the period of the conspiracy in the case against him and for that purpose rely on it as much or as little as you think proper, but you may not consider or discuss that statement in any way when you are deciding if the government has proved, beyond a reasonable doubt, its case against the other defendant Shannon Wayne Agofsky.

## INSTRUCTION NO. 24

The crime of aggravated bank robbery, as charged in Count Two of the indictment, has five essential elements, which are:

One, the defendant took money from the presence of Dan Lee Short, while that money was in the care and custody of the State Bank of Noel;

Two, such taking was by force and violence;

Three, the deposits of the State Bank of Noel then were insured by the Federal Deposit Insurance Corporation;

Four, in so doing, the defendant forced Dan Lee Short, without his consent, to accompany the defendant from Benton County, Arkansas, to Noel, Missouri; and,

Five, in avoiding apprehension, the defendant forced Dan Lee Short, without his consent, to accompany the defendant from Noel, Missouri, into Delaware County, Oklahoma, and there killed Dan Lee Short.

For you to find a defendant guilty of the aggravated bank robbery, the government must prove all of these essential elements as to that defendant; otherwise, you must find that defendant not guilty of this crime.

## INSTRUCTION NO. 25

The crime of using a firearm during and in relation to a crime of violence, as charged in Count Three of the indictment has two essential elements, which are:

One, the defendant committed the crime of aggravated bank robbery; and,

Two, during and in relation to the commission of that crime, the defendant knowingly used a firearm.

The phrase "used a firearm" means having a firearm available to aid in the commission of the aggravated bank robbery.

For you to find a defendant guilty of the crime charged under Count Three, the government must prove all of these essential elements beyond a reasonable doubt as to that particular defendant; otherwise, you must find that particular defendant not guilty of this crime.

## INSTRUCTION NO. _26_

As to Counts Two and Three of the indictment, the guilt of each defendant may be established without proof that the accused personally did every act constituting the offense charged.

"Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal."

"Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

In other words, every person who willfully participates in the commission of a crime may be found to be guilty of that offense. Participation is willful if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

## INSTRUCTION NO. _27_

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict -- whether guilty or not guilty -- must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if a defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the clerk, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not

tell anyone -- including me -- how your votes stand numerically.

Fifth, each of your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions. Each verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdicts should be -- that is entirely for you to decide.

Finally, the verdict forms are simply the written notice of the decisions that you reach in this case. The forms read:

[READ FORM]

You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and advise the clerk that you are ready to return to the courtroom.