**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

Shannon Wayne Agofsky,

                Petitioner,

      v.

T.J. Watson, Warden**,**

                Respondent.

No. 2:22-cv-00049-JRS-DLP

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
PETITION UNDER 28 U.S.C. § 2241**

The United States respectfully requests that this Court deny Shannon Agofsky's petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition fails because federal bank robbery under 18 U.S.C. § 2113(a) categorically requires the use, attempted use, or threatened use of force and therefore qualifies as a crime of violence under 18 U.S.C. § 924(c). Because § 2113(a) requires a mens rea of knowledge, *Carter v. United States*, 530 U.S. 255, 268-70 (2000), the Supreme Court's decision in *Borden v. United States*, 593 U.S. —, 141 S.Ct. 1817 (2021), changes nothing.

# Table of Contents

**Page**

Table of Contents.............................................................................................................. i

Table of Authorities......................................................................................................... ii

I.    Background............................................................................................................. 1

II.   Discussion.............................................................................................................. 3

        A.    The saving clause of § 2255(e). ................................................................. 4

        B.    Federal bank robbery under § 2113(a) categorically requires the use, attempted use, or threatened use of force. ................................................ 6

                1.    Section 2113(a) is at least divisible between robbery and extortion. ....................................................................................... 8

                2.    Robbery under § 2113(a) requires at least knowledge of the actus reus, and so requires the use, attempted use, or threatened use of force against another. ............................................ 9

        C.    Forced accompaniment under § 2113(e) also requires the use, attempted use, or threatened use of force. ................................................ 15

        D.    Alternatively, this Court may decline review because any error is harmless. ................................................................................................... 17

III.  Conclusion............................................................................................................ 18

## Table of Authorities

**Page(s)**

## Cases

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) ................................................................... 16

*Borden v. United States*, 593 U.S. —, 141 S.Ct. 1817 (2021) ................................... 1, 3, 10

*Carter v. United States*, 530 U.S. 255 (2000) ............................................. 1, 4, 11, 12, 14

*Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019) ......................................................... 4, 5, 7

*Davis v. United States*, 588 U.S. —, 139 S.Ct. 2319 (2019) ............................................. 3

*Estell v. United States*, 924 F.3d 1291 (8th Cir. 2019) ...................................... 5, 10, 11, 12

*Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007) ........................................................... 7, 8

*Guenther v. Marske*, 997 F.3d 735 (7th Cir. 2021) ........................................................... 6, 7

*Haynes v. United States*, 936 F.3d 683 (7th Cir. 2019) ...................................................... 7, 9

*Hunter v. United States*, 873 F.3d 388 (1st Cir. 2017) ........................................................ 9

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998) .................................................................. 4, 5

*In re Sams*, 830 F.3d 1234 (11th Cir. 2016) ....................................................................... 10

*Johnson v. United States*, 576 U.S. 591 (2015) .................................................................... 3

*King v. United States*, 965 F.3d 60 (1st Cir. 2020) .................................................... 8, 9, 16

*Mathis v. United States*, 579 U.S. 500, 136 S.Ct.  (2016) .................................................. 16

*McCarthan v. Dir. of Goodwill Indus.-Suncast, Inc.*, 851 F.3d 1076
    (11th Cir. 2017) ................................................................................................................ 5

*Moncrieffe v. Holder*, 569 U.S. 184 (2013) ......................................................................... 7

*Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) .............................................................. 5

*Purkey v. United States*, 964 F.3d 603 (7th Cir. 2020) ........................................................ 4

*Ruiz v. United States*, 990 F.3d 1025 (7th Cir. 2021)........................................................ 17

*United States v. Agofsky*, 20 F.3d 866 (8th Cir. 1994) ................................................... 1, 2

*United States v. Agofsky*, 458 F.3d 369 (5th Cir. 2006) ...................................................... 2

*United States v. Agofsky*, 516 F.3d 280 (5th Cir. 2008) ...................................................... 2

*United States v. Allen*, 247 F.3d 741 (8th Cir. 2001) ........................................................ 16

*United States v. Armour*, 840 F.3d 904 (7th Cir. 2016) ..................................................... 10

*United States v. Armstrong*, No. 21-11252, 2021 WL 5919822
    (11th Cir. Dec. 15, 2021)................................................................................ 14

*United States v. Brewer*, 848 F.3d 711 (5th Cir. 2017)..................................................... 10

*United States v. Byrd*, 834 F.2d 145 (8th Cir. 1987) ........................................................... 6

*United States v. Carr*, 946 F.3d 598 (D.C. Cir. 2020) ....................................... 4, 10, 11, 13

*United States v. Deiter*, 890 F.3d 1203 (10th Cir. 2018) .................................................. 11

*United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015)....................................................... 9

*United States v. Durham*, 645 F.3d 883 (7th Cir. 2011) ................................................... 11

*United States v. Evans*, 924 F.3d 21 (2d Cir. 2019) ............................................................ 8

*United States v. Harper*, 869 F.3d 624 (8th Cir. 2017)....................................................... 5

*United States v. Hendricks*, 921 F.3d 320 (2d Cir. 2019) ............................................. 9, 11

*United States v. Horsting*, 678 Fed.Appx. 947 (11th Cir. 2017)................................. 13, 14

*United States v. Jackson*, 736 F.3d 953 (10th Cir. 2013)............................................ 14, 17

*United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018) ...................................................... 9

*United States v. Johnston*, 543 F.2d 55 (8th Cir. 1976) ...................................................... 6

*United States v. Kelley*, 412 F.3d 1240 (11th Cir. 2005) ................................................. 13

*United States v. Maxwell*, 823 F.3d 1057 (7th Cir. 2016) ................................................. 8

*United States v. McBride*, 826 F.3d 293 (6th Cir. 2016) ............................................ 10, 11

*United States v. McCranie*, 889 F.3d 677 (10th Cir. 2018) ............................................. 10

*United States v. McDuffy*, 890 F.3d 796 (9th Cir. 2018) ............................................ 14, 16

*United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) ................................... 9, 11, 13, 14

*United States v. Moore*, No. 21-5056, 2021 WL 4955465 (10th Cir. Oct. 26, 2021) ....... 15

*United States v. Pickar*, 616 F.3d 821 (8th Cir. 2010) ............................................... 12, 13

*United States v. Strobehn*, 421 F.3d 1017 (9th Cir. 2005) .............................................. 16

*United States v. Vance*, 764 F.3d 667 (7th Cir. 2014) ..................................................... 16

*United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) .................................... 8, 9, 10, 11

*United States v. Williams*, 864 F.3d 826 (7th Cir. 2017) ..................................... 7, 10, 11

*United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018) ....................................................... 11

*United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996) .................................................. 13

*United States v. Wright*, 957 F.2d 520 (8th Cir. 1992) ...................................................... 5

*United States v. Yockel*, 320 F.3d 818 (8th Cir. 2003) .................................................... 12

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) ........................................................... 6

## Statutes

18 U.S.C. § 371 ................................................................................................................... 1

18 U.S.C. § 924(c) ..................................................................................................... 1, 3, 6, 7

18 U.S.C. § 924(e) ........................................................................................................ 3, 7, 10

18 U.S.C. § 1111 ................................................................................................................... 2

18 U.S.C. § 1118 ................................................................................................................ 2

18 U.S.C. § 2113(a) ............................................................................. 1, 8, 15, 16

18 U.S.C. § 2113(e) ...................................................................................... 15

28 U.S.C. § 2241 ........................................................................................... 1

28 U.S.C. § 2255 ................................................................................... 2, 4, 6

Violent Crime Control and Law Enforcement Act of 1994, P.L. 103-322,
    108 Stat. 1796 ...................................................................................... 16

## I. Background

In October 1989, Shannon Agofsky ("Agofsky") and his brother Joseph robbed a bank in rural southwest Missouri. *United States v. Agofsky*, 20 F.3d 866, 868 (8th Cir. 1994). A bank employee found that the bank had been robbed overnight: there were bullet casings, vault keys in the vault door, and spray paint on the camera. *Id.* at 868-69. The bank president and around $71,000 were missing. *Id.* at 869. Investigators later found the president's body floating in a lake attached to a chair, a concrete block, and a chain hoist. *Id.* The duct tape that bound the president to the chair bore Agofsky's fingerprints. *Id.* Agofsky told a fellow inmate how he had used a gun to kidnap the president and rob the bank. *Id.* He had eight rolls of nickels at his arrest. *Id.*

On September 22, 1992, a jury in the Western District of Missouri convicted Agofsky and his brother of conspiracy to rob a federally insured bank, in violation of 18 U.S.C. § 371 (Count One); aggravated armed robbery of a federally insured bank, in violation of 18 U.S.C. § 2113(a), (d), (e) (Count Two); and use of a firearm during and in relation to aggravated bank robbery, a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three). Verdict Form, ECF No. 10-2 at 1-2.[1]

On November 23, 1992, the district court sentenced Agofsky to 60 months' imprisonment on Count One to run concurrently with a life sentence of imprisonment on Count Two. Judgment, ECF. No. 10-3 at 1-2. The court imposed a consecutive sentence of

---

[1]The Government has filed an appendix of exhibits (ECF No. 10) containing the superseding indictment (ECF No. 10-1), the verdict form (ECF No. 10-2), the judgment (ECF No. 10-3), and the jury instructions given (ECF No. 10-4) from Agofsky's underlying criminal case in the Western District of Missouri, No. 3:92-cr-05006.

60 months on Count Three. *Id.* On April 1, 1994, the Eighth Circuit affirmed. *Agofsky*, 20 F.3d at 874, *cert. denied*, 513 U.S. 949 (1994).

On April 23, 1997, Agofsky filed a motion under 28 U.S.C. § 2255. Motion, *United States v. Agofsky*, No. 3:92-cr-05006, ECF No. 290 (W.D. Mo. Apr. 23, 1997). The district court denied the motion and then denied his request for a certificate of appealability. *Agofsky*, No. 3:92-cr-05006, ECF No. 298 (W.D. Mo. June 19, 1997), ECF No. 307 (July 14, 1997). The Eighth Circuit denied an application for a certificate of appealability. *Agofsky v. United States*, No. 97-2923 (8th Cir. Dec. 22, 1997).

Agofsky subsequently murdered a federal inmate by striking him to the floor and then repeatedly stomping his head and neck into the concrete. *United States v. Agofsky*, 458 F.3d 369, 371 (5th Cir. 2006). A district court in the Eastern District of Texas convicted him of murdering a federal prisoner, in violation of 18 U.S.C. §§ 1118, 1111 (Count One); and first-degree federal murder, in violation of 18 U.S.C. § 1111 (Count Two); and imposed two sentences of death. *Id.*[2] The Fifth Circuit vacated the sentences on double jeopardy grounds, the Government elected to proceed on the federal murder theory, and the Fifth Circuit affirmed the remaining capital sentence. *Id.* at 372-73; *United States v. Agofsky*, 516 F.3d 280, 282-83, 285 (5th Cir. 2008).

Agofsky has since unsuccessfully sought permission to file successive motions under § 2255 to challenge his Missouri convictions. In 2012, he sought to challenge his convictions on grounds that he had newly discovered evidence the he was innocent of

---

[2]The case number in the Eastern District of Texas is 1:03-cr-173-TH-WCR-1.

-2-

robbing the bank and murdering the bank president; the Eighth Circuit denied the petition. *Agofsky v. United States*, No. 12-1397 (8th Cir. June 5, 2013).

In 2016, Agofsky sought to rely on the Supreme Court's invalidation of the residual clause of 18 U.S.C. § 924(e) in *Johnson v. United States*, 576 U.S. 591 (2015), to challenge his conviction under § 924(c). Petition, *Agofsky v. United States*, No. 16-2185 (8th Cir. May 11, 2016). He argued that federal bank robbery does not qualify as a crime of violence under § 924(c)'s force clause because it need not be committed intentionally. *Id.* at 13-16. The Eighth Circuit denied the petition. *Agofsky v. United States*, No. 16-2185 (8th Cir. Oct. 11, 2016).

In 2020, Agofsky sought to rely on the Supreme Court's invalidation of the residual clause of 18 U.S.C. § 924(c) in *Davis v. United States*, 588 U.S. —, 139 S.Ct. 2319 (2019), to challenge his conviction under § 924(c). Motion, *Agofsky v. United States*, No. 20-2030 (8th Cir. May 22, 2020). He argued that federal bank robbery does not qualify as a crime of violence under § 924(c)'s force clause because it need not be committed intentionally or knowingly. *Id.* at 18-23. The Eighth Circuit denied the motion. *Agofsky v. United States*, No. 20-2030 (8th Cir. June 30, 2020).

Agofsky awaits execution of his capital sentence in USP Terre Haute. No execution date has been set.

## II.  Discussion

Agofsky now petitions this Court for a writ of habeas corpus on grounds that federal bank robbery cannot qualify as a crime of violence because it can be committed recklessly. *See generally Borden v. United States*, 593 U.S. —, 141 S.Ct. 1817 (2021). Agofsky's

petition fails because the Supreme Court has held that federal bank robbery under § 2113(a) requires that a defendant act with "knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation)." *Carter*, 530 U.S. at 268; *accord United States v. Carr*, 946 F.3d 598, 605 & n.7 (D.C. Cir. 2020) ("Our reading of the federal bank robbery statute, requiring the defendant to know his actions were objectively intimidating, accords with every court to have reached this issue.") (collecting cases). This Court should deny his petition.

### A.   *The saving clause of § 2255(e).*

"As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under [28 U.S.C.] § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). "If, however, § 2255 is 'inadequate or ineffective to test the legality of [the prisoner's] detention,' relief may be granted under [28 U.S.C.] § 2241, the general federal habeas corpus statute, in the district of incarceration." *Id.* (quoting 28 U.S.C. § 2255(e)).

The Seventh Circuit has established a three-part test to determine whether a petitioner satisfies the saving clause of § 2255(e). *Brown v. Krueger*, 25 F.4th 526, 528 (7th Cir. 2022).[3] First, the petitioner must rely on a statutory interpretation case. *Id.* Second, "the petitioner must establish that he was unable to raise his statutory claim when he filed his original § 2255 motion and that the statutory interpretation decision relied upon applies

---

[3]Although the Seventh Circuit has recognized other circumstances where § 2255 may be inadequate or ineffective, *see Purkey v. United States*, 964 F.3d 603, 611-14 (7th Cir. 2020), Agofsky relies only on the theory reflected in the test above, which follows from *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

retroactively." *Id.* "Finally, the legal error that would result from denying § 2241 relief must be 'grave enough to be deemed a miscarriage of justice.'" *Id.* (quoting *Chazen*, 938 F.3d at 856).[4]

The Government agrees that *Borden* applies retroactively to the force clause of § 924(c). Further, had Agofsky raised this claim at trial, appeal, or in his initial motion under § 2255, it would have failed. At that time, the Eighth Circuit had previously held that robbery by intimidation under § 2113(a) has as an element the use, attempted use, or threatened use of force. *United States v. Wright*, 957 F.2d 520, 521-22 (8th Cir. 1992) (considering question under Guidelines); *see United States v. Harper*, 869 F.3d 624, 626-27 (8th Cir. 2017) (finding *Wright* binding in Guidelines case); *Estell v. United States*, 924 F.3d 1291, 1292-933 (8th Cir. 2019) (finding that reasoning of *Harper* foreclosed argument that intimidation may be met through reckless or negligent conduct in § 924(c) case); *see also Chazen*, 938 F.3d at 862-63 (finding that Eighth Circuit holding that a state statute qualified as a violent felony under Guidelines foreclosed argument that it did not qualify under ACCA). The Eighth Circuit had also written that federal bank robbery did not require

---

[4]The Government's position is that a prisoner who has already unsuccessfully sought relief under § 2255 cannot establish his eligibility to file a habeas petition under the saving clause to assert a statutory challenge to his judgment on a ground that was cognizable in his initial § 2255 motion. Application of the saving cause in that circumstance would circumvent Congress's express limitations under § 2255(h) of second or successive motions to cases involving newly discovered evidence or new rules of constitutional law made retroactive on collateral review by the Supreme Court. *See Jones v. Hendrix*, 8 F.4th 683, 687 (8th Cir. 2021); *McCarthan v. Dir. of Goodwill Indus.-Suncast, Inc.*, 851 F.3d 1076, 1085-92 (11th Cir. 2017) (en banc); *Prost v. Anderson*, 636 F.3d 578, 584, 590 (10th Cir. 2011) (Gorsuch, J.); The Seventh Circuit has held otherwise, however, and the Government respectfully notes its disagreement in the event of further review.

specific intent, *United States v. Johnston*, 543 F.2d 55, 57-58 (8th Cir. 1976), but also that the crime "includes the element of willfulness." *United States v. Byrd*, 834 F.2d 145, 147 (8th Cir. 1987).[5]

But Agofsky's petition fails because the Eighth Circuit correctly concluded that § 2113(a) categorically involves the use, attempted use, or threatened use of force, and nothing about *Borden* changes that conclusion. *See Brown*, 25 F.4th at 528 (noting that because a miscarriage of justice occurs when a defendant erroneously receives an ACCA sentence, the question of whether a miscarriage of justice would result "boils down to a single merits determination"); *Guenther v. Marske*, 997 F.3d 735, 737-38 (7th Cir. 2021) (noting that the question of whether a petitioner's ACCA-enhanced sentence amounts to a miscarriage of justice "folds into the merits" of whether the convictions are ACCA predicates). Bank robbery is a crime of violence now, just as it was before *Borden*, and just as it was at the time of Agofsky's trial and initial motion under § 2255. This Court should deny Agofsky's petition.

**B.      *Federal bank robbery under § 2113(a) categorically requires the use, attempted use, or threatened use of force.***

Agofsky cannot show that his § 924(c) conviction is a miscarriage of justice because he cannot show, even under *Borden*, that federal bank robbery does not qualify as a

---

[5]Agofsky asserts that if he had raised this claim earlier it would have failed, but he only cites Eighth Circuit cases decided long after the time to file an initial motion under § 2255 had passed. *See* Petition, ECF No. 1 at 28. The relevant case is *Wright*, decided before Agofsky's trial. That the Eighth Circuit later denied his requests to file a second or successive motion raising this claim is irrelevant. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc).

§ 924(c) crime of violence. The Seventh Circuit has not yet resolved whether to apply the law of the circuit of conviction or the law of the circuit of confinement to this question. *See Brown*, 25 F.4th at 527; *Guenther*, 997 F.3d at 742-73; *Chazen*, 938 F.3d at 864-65 (Barrett, J., concurring). Here, it does not matter, because the Supreme Court has held that bank robbery under § 2113(a) requires knowledge.

Section 924(c) prohibits the use or carrying of a firearm during and in relation to any crime of violence and provides for a mandatory consecutive sentence of at least 60 months. *See* 18 U.S.C. § 924(c). A "crime of violence" means a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3). "To determine if an offense is a crime of violence under the elements clause, § 924(c)(3), we focus of course on the statutory elements of the offense, not the actual facts underlying the particular defendant's crime." *United States v. Williams*, 864 F.3d 826, 828 (7th Cir. 2017). "When dealing with a divisible statute that provides for multiple crimes, a court must determine what crime, with what elements a defendant was really convicted of before deciding whether it counts as a predicate for § 924(c) or similar purposes." *Haynes v. United States*, 936 F.3d 683, 687 (7th Cir. 2019) (quotation omitted).

The categorical approach "is not an invitation to apply 'legal imagination'" to the potential predicate offense; "there must be 'a realistic probability, not a theoretical possibility'" that the statute would be applied to conduct that falls outside the generic definition of a crime. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). "To show that realistic probability, an

offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193; *see United States v. Maxwell*, 823 F.3d 1057, 1062 (7th Cir. 2016) (applying realistic probability test).

 1.    *Section 2113(a) is at least divisible between robbery and extortion.*

At the time Agofsky committed his crime, § 2113(a) provided, in relevant part: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or other thing of value" from a bank shall be punished. 18 U.S.C. § 2113(a) (1988). Agofsky asserts that "by force and violence," "by intimidation," and "extortion" are means rather than elements, Petition, ECF No. 1 at 10, but the courts to have considered this argument have concluded that § 2113(a) is at least divisible between a robbery offense (taking "by force and violence, or by intimidation"), and an extortion offense (obtaining by "extortion"). *King v. United States*, 965 F.3d 60, 68-69 (1st Cir. 2020); *United States v. Evans*, 924 F.3d 21, 28 (2d Cir. 2019); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018).[6]

Section 2113(a) distinguishes between the two offenses with its verbs: the verb "take" introduces the offense of robbery "by force and violence, or by intimidation" and the verb "obtain" introduces extortion. *See King*, 965 F.3d at 68. "By distinguishing

---

 [6]Agofsky does not argue that the two paragraphs of § 2113(a) describe means, rather than elements, but if he had he would be incorrect. *King*, 965 F.3d at 70.

between "take" and "obtain," the syntax of the first paragraph of § 2113 tracks the common law differences between the offenses of robbery (a taking against the victim's will) and extortion (obtaining with the victim's consent)." *Id.* (quotation omitted). *King* also explains how the legislative history shows Congress's intent to distinguish between bank robbery and bank extortion. 965 F.3d at 69.

Agofsky cites *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015), but that case considered a state robbery statute, not federal bank robbery under § 2113(a). Moreover, the Ninth Circuit concluded that § 2113(a) is divisible between a robbery offense and an extortion offense. *Watson*, 881 F.3d at 786.

Because § 2113(a) contains at least two distinct offenses, this Court may consider Agofsky's jury instructions to determine his offense of conviction. *Haynes*, 936 F.3d at 687. The district court at Agofsky's trial instructed the jury that the taking must be "by force and violence." Jury Instruction No. 24, ECF No. 10-4 at 30. For that reason, this Court need not consider whether a defendant who violates § 2113(a) by extortion has committed a crime of violence.

> 2. *Robbery under § 2113(a) requires at least knowledge of the actus reus, and so requires the use, attempted use, or threatened use of force against another.*

Every court of appeals with criminal jurisdiction has concluded that the federal offenses of bank robbery or armed bank robbery qualify as crimes of violence under § 924(c)(3)(A) and similar provisions. *See, e.g.*, *Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017); *United States v. Hendricks*, 921 F.3d 320, 327-28 (2d Cir. 2019); *United States v. Johnson*, 899 F.3d 191, 203-04 (3d Cir. 2018); *United States v. McNeal*, 818 F.3d

141, 152-53 (4th Cir. 2016); *United States v. Brewer*, 848 F.3d 711, 715-16 (5th Cir. 2017); *United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016); *United States v. Williams*, 864 F.3d 826, 829-30 (7th Cir. 2017); *Estell*, 924 F.3d at 1292-93; *United States v. Watson*, 881 F.3d 782, 785-86 (9th Cir. 2018) (per curiam); *United States v. McCranie*, 889 F.3d 677, 680-81 (10th Cir. 2018); *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016); *United States v. Carr*, 946 F.3d 598, 601-07 (D.C. Cir. 2020).

Courts have rejected the claim that § 2113(a) is categorically overbroad because it punishes robbery "by intimidation." The Seventh Circuit wrote that "'[i]ntimidation means the threat of force' and exists 'when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force.'" *Williams*, 864 F.3d at 828 (quoting *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016)). Likewise, the Eighth Circuit wrote that "if the government establishes that a defendant committed bank robbery by intimidation, it follows that the defendant threatened a use of force causing bodily harm." *Estell*, 924 F.3d at 1293. Other courts are in accord. *E.g.*, *Carr*, 946 F.3d at 601 ("The least culpable conduct covered by the statute—bank robbery 'by intimidation'—categorically involves a threat of physical force.").

*Borden v. United States*, 593 U.S. —, 141 S.Ct. 1817, does not change this analysis. In *Borden*, the Supreme Court concluded that an offense that may be committed recklessly lacks a mens rea element sufficient to satisfy the force clause of 18 U.S.C. § 924(e). *Id.* at 1825 (plurality); *id.* at 1835 (Thomas, J., concurring in the judgment).

-10-

*Borden* does not affect Agofsky's conviction because federal bank robbery under § 2113(a) cannot be committed recklessly. Instead, the Supreme Court has held that § 2113(a) "requir[es] proof of *general intent*—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation.)" *Carter*, 530 U.S. at 268. Relying on *Carter*, other courts have also concluded that § 2113(a) requires "the defendant to know his actions were objectively intimidating." *Carr*, 946 F.3d at 605-07 & n.7; *accord Hendricks*, 921 F.3d at 328 ("In short, *knowledge*, not merely negligence, is required."); *United States v. Deiter*, 890 F.3d 1203, 1213 (10th Cir. 2018); *Watson*, 881 F.3d at 785; *United States v. Wilson*, 880 F.3d 80, 87 (3d Cir. 2018); *McNeal*, 818 F.3d at 155; *McBride*, 826 F.3d at 296.

Apparently concluding that Eighth Circuit law applies, Agofsky does not grapple with Seventh Circuit decisions that recognize that bank robbery under § 2113(a) requires at least knowledge. *See United States v. Durham*, 645 F.3d 883, 891 n.1 (7th Cir. 2011) (recognizing that "it is well established that bank robbery under § 2113(a) is a general intent crime, not a specific intent crime" and that general intent concerns "whether they 'possessed knowledge with respect to the *actus reus* of the crime.'" (quoting *Carter*, 530 U.S. at 268)); *Williams*, 864 F.3d at 829-30 ("It is true that bank robbery is a general intent crime, meaning that the robber's actions giving rise to the intimidation must have been intentional. . . . Simply put, theft of money from a bank by means of intimidation is not negligent or accidental behavior. . . . Bank robbery is caused by intentional acts, not by negligence or accidental conduct.").

-11-

The Eighth Circuit has also rejected the claim that bank robbery under § 2113(a) can be committed negligently or recklessly. *Estell*, 924 F.3d at 1293. Indeed, the primary case upon which Agofsky relies, *United States v. Yockel*, quotes *Carter*'s holding that § 2113(a) "requires only proof of '*general intent*—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation.'" 320 F.3d 818, 823-24 (8th Cir. 2003) (quoting *Carter*, 530 U.S. at 268).

It is true that *Yockel* also states that "the *mens rea* element of bank robbery did not apply to the element of intimidation," *id.* at 824, but this statement must be read in light of what *Yockel* actually held and what *Yockel* said about *Carter*. *Yockel* held that the Government did not need to prove that the defendant intended to intimidate and that evidence of his mental condition would be irrelevant as "intent is not an issue in bank robbery, a general intent crime." *Id.* at 823-24, 826-27; *see also United States v. Pickar*, 616 F.3d 821, 825 (8th Cir. 2010) (following *Yockel*). *Yockel* recognized that a defendant must know that he is taking money by force or intimidation by quoting *Carter* and acknowledging that certain evidence might have been probative of the defendant's knowledge. 320 F.3d at 823, 827. The Eighth Circuit later made this clear by rejecting the argument that § 2113(a) can be committed recklessly or negligently. *Estell*, 924 F.3d at 1293.

*Yockel* and *Carter* can be read together this way: *Carter* requires the Government to prove that a defendant knew that he was taking the property of another by force and violence or intimidation, but *Yockel* requires an appellate court to measure intimidation by

-12-

what a reasonable person would feel, rather than by what the defendant intended or the victim felt. Along these lines, the Eighth Circuit relied on *Yockel* to approve jury instructions which stated, in part, that "the government must simply prove, beyond a reasonable doubt, that the defendant intended to do or say what he in fact did or said, and that the defendant's words or actions were of a kind that would make an ordinary person fear bodily harm." *Pickar*, 616 F.3d at 826.

Similarly, *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005), and *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996), merely hold that a defendant need not specifically intend to intimidate; they do not purport to hold that a defendant may intimidate recklessly or negligently. *See Carr*, 946 F.3d at 606 (rejecting a defendant's reliance on *Kelley* and *Woodrup* on these grounds); *McNeal*, 818 F.3d at 155 (rejecting a defendant's reliance on *Woodrup* on these grounds); *United States v. Horsting*, 678 Fed.Appx. 947, 950 (11th Cir. 2017) (unpublished per curiam) (relying on *Carter* to reject argument based on *Kelley*).

In other words, "[w]hile the actus reus is judged in objective terms (whether an ordinary person would find the conduct intimidating), the mens rea is defined in subjective terms (whether the defendant had knowledge that an ordinary person would view his conduct as intimidating)." *Carr*, 946 F.3d at 606. "This objective standard does not conflict with the Supreme Court's requirement of knowledge concerning the actus reus of unarmed bank robbery." *Horsting*, 678 Fed.Appx. at 950. "That we assess 'by intimidation' from the standpoint of a reasonable person in the victim's position does not mean the intimidating defendant has not knowingly 'threatened use of physical force against the

-13-

person of another.'" *Id.* "Rather, our approach simply measures the defendant's knowledge objectively, taking into account the circumstances surrounding his actions." *Id.* "Notably, we still require, for purposes of § 2113(a), the government to prove that the accused knowingly took the property and that he knew his actions were objectively intimidating." *Id.*

Moreover, several of the cases Agofsky cites hold that federal bank robbery requires a mens rea of knowledge. Agofsky cites *United States v. Jackson*, 736 F.3d 953, 958 (10th Cir. 2013), and *United States v. McDuffy*, 890 F.3d 796, 802 (9th Cir. 2018), for the proposition that § 2113(e) does not require a specific mens rea other than that required for the underlying robbery. Petition, ECF No. 1 at 22-23. But *Jackson* also held that "the scienter requirement comes from 'knowingly' committing the underlying bank robbery." 736 F.3d at 958. And *McDuffy* followed *Carter* to hold that "the government must prove the defendant acted with 'general intent—i.e., proof of knowledge with respect to the actus reus'—of generic bank robbery." 890 F.3d at 799 (quoting *Carter*, 530 U.S. at 269). "Put differently, the prosecution must show that the defendant knew the facts that ma[de] his conduct fit the definition of the offense." *Id.* (quoting *McNeal*, 818 F.3d at 155).

Agofsky argues that "*Borden* compels the conclusion that bank robbery by intimidation cannot serve as a predicate crime of violence for § 924(c)" Petition, ECF No. 1 at 16, but nothing in *Borden* purports to overrule *Carter* and nothing in *Borden* suggests that a mens rea of knowledge is insufficient. It is not surprising, then, that courts have continued to find that robbery by force and violence or intimidation satisfies the force clause after *Borden* even as they do not address the case. *See United States v. Caldwell*, 7

-14-

F.4th 191, 212 (4th Cir. 2021); *United States v. Armstrong*, No. 21-11252, 2021 WL 5919822, at *2 (11th Cir. Dec. 15, 2021) (unpublished per curiam); *United States v. Moore*, No. 21-5056, 2021 WL 4955465, at *1 (10th Cir. Oct. 26, 2021) (unpublished) ("The district court's conclusion that armed bank robbery is a crime of violence is not reasonably debatable.") (denying certificate of appealability).

Furthermore, to the extent § 2113(a) could be viewed as ambiguous, Agofsky fails to show a realistic probability that it would be applied as he suggests because he fails to point to any case where a defendant who recklessly robbed a bank faced a § 2113(a) conviction. Because § 2113(a) categorically requires a mens rea of knowledge, it categorically requires the use, attempted use, or threatened use of force, and Agofsky's conviction under § 924(c) must stand.

## C.     *Forced accompaniment under § 2113(e) also requires the use, attempted use, or threatened use of force.*

Agofsky was also convicted of forcing the bank president to accompany him under 18 U.S.C. § 2113(e). A conviction under that section also requires the use, attempted use, or threatened use of force.

At the time of Agofsky's offense, § 2113(e) said: "Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct." 18 U.S.C. § 2113(e) (1988).

This statute is divisible because it defines two offenses: killing and forced accompaniment. That the statute is divisible is evident from the fact that it uses two different verbs to describe two different acts with two different common law analogues. *See King*, 965 F.3d at 68-69 (finding § 2113(a) divisible on similar reasoning). It is no surprise, then, that the Ninth Circuit has described the elements of forced accompaniment as that "(1) in the course of committing a bank robbery (2) [the defendant] forces a person (3) to accompany him (3) without that person's consent." *United States v. Strobehn*, 421 F.3d 1017, 1018 (9th Cir. 2005).[7] Because the statute is divisible, this Court may look to the jury instructions and see that Agofsky committed both offenses. Jury Instruction No. 24, ECF 10-4 at 30.

It is true that several courts have concluded that a defendant can violate § 2113(e) by killing even if the killing is accidental. *See McDuffy*, 890 F.3d at 801; *United States v. Vance*, 764 F.3d 667, 675 (7th Cir. 2014); *Jackson*, 736 F.3d at 957-58; *United States v. Allen*, 247 F.3d 741, 782-83 (8th Cir. 2001), *judgment vacated on other grounds*, 536 U.S.

_____

[7]Congress subsequently bolstered the view that killing and forced accompaniment are separate crimes by amending the statute to provide different punishments for the killing and forced accompaniment offenses. Violent Crime Control and Law Enforcement Act of 1994, P.L. 103-322, 108 Stat. 1796; *see United States v. Vance*, 764 F.3d 667, 675 (7th Cir. 2014) (interpreting the statute to mean that "if in the course of committing a bank robbery the robbery abducts someone, the minimum punishment is ten years in prison, but if he kills someone the minimum is life in prison"); *United States v. Jackson*, 736 F.3d 953, 958 (10th Cir. 2013) (noting that a sentence of death "may not be imposed for a 'non-fatal forced accompaniment'"); *see also Mathis v. United States*, 579 U.S. 500, 136 S.Ct. 2256 (2016) ("If statutory alternatives carry different punishments, then under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] they must be elements.").

953 (2002). Instead, "the scienter requirement comes from 'knowingly' committing the underlying bank robbery." *Jackson*, 736 F.3d at 958.

But these opinions did not specifically address the mens rea required to violate § 2113(e) by "forc[ing] any person to accompany [the defendant] without the consent of such person." The offense of forced accompaniment plainly requires the use, attempted use, or threatened use of force. Further, the Government submits that one cannot recklessly force a person to accompany one during a bank robbery. To the extent Agofsky suggests otherwise, he has presented no case where a defendant who recklessly forced someone to accompany him during a bank robbery faced conviction under § 2113(e), and thus shown no realistic probability the statute would be applied in the overbroad way he suggests. This Court need not reach this issue, but if it does it should deny his petition.

**D.**      ***Alternatively, this Court may decline review because any error is harmless.***

Lastly, this Court may decline review under the harmless-error reasoning applied in *Ruiz v. United States*, 990 F.3d 1025, 1031-35 (7th Cir. 2021); *cf. Duka v. United States*, 27 F.4th 189, 194-95 (3d Cir. 2022). Agofsky does not challenge the life sentence imposed for his bank robbery; he challenges only the § 924(c) conviction and its accompanying 60-month consecutive sentence. Here, as in *Ruiz*, "it is difficult to see how any relief—even a complete vacatur of the § 924(c) conviction[] and [its] accompanying sentence[]—would reduce the time that [Agofsky] must serve in prison." 990 F.3d at 1031-32 (noting further that a defendant may not use § 2241 to challenge the $100 penalty assessment). Although Agofsky notes that the § 924(c) conviction served as an aggravating factor in his capital case, he does not explain whether and how success in this petition would assist him there.

-17-

While Agofsky has failed to show that he is entitled to relief and this Court should deny his petition on the merits, it can also deny it because any error is harmless.

### III.  Conclusion

Accordingly, for the foregoing reasons, this Court should deny Agofsky's petition for habeas corpus.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By    /s/ *J. Benton Hurst*

BRIAN P. CASEY
J. BENTON HURST
Special Assistant United States Attorneys

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

-18-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on March 28, 2022, to the CM-ECF system of the U.S. District Court for the Southern District of Indiana for electronic delivery to all counsel of record:

Claudia Van Wyk
David Zuckerman
Federal Community Defender Office
601 Walnut Street, Suite 545
West Philadelphia, PA 19106


 /s/ *J. Benton Hurst*
J. Benton Hurst
Assistant United States Attorney

-19-