# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | : | CIVIL ACTION |
| Petitioner, | : | (Capital Habeas Corpus) |
| v. | : |  |
| T.J. WATSON, Warden, USP Terre Haute, | : | **No. 2:22-cv-49-JRS-DLP** |
| UNITED STATES OF AMERICA | : |  |
| Respondents. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

## REPLY IN SUPPORT OF WRIT OF HABEAS CORPUS

CLAUDIA VAN WYK
DAVID ZUCKERMAN
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
claudia_vanwyk@fd.org
david_zuckerman@fd.org

*Counsel for Petitioner*

Dated: April 25, 2022

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................1

I.    MR. AGOFSKY'S PETITION IS PROPERLY BROUGHT UNDER 28
      U.S.C. § 2241....................................................................................................1

II.   FEDERAL BANK ROBBERY IS NOT A CRIME OF VIOLENCE. ...........2

      A.    Section 2113(a) is not Divisible. ..........................................................4

      B.    *Borden* Changed the Applicable Test by Requiring Conduct
            Directed or Targeted at Another............................................................4

      C.    Circuit Courts Applying *Borden* Have Held That Crimes Capable
            of Being Committed Recklessly are not Crimes of Violence. ..............6

      D.    Section 2113(a) is not a Crime of Violence in the Seventh and
            Eighth Circuits Because Defendants can Violate it Recklessly..........10

      E.    The Government's Response Misapplies *Carter* and Fails to
            Engage with *Borden*. .........................................................................11

      F.    The Other Sections of the Federal Bank Robbery Statute are not
            Divisible. ............................................................................................15

            1.    Section 2113(d) is not divisible and is not a crime of
                  violence.......................................................................................15

            2.    Section 2113(e) is not divisible and, even if it is, Mr.
                  Agofsky prevails because forced accompaniment requires
                  no additional *mens rea*................................................................15

III.  THE ERROR WAS HARMFUL BECAUSE IT AFFECTED MR.
      AGOFSKY'S DEATH SENTENCE...........................................................18

CONCLUSION ...................................................................................................20

# INTRODUCTION

Crimes that can be committed recklessly are not crimes of violence under the categorical approach demanded by 18 U.S.C. § 924(c)'s elements clause. *See Borden v. United States*, 141 S. Ct. 1817, 1834 (2021). As the Seventh and Eighth Circuits have both held, the least culpable forms of federal bank robbery can be committed by defendants acting with little more than the conscious awareness of their own actions. *United States v. Yockel,* 320 F.3d 818, 823–24 (8th Cir. 2003); *United States v. Pickar*, 616 F.3d 821, 825 (8th Cir. 2010); *United States v. Durham*, 645 F.3d 883, 891 n.1 (7th Cir. 2011). Bank robbery is not a crime of violence because such defendants can act recklessly. *See Borden*, 141 S. Ct. at 1827.

The error was not harmless. Mr. Agofsky's § 924(c) conviction served as an aggravating factor during the penalty phase of his subsequent capital trial, which ended in a death sentence. Without that factor, a lesser penalty might have resulted.

# ARGUMENT

## I.  MR. AGOFSKY'S PETITION IS PROPERLY BROUGHT UNDER 28 U.S.C. § 2241.

Mr. Agofsky's claim meets all three of the requirements of § 2255's savings clause. *See* Response at 10–12; 28 U.S.C. § 2255(e); *Brown v. Krueger*, 25 F.4th 526, 528 (7th Cir. 2022) ((1) the petition must rely on a statutory interpretation case; (2) the petitioner must establish he was unable to raise his statutory claim when he filed his § 2255 motion and that the statutory decision he cites applies retroactively;

and (3) any legal error resulting from denial of relief must amount to a miscarriage of justice). The Government does not argue that *Borden* is anything other than a statutory-interpretation case, *see* Response at 10–12; *see also Borden,* 141 S. Ct. at 1822 (interpreting and applying an analogous provision of 18 U.S.C. § 924), and it concedes that Mr. Agofsky's claim was foreclosed by circuit precedent at the time of his trial, appeal, and § 2555 motion. Response at 5. The Government also concedes that "*Borden* applies retroactively." Response at 11; *see also Chazen v. Marske,* 938 F.3d 851, 864 n.2 (7th Cir. 2019) ("Statutory interpretations that narrow the range of conduct made criminal are always … retroactive.")

Lastly, the Government agrees that, if a legal error occurred, Mr. Agofsky is entitled to relief because miscarriages of justice always result from errors of this type. Response at 11 ("a miscarriage of justice occurs when a defendant erroneously receives an ACCA sentence") (quoting *Brown,* 25 F.4th at 528); *see also Light v. Caraway,* 761 F.3d 809, 813 (7th Cir. 2014). The only dispute with regard to the savings clause is whether any legal error occurred. *See* Response at 10–12. As discussed below, one did.

## II.    FEDERAL BANK ROBBERY IS NOT A CRIME OF VIOLENCE.

Crimes that can be committed recklessly—i.e., with conscious disregard of a substantial and unjustifiable risk of harm to another person—are not crimes of

violence under either § 924(c) or § 924(e). *See Borden*, 141 S. Ct. at 1824, 1834.[1] In order to be convicted of federal bank robbery in the Seventh and Eighth Circuit, a defendant need only be consciously aware of his own physical movements and the circumstances demonstrating that the money is not his; his subjective understanding that his actions might intimidate the victim is irrelevant. *Yockel,* 320 F.3d at 823–24; *Pickar,* 616 F.3d at 825; *see also Durham*, 645 F.3d at 891 n.1.[2] Such defendants can recklessly intimidate their victims. *See id*. As a result, bank robbery by intimidation is not a crime of violence under *Borden* and § 924(c).

The Government's arguments are unavailing. At their heart is an assertion that *Borden* is inapplicable because, under *Carter v. United States,* 530 U.S. 255 (2000), § 2113(a) is a general intent crime. *See* Response at 15–21. This argument rests on a fundamental misconception of *Borden*, the statute's elements, and *mentes rea* in general.

---

[1] *Borden* held that the elements clause of 18 U.S.C § 16(a) is "relevantly identical" to § 924(e). *Borden*, 141 S. Ct. at 1824. The elements clause of 18 U.S.C. § 16(a) in turn employs language identical to that in § 924(c). *See* Petition for Writ of Habeas Corpus, ECF No. 1, at 5 & n.4 (comparing statutes); *United States v. Mejia-Quintanilla,* No. 17-15899, 2021 WL 4282628, at *1 (9th Cir. Sept. 21, 2021) (*Borden* governs crime-of-violence inquiry under § 924(c)). The Government does not argue that there is any relevant difference.

[2] The Seventh Circuit has not yet resolved whether to apply the law of the circuit of conviction or the law of the circuit of confinement. *See Brown*, 25 F.4th at 527; *Guenther v. Marske,* 997 F.3d 735, 742–43 (7th Cir. 2021); *Chazen*, 938 F.3d at 864-65 (Barrett, J., concurring). Whether this Court applies the reasoning of the Seventh or Eighth Circuit, the result is the same: Mr. Agofsky is entitled to relief.

## A.    Section 2113(a) is not Divisible.

First, for the reasons discussed in Mr. Agofsky's petition, Petition at § 1.B., § 2113(a) is not divisible, *see, e.g.*, *Mathis v. United States*, 579 U.S. 500, 512–13 (2016). Even if it is, that section is at most divisible between "by force and violence, or by intimidation" on the one hand and "by extortion" on the other. 18 U.S.C. § 2113(a). The Response acknowledges as much. Response at 14–15. It also acknowledges that the modified categorical approach does not permit the Court to take the additional step of dividing the statute even further, between "by force and violence" and "by intimidation." *See id*. Nor does it allow the Court to refer to the *Shepard* documents to determine which of those two means more closely resembles the facts of the underlying conviction. *See id*. All three of the cases the Response cites in support of its reading confirm that "force and violence, or by intimidation" is a single, indivisible element with alternative means. *King v. United States*, 965 F.3d 60, 68–71 (1st Cir. 2020); *United States v. Evans*, 924 F.3d 21, 28–29 (2d Cir. 2019); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018).

So long as bank robbery by intimidation is not a crime of violence under § 924(c), Mr. Agofsky's conviction must fall. After *Borden*, it is not.

## B.    *Borden* Changed the Applicable Test by Requiring Conduct Directed or Targeted at Another.

*Borden* ushered in a new understanding of the *mens rea* necessary for a statute to qualify as a crime of violence. When it was decided, four circuits held that statutes

criminalizing reckless conduct qualified as violent felonies. *Borden*, 141 S. Ct. at 1823 & n.1. Two required knowing or purposeful conduct. *Id*. at 1823 & n.2. *Borden* resolved the split: reckless conduct does not satisfy the elements clause either because (as four Justices reasoned) that clause "expresses a kind of directedness or targeting" not involved in reckless conduct, *id*. at 1826, or because (as Justice Thomas reasoned) that clause has "a well-understood meaning applying only to intentional acts designed to cause harm," *id*. at 1835 (Thomas, J., concurring) (quoting *Voisine v. United States*, 579 U. S. 686, 714 (Thomas, J., dissenting)).

The plurality opinion restricted its analysis to a universe consisting of four states of mind: purposefully, knowingly, recklessly, and negligently. *See id*. at 1823. Listed in "descending order of culpability," *id.*, *Borden* draws the key line down the middle: knowing conduct is enough while reckless conduct is not. *Id.* at 1825. The term "general intent" appears nowhere in the opinion. *See id*.

According to *Borden*, a defendant acts "knowingly when 'he is aware that [a] result is practically certain to follow from his conduct,' whatever his affirmative desire." *Id.* at 1823 (quoting *United States v. Bailey*, 444 U.S. 394, 404 (1980)). For instance, a "getaway driver" acts knowingly when he "sees a pedestrian in his path but plows ahead anyway, knowing the car will run him over." *Id*. at 1826–27. The "knowledge" discussed in *Borden* is of a particular type: that pertaining to "result[s]," i.e., to the effect one's conduct will have on others. *See id*. at 1823.

A defendant acts recklessly, on the other hand, "when he 'consciously disregards a substantial and unjustifiable risk' attached to his conduct, in 'gross deviation' from accepted standards." *Id.* at 1824 (quoting Model Penal Code § 2.02(2)(c)). For instance, "a commuter who, late to work, decides to run a red light, and hits a pedestrian whom he did not see" acts recklessly. *Id.* at 1827. Recklessness, too, focuses on the effect a defendant's conduct has on others. *See id*. at 1824. The pivotal distinction is that the commuter has not "directed force at another: He has not trained his car at the pedestrian understanding he will run him over." *Id*. at 1827.

The concurrence turns on a similar distinction. *See id.* at 1835 (Thomas, J., concurring). According to Justice Thomas, the elements clause includes only "intentional acts designed to cause harm." *Id.* It does not encompass the statute at issue in *Borden* because that statute "could be violated through mere recklessness." *Id.* As a result, five Justices agreed that the "elements clause excludes reckless conduct." *Id.* at 1829 n.6.

### C.    Circuit Courts Applying *Borden* Have Held That Crimes Capable of Being Committed Recklessly are not Crimes of Violence.

Two circuits have confirmed this understanding of *Borden*. *See United States v. Carter*, 7 F.4th 1039 (11th Cir. 2021); *Somers v. United States*, 15 F.4th 1049 (11th Cir. 2021); *United States v. Garner*, 28 F.4th 678 (5th Cir. 2022).

In *United States v. Carter*, the Eleventh Circuit took up Georgia's aggravated assault statute. 7 F.4th 1039, 1045 (11th Cir. 2021). It started with *Borden's* holding:

the force clause "demands that the perpetrator direct his action at, or target, another individual." *Id*. at 1045 (citing *Borden*, 141 S. Ct. at 1825). Then, it turned to the statute: Since Georgia courts had interpreted simple assault to require nothing more than that "the defendant 'intended to do the act that placed another in reasonable apprehension of immediate violent injury,'" *id.* (quoting *Patterson v. State*, 789 S.E.2d 175, 176–78 (2016)), and had interpreted aggravated assault to require no *mens rea* beyond that necessary to commit simple assault, *id.* (quoting *Patterson v. State*, 770 S.E.2d 62, 66 & n.5 (2015), *aff'd*, 299 Ga. 491 (2016)), the Eleventh Circuit concluded that aggravated assault could be committed recklessly. *Id*. at 1045. Under *Borden*, the crime was not one of violence. *Id*.

In *Somers*, the Eleventh Circuit reviewed Florida's aggravated assault statute. *Somers*, 15 F.4th at 1053. Again, it started with Borden's holding: "the elements clause requires both the general intent to volitionally take the action of using … force and *something more*: that the defendant direct the action at a target, namely another person." *Somers*, 15 F.4th at 1053 (emphasis added). Accordingly, the Eleventh Circuit explained it could only uphold Somers' enhanced sentence "if Florida aggravated assault require[d] a *mens rea* of specific intent to use, attempt to use, or threaten to use physical force against the person of another." *Id.* at 1054, 1056 (certifying that question to the Florida Supreme Court).

*United States v. Garner,* issued shortly before the Government filed its Response, follows suit. 28 F.4th 678 (5th Cir. Mar. 21, 2022). There, the Fifth Circuit considered Louisiana's aggravated-assault-with-a-firearm statute, La. R.S. 14:37.4. *Id*. at 682.[3] Citing Louisiana cases like *State v. Lee*, 321 So. 3d 970 (La. Ct. App. 1 Cir. 2021), where the defendant was convicted for "inadvertently fir[ing] into the windshield of an SUV as it struck him in his driveway," *Garner,* 28 F.4th at 682, and *State v. Boner*, 302 So. 3d 131, 138 (La. Ct. App. 4 Cir. 2020), where the defendant placed a firearm on top of a piece of furniture with "reckless intent" after battering his partner, *Garner,* 28 F.4th at 682, the Fifth Circuit concluded that aggravated-assault-with-a-firearm could be committed with nothing more than "general intent," *id.* at 683. And because Louisiana's general intent analysis utilizes an "objective approach [that] evaluates the offender's *acts*, *not his thoughts*, in light of a reasonable-person standard," *id.* (quoting Dane S. Ciolino, *The Mental Element of Louisiana Crimes: It Doesn't Matter What You Think*, 70 TUL. L. REV. 855, 872 (1996) (emphasis added)), the Fifth Circuit concluded that "reckless or even negligent states of mind can satisfy Louisiana's general intent standard," *id*. The Fifth Circuit closed the opinion by concluding that the statute "can be committed

---

[3] Even though the penalty in *Garner* was imposed under the "force clause" of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2(a), the Fifth Circuit nonetheless implemented *Borden*'s approach because the relevant section of § 924(c) "share[s] identical operative language—'against another'—with the force clause in the Sentencing Guidelines." *Id.* at 682.

with 'reckless intent,' or by mere negligence, because the defendant's state of mind is irrelevant under the standard. And because aggravated assault with a firearm can be committed with these less culpable states of mind, it is not categorically a crime of violence." *Id.* at 683–84 (citations omitted).

The Government has conceded this point elsewhere. In *United States v. Gonzales*, it acknowledged that a conviction under New Mexico's aggravated-assault-with-a-deadly-weapon statute, N.M. Stat. § 30-3-2(A), is not a qualifying offense under the force clause of 18 U.S.C. § 924(e). *See* Appellee's Answer Br., *United States v. Gonzales*, No. 21-2022, 2021 WL 3236540, at *3-*4 (10th Cir. 2021). According to the Government, that statute describes a general intent crime that can be violated by "any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." *Id.* at *3 (quoting N.M. Stat. § 30-3-1). The Government acknowledged that "this type of conduct, though intentional in one sense, is not directed or targeted at another." *Id.* at 4 (quoting *Borden*, 141 S. Ct. at 1833). Accepting the government's concession, the Tenth Circuit vacated the defendant's sentence. *See United States v. Gonzales*, No. 21-2022, 2021 WL 4185952 (10th Cir. July 26, 2021); *see also* Brief for the United States, *Borden v. United States,* 141 S. Ct. 1817 (2021) (No. 19-5410), 2020 WL 4455245 (the Government's briefing in *Borden* conceded that, when Congress passed § 924(c), it "would have been aware that a

9

conviction for robbery could often be premised on proof of reckless ... causation of bodily injury.").

### D. Section 2113(a) is not a Crime of Violence in the Seventh and Eighth Circuits Because Defendants can Violate it Recklessly.

The recent decisions from the Eleventh and Fifth Circuits build on *Borden*'s central holding: crimes that can be committed recklessly are not crimes of violence under § 924(c). For nearly twenty years, bank robbery in the Eighth Circuit has required nothing more than the conscious awareness one was taking money. *Yockel,* 320 F.3d at 823. Under *Borden*, that precedent compels the conclusion that bank robbery is not a crime of violence.

Bank robbery in the Eighth Circuit requires a *mens rea* less culpable than recklessness. Courts in the Eighth Circuit ask only whether the defendant "knew he was physically taking money." *Yockel,* 320 F.3d at 823–24. If he did, that intent suffices. *See id*. Those courts apply a different standard when asking whether the defendant intended to intimidate anyone in the process; the defendant's subjective intent is irrelevant and all that matters is whether an "ordinary, reasonable person" would have been intimidated. *See id*. at 823–24. The Eighth Circuit has repeatedly confirmed that the defendant's conduct towards others is analyzed under an objective standard. *See, e.g.*, *Pickar,* 616 F.3d at 825; *United States v. Smith*, 973 F.2d 603, 604 (8th Cir. 1992). *See also Allen v. United States*, 836 F.3d 894, 896 (8th Cir. 2016) (Melloy, J., dissenting) ("the *mens rea* for … § 2113(a) does not

10

attach to the use of violence or intimidation"). As *Garner* explains, such objective approaches criminalize reckless conduct. *Garner,* 28 F.4th at 682.

Section 2113(a) can be violated recklessly in the Seventh Circuit as well. In a footnote in *United States v. Durham*, the Seventh Circuit characterized § 2113(a) as a general intent crime. 645 F.3d 883, 891 n.1 (7th Cir. 2011) (citing *Carter v. United States*, 530 U.S. 255, 269–70 (2000)). All that is required to prove a violation of § 2113(a) in the Seventh Circuit is that the defendant "consciously and voluntarily [engaged] in the proscribed conduct." *Id.* (quoting *United States v. Bates*, 96 F.3d 964, 967 (7th Cir. 1996)). *Borden* abrogated that precedent, too.

All this Court needs to do is apply the same reasoning that the Eleventh Circuit applied in *Carter* and *Somers*, that the Fifth Circuit applied in *Garner*, and that the Government applied in *Gonzales*: because bank robbery employs an objective standard, it can be committed recklessly, via conduct that "though intentional in one sense, is not directed or targeted at another." *Borden*, 141 S. Ct. at 1833. It is not a crime of violence. *See id*.

### E.     The Government's Response Misapplies *Carter* and Fails to Engage with *Borden*.

The Response does not cite a single case that applies *Borden*. All but three of the cases cited in the Response predate *Borden* and the few that do not entirely fail to mention it. *See, e.g.*, Response at 20–21 (citing *United States v. Caldwell*, 7 F.4th 191 (4th Cir. Aug. 3, 2021) (no mention of *Borden*); *United States v. Armstrong*, No.

21-11252, 2021 WL 5919822 (11th Cir. Dec. 15, 2021) (same); *United States v. Moore*, No. 21-5056, 2021 WL 4955465 (10th Cir. Oct. 26, 2021) (same).

Instead, the Government relies on the term "general intent" to blur the line between knowledge and recklessness. That term is conspicuously absent from *Borden*. *See* 141 S. Ct. 1817 (2021). It is a fraught term that can mean many different things, including a state of mind encompassing purpose, knowledge, and recklessness. *See* 1 W. LaFave, Subst. Crim. L. § 5.2(e) (3d ed.) (citing *United States v. Zunie*, 444 F.3d 1230, 1234 (10th Cir. 2006) (general intent crimes include those "committed with purpose, knowledge, or recklessness"). It is not a useful concept in this context and many modern statutes and cases—including *Borden*—forswear it. *See, e.g.*, Model Penal Code § 2.02; *Liparota v. United States*, 471 U.S. 419, 434 n.16 (1985); *United States v. Bailey*, 444 U.S. 394, 403 (1980) (general and specific intent have "been the source of a good deal of confusion").

Nonetheless, the Response relies on that term heavily. *See* Response at 15–21. For instance, it cites *United States v. Carter* for the proposition that § 2113(a) is a crime of violence because it requires "proof of general intent," which (according to the Response) amounts to little more than conscious awareness of one's own actions. Response at 17 (citing *Carter*, 530 U.S. at 268) (arguing that the defendant need only have "knowledge with respect to the *actus reus* of the crime"). That

"knowledge," the Response says, is the same thing as the "knowingly" discussed in *Borden*.[4]

Carter says something very different. Because § 2113(a) says nothing about intent, *Carter* used the "presumption in favor of scienter" to "read into" § 2113(a) the minimal *mens rea* necessary to avoid criminalizing "innocent activity" such as the "forceful taking of money while sleepwalking." *Id*. at 269. All *Carter* says is that a person must at the very least be aware of their own physical actions—i.e., their actions must be volitional—to violate § 2113(a). *See id.*

*Borden* and § 924(c) require more. The defendant who "consciously disregards a substantial and unjustifiable risk" is certainly consciously aware of his actions—he has "knowledge of the *actus reus*"—but he is also uncertain of the consequences. *See Borden,* 141 S. Ct. at 1824. The reckless commuter is consciously aware he is driving his car through a red light on the way to work, but he is also uncertain whether he will hit anyone. *See id.* at 1827. The Government turns conscious awareness—the bare minimum requirement of any criminal activity

---

[4] If that were true—if volitional conduct was the same thing as knowingly committing a crime—*Borden* would have come out differently. Like all criminal statutes, *see Carter,* 530 U.S. at 266–70, the statute at issue in *Borden* can be violated by defendants who have "knowledge of the actus reus." *See, e.g.*, *State v. Gillon,* 15 S.W.3d 492, 497 (Tenn. Crim. App. 1997) (upholding conviction for reckless assault where defendant was "aware of the four-lane highway, the stop sign, and the distance from his point of entry through the median to the point of impact" and yet "never slowed his truck as he drove over the three lanes of traffic"). Yet the Supreme Court found that statute did not qualify under § 924(c). *Borden*, 141 S. Ct. at 1823. The Government's proposed test must be wrong.

whatsoever—from a necessary component of a crime of violence into a sufficient one. *See* Response at 15–21.

Its attempts to wrestle *Yockel* and *Carter* into its corner are unproductive. *See* Response at 18–19. *Carter* says that § 2113(a) requires conscious awareness because all crimes require conscious awareness. *Carter*, 530 U.S. at 268. *Yockel* says § 2113(a) requires conscious awareness of the physical act of taking money; the defendant's intent with regard to intimidation is irrelevant. *Yockel,* 320 F.3d at 823. Defendants who commit such crimes can do so recklessly. *See Garner,* 28 F.4th at 683 ("because the defendant's state of mind is irrelevant," the crime "can be committed with reckless intent.") As a result, § 2113(a) is not a crime of violence.

The Response repeatedly cites pre-*Borden* cases that discuss a defendant's conscious awareness of his own actions as though these cases prove that § 2113(a) can only be committed "knowingly." *See, e.g.* Response at 17 (citing *United States v. Wilson*, 880 F.3d 80, 87 (3d Cir. 2018) (a defendant violates § 2113(a) if he "know[s] he was taking money from a financial institution that was not simply giving it away"); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (objectively intimidating behavior constitutes a threat of force regardless of the defendant's *mens rea* because a "'threat,' as commonly defined, 'speak[s] to what the statement conveys—not to the mental state of the author.'")). *Borden* abrogated those cases.

14

Many of the other cases cited in the Response either implicitly or explicitly acknowledge that they were issued at a time when reckless conduct satisfied § 924(c). *See, e.g.*, *United States v. Carr*, 946 F.3d 598, 604 (D.C. Cir. 2020) ("a mental state of recklessness or more would be sufficient under existing circuit precedent"); *United States v. Hendricks*, 921 F.3d 320, 328 (2d Cir. 2019) (failing to analyze—because it was unnecessary to do so under then-existing precedent— whether knowing or reckless conduct was necessary to establish a violation). Still others rely on readings of *Voisine* that have since been overturned. *See, e.g.*, *United States v. Deiter*, 890 F.3d 1203, 1213 (10th Cir. 2018) (citing *Voisine* for the proposition that reckless conduct suffices). None of the cases cited by the Government account for *Borden*.

## F. The Other Sections of the Federal Bank Robbery Statute are not Divisible.

### 1. Section 2113(d) is not divisible and is not a crime of violence.

The Government advances no argument in response to Mr. Agofsky's assertion that § 2113(d) is neither divisible nor a crime of violence. Mr. Agofsky refers the Court to the arguments advanced in his Petition. Petition at 19–22.

### 2. Section 2113(e) is not divisible and, even if it is, Mr. Agofsky prevails because forced accompaniment requires no additional *mens rea*.

Section 2113(e) is not divisible, either. *Contra* Response at 21–23. In support of its argument, the Response cites a congressional act issued two years after Mr.

Agofsky's conviction—an act that, if anything, confirms that § 2113(e) was not divisible at the time Mr. Agofsky was convicted. *See Violent Crime Control and Law Enforcement Act of 1994,* P.L. 103-322, 108 Stat. 1796. And although the Response acknowledges that no additional *mens rea* is required when the victim dies, it makes the difficult argument that a more culpable mental state is required only when the victim survives. *Response* at 22–23 (citing, e.g., *United States v. Vance*, 764 F.3d 667, 675 (7th Cir. 2014); *Allen*, 247 F.3d at 782–83). No court has endorsed that reading. *See id*.

Bank robbery by forceful accompaniment also fails to qualify as a "crime of violence" for two independent reasons. The first is similar to the discussion above: like bank robbery, forced accompaniment can be committed via intimidation. *See* 3 L. Sand et al., Modern Federal Jury Instructions-Criminal ¶ 53.05, Instruction 53-36 (2021) (Sand); *United States v. Walker*, 919 F.2d 501, 502 (8th Cir. 1990). And, like bank robbery, whether the defendant intended to intimidate is irrelevant. *See id*. The Modern Federal Pattern Jury Instruction for § 2113(e) explains that forced accompaniment is satisfied when the defendant uses "intimidation" in order "to compel [the victim] to move with the defendant from one place to another." L. Sand at ¶ 53.05, Instruction 53-36; *see also id*. ("To force another person to do something without that person's consent means to compel that person to act against his or her will by the use of physical force, the use of intimidation or by threats of harm to that

person or another"). The Eighth Circuit's decision in *Walker* demonstrates the principle. 919 F.2d at 502. In that case, the court upheld a forced accompaniment conviction where the defendant "never exhibited the weapon to the teller" nor "made any threatening gestures" towards the victim. *Id.* The Eighth Circuit never analyzed whether Walker intended to intimidate anyone; it analyzed only whether intimidation resulted. *See id.* at 502–03.

Second, forced accompaniment is not a crime of violence because it can be committed without the use of violent physical force. *See Johnson v. United States,* 559 U.S. 133, 140 (2010) (violent felonies require "strong physical force" that is "capable of causing bodily injury or pain"). The Modern Federal Pattern Jury Instructions make plain that forced accompaniment can be satisfied by moving a person with the use of *de minimis* force that lasts only a moment's time over a short distance. Sand, ¶ 53.05, Instruction 53-36 ("A defendant forces a person to accompany him when he forces that person to go somewhere with him or her, even if the movement occurs … over a short distance. The government does not have to prove that this forced movement involved … moving a particular distance, or that it lasted any particular length of time."). *Walker* again reinforces that understanding; the defendant committed forced accompaniment without using any physical force. *See Walker*, 919 F.2d at 502.

17

## III.  THE ERROR WAS HARMFUL BECAUSE IT AFFECTED MR. AGOFSKY'S DEATH SENTENCE.

The Government's final argument is that this Court should decline to reach the merits because Mr. Agofsky has not suffered any harm. As a general matter, a defendant always has an interest in not being convicted of a crime that the government failed to prove.

In any event, the cases cited by the Government are inapplicable. The defendants in both were serving life sentences (one was serving seven life sentences concurrently) and were challenging sentences imposed in addition to those life sentences. *Ruiz v. United States*, 990 F.3d 1025, 1027–31 (7th Cir. 2021), *cert. denied,* No. 21-6200, 2022 WL 892143 (U.S. Mar. 28, 2022) (given the "reality of Ruiz's stark" and "extraordinary" seven concurrent life sentences, it was "difficult" to envision a scenario in which vacatur would reduce the amount of time he spent in prison); *Duka v. United States,* 27 F.4th 189, 192 (3d Cir. 2022) (one life sentence). Those cases were decided under the concurrent sentence doctrine, which grants courts the "discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentences on all counts are concurrent." *Duka*, 27 F.4th at 191 (quoting *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997)).

The sentence at issue here has caused Mr. Agofsky harm. Mr. Agofsky is challenging a conviction that was used as an aggravating circumstance at the trial

18

that resulted in his death sentence; a vacatur of the conviction he challenges here could be the difference between execution and life in prison. Mr. Agofsky is currently challenging his death sentence in separate proceedings in federal court in Texas. He has raised multiple claims contesting each of the aggravating circumstances that undergirded the death sentence that was imposed on him at trial. Should he be successful, his death sentence would have to be vacated pursuant to the requirements of the Federal Death Penalty Act. *See, e.g.*, 18 U.S.C. § 3595.

Even if he only successfully challenges one or more of the aggravators used at his sentencing, the elimination of the § 924(c) conviction could still serve as grounds for a new sentencing hearing, could encourage the prosecutors to settle his ongoing proceedings and offer life in prison, or could provide the basis for a request for an eventual commutation of his death sentence.

There are genuine collateral consequences of the sentence Mr. Agofsky is challenging. The vacatur of his death sentence is not a pipedream; at his capital trial, the jury expressly found that Mr. Agofsky had not intentionally caused death—he had only intentionally caused serious bodily injury that resulted in death. *See* Appendix to Reply in Support of Writ of Habeas Corpus, at A004–05. The lesser culpability of the underlying crime gave particular importance to the aggravating factors. During the penalty phase of his trial, the invalid § 924(c) conviction also allowed the jurors to give aggravating weight to circumstances they could not have

otherwise considered—for instance, that he had been convicted previously of a crime of violence that carried a life sentence. There is a considerable likelihood that these errors were the make-or-break difference between execution and a life sentence; they were not harmless.

## CONCLUSION

For the foregoing reasons, this Court should allow Mr. Agofsky to proceed under 28 U.S.C. § 2241 and should grant him habeas relief from his conviction under 18 U.S.C. § 924(c).

Respectfully submitted,

 /s/ Claudia Van Wyk
**Claudia Van Wyk**
Bar No. 95130 (PA)
**David Zuckerman**
Bar No. 42885 (PA)
Federal Community Defender Office,
Eastern District of Pennsylvania
The Curtis, Suite 545 West
Philadelphia, PA 19106
Telephone: (215) 928-0520
claudia_vanwyk@fd.org
david_zuckerman@fd.org

*Attorneys for Petitioner Shannon Agofsky*

Dated: April 25, 2022

## CERTIFICATE OF SERVICE

I, Claudia Van Wyk, hereby certify that on the date of filing, I caused a copy

of this document to be delivered, via the CM-ECF system of the U.S. District Court

for the Southern District of Indiana, to all counsel of record:

**John Benton Hurst**
DOJ-USAO
United States Attorney's Office
400 E. 9th St., Ste 5510
Kansas City, MO 64106
816-426-3122
Email: john.hurst@usdoj.gov


 /s/ Claudia Van Wyk
Claudia Van Wyk
*Counsel for Petitioner*

Dated: April 25, 2022