### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | : | CIVIL ACTION |
| Petitioner, | : | (Capital Habeas Corpus) |
| v. | : | |
| T.J. WATSON, Warden, USP Terre Haute, | : | **No. 2:22-cv-49-JRS-DLP** |
| UNITED STATES OF AMERICA | : | |
| Respondents. | : | |

## APPENDIX TO
## REPLY IN SUPPORT OF WRIT OF HABEAS CORPUS

CLAUDIA VAN WYK
DAVID ZUCKERMAN
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
claudia_vanwyk@fd.org
david_zuckerman@fd.org

*Counsel for Petitioner*

Dated: April 25, 2022

**Table of Contents**

Exhibit A        Excerpt of Trial Transcript, *United States of America v. Shannon Wayne Agofsky*, Criminal No. 1:03-CR-173 (U.S. District Court for the Eastern District of Texas Beaumont Division), July 16, 2004 ...........................................A1

Vol. 4 ? 168 (out of order)

COPY

FILED - CLERK
U.S. DISTRICT COURT

2004 DEC -5 PM 12: 00

TX EASTERN-BEAUMONT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS BY___
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION |
| | ) | NO. 1:03CR173 |
| PLAINTIFF, | ) | |
| | ) | BEAUMONT, TEXAS |
| V. | ) | |
| | ) | JULY 16, 2004 |
| SHANNON WAYNE AGOFSKY, | ) | 9:30 O'CLOCK A.M. |
| | ) | |
| DEFENDANT. | ) | |

=============================================================

TRANSCRIPT OF TRIAL
PHASE II
VOLUME 4 OF 4, PAGES 382 THROUGH 402
BEFORE THE HONORABLE JUDGE THAD HEARTFIELD
UNITED STATES DISTRICT JUDGE, AND A JURY

=============================================================

APPEARANCES:

FOR THE GOVERNMENT:            JOHN B. STEVENS, JR.
                              JOSEPH BATTE
                              ASSISTANT U.S. ATTORNEYS
                              350 MAGNOLIA, SUITE 150
                              BEAUMONT, TEXAS   77701

FOR THE DEFENDANT,            PATRICK BLACK
SHANNON WAYNE AGOFSKY:        FEDERAL PUBLIC DEFENDER
                              110 NORTH COLLEGE, SUITE 1122
                              TYLER, TEXAS   75702
                                      AND
                              DOUGLAS MILTON BARLOW
                              ATTORNEY AT LAW
                              485 MILAM
                              BEAUMONT, TEXAS   77701

COURT REPORTER:               C. FRANK MCMILLAN
                              P. O. BOX 2664
                              BEAUMONT, TEXAS   77704

PROCEEDINGS RECORDED BY STENOGRAPH SHORTHAND; TRANSCRIPT
PRODUCED BY CAT SYSTEM.

FRANK MCMILLAN, OFFICIAL COURT REPORTER U.S. DISTRICT COURT
A001

383

I N D E X

JURY VERDICT:                                                        PAGES
                                                                     386

SENTENCING:                                                          396

385

ANY COMMENT BY THE GOVERNMENT OR DEFENSE?

MR. STEVENS:  NO COMMENT FROM THE GOVERNMENT.

THE COURT:  BY THE DEFENSE?

MR. BLACK:  NO OBJECTION, YOUR HONOR.

THE COURT:  ALL RIGHT, THE COURT MAKES THE JUROR NOTES AND QUESTIONS AND THE COURT'S RESPONSE PART OF THE RECORD.  THEY WILL BE -- THE RESPONSES WILL BE DELIVERED BACK TO THE JURY.

COUNSEL, CERTAINLY, I ASK YOU TO STAND BY FOR ANY FUTURE NOTES.

(RECESS AT 9:35 A.M. UNTIL 10:20 A.M.)

[DEFENDANT PRESENT]

THE COURT:  ALL RIGHT, BE SEATED.

THE COURT READS FOR THE RECORD, AND OUT OF THE PRESENCE OF THE JURY THAT AT 10:08 A.M. ON 7-16-04, JUROR NOTE NO. 6 IS AS FOLLOWS: QUOTE, WE, THE JURY, HAVE REACHED A VERDICT IN THIS CASE, END QUOTE.  THE COURT MAKES JUROR NOTE NO. 6 PART OF THE RECORD.

AT THIS TIME, I ASK THAT THE JURY BE BROUGHT IN AND ALSO THE ALTERNATES.

AS THE VERDICT IS BEING READ, ALL PARTIES AND ALL COUNSEL WILL REMAIN SEATED AT ALL TIMES, PLEASE.

(JURY IN THE BOX AT 10:24 A.M.)

THE COURT:  ALL RIGHT, BE SEATED, PLEASE.

THE COURT ASKS THE FOREPERSON IF A VERDICT HAS BEEN

386

UNANIMOUSLY AGREED UPON BY THE JURY?

FOREPERSON MARTINES:  YES, YOUR HONOR, IT HAS.

THE COURT:  WOULD YOU HAND THE VERDICT, PLEASE, TO THE COURT SECURITY OFFICER.

MOMENTARILY I WILL READ THAT VERDICT AND I ASK EACH MEMBER OF THE JURY TO PAY VERY CLOSE ATTENTION TO THE READING OF THE VERDICT, BECAUSE WHEN I AM FINISHED, YOU MAY BE POLLED ON JUST THE ENTIRE VERDICT AS WE DID IN THE EARLIER PHASE OF THE CASE, THE GUILT PHASE.

FIRST OF ALL, LET ME EXAMINE IT.

ALL RIGHT.  THE COURT WILL NOW PUBLISH THE VERDICT OF THE JURY.

SPECIAL VERDICT FORM SECTION I: DEFENDANT'S AGE.  THE DEFENDANT, SHANNON WAYNE AGOFSKY, WAS 18 YEARS OF AGE OR OLDER AT THE TIME OF THE OFFENSE.

A.  AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

B.  AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

SPECIAL VERDICT FORM SECTION II, REQUISITE MENTAL STATE:

1. DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT DEFENDANT, SHANNON WAYNE AGOFSKY, INTENTIONALLY KILLED THE VICTIM, LUTHER PLANT?

387

A.   AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: NO.

B.   AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT ANSWER, NO.

NO. 2, PARAGRAPH 2.   DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, INTENTIONALLY INFLICTED SERIOUS BODILY INJURY THAT RESULTED IN THE DEATH OF LUTHER PLANT?

AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT, PARAGRAPH A: YES.

AND THEN B. AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH 3.   DO YOU, THE JURY, UNANIMOUSLY FIND THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, INTENTIONALLY PARTICIPATED IN AN ACT, CONTEMPLATING THAT THE LIFE OF A PERSON WOULD BE TAKEN OR INTENDING THAT THE LETHAL FORCE WOULD BE USED IN CONNECTION WITH A PERSON, AND THAT THE VICTIM, LUTHER PLANT, DIED AS A DIRECT RESULT OF THE ACT?

PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH B. AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH 4.   DO YOU, THE JURY, UNANIMOUSLY FIND THAT

388

THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, INTENTIONALLY AND SPECIFICALLY ENGAGED IN AN ACT OF VIOLENCE, KNOWING THAT THE ACT CREATED A GRAVE RISK OF DEATH TO A PERSON, SUCH THAT PARTICIPATION IN THE ACT CONSTITUTED A RECKLESS DISREGARD FOR HUMAN LIFE AND THAT THE VICTIM, LUTHER PLANT, DIED AS A DIRECT RESULT OF THE ACT?

PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH B. AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

THE COURT MOVES NOW TO SPECIAL VERDICT FORM SECTION III, STATUTORY AGGRAVATING FACTORS.

PARAGRAPH 1.  DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, IN COMMITTING THE OFFENSE OR OFFENSES, THAT IS THE DEATH OR INJURY RESULTING IN DEATH OF LUTHER PLANT OCCURRED DURING THE COMMISSION OF AN OFFENSE UNDER 18 U.S.C. SECTION 1118 AS PRISONERS SERVING LIFE TERMS?

PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH B. AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

NOW, PARAGRAPH 2.  DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT

389

THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, COMMITTED THE OFFENSE OR OFFENSES, AFTER PREVIOUSLY BEING CONVICTED OF A FEDERAL OFFENSE PUNISHABLE BY A TERM OF IMPRISONMENT OF MORE THAN 1 YEAR, INVOLVING THE USE, ATTEMPTED USE OR THREATENED USE OF A FIREARM AS DEFINED IN 18 U.S.C. SECTION 921, AGAINST ANOTHER PERSON?

AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH 3.  DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, COMMITTED THE OFFENSE OR OFFENSES AFTER PREVIOUSLY BEING CONVICTED OF A FEDERAL OFFENSE RESULTING IN THE DEATH OF ANOTHER FOR WHICH A SENTENCE OF LIFE IMPRISONMENT WAS AUTHORIZED BY STATUTE?

AS TO A., PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

B.  AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH 4.  DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, COMMITTED THE OFFENSES IN AN ESPECIALLY HEINOUS, CRUEL, OR DEPRAVED MANNER, IN THAT IT INVOLVED SERIOUS PHYSICAL ABUSE TO THE VICTIM, LUTHER PLANT?

PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

390

PARAGRAPH B. -- PARAGRAPH 2 [SIC] AS TO THE SUPERSEDING INDICTMENT: YES.

SPECIAL VERDICT FORM SECTION IV: NON-STATUTORY AGGRAVATING FACTORS.

NO. 1.   DO YOU THE JURY UNANIMOUSLY FIND THAT THE DEFENDANT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, REPRESENTS A CONTINUING DANGER TO THE LIVES AND SAFETY OF OTHER PERSONS?

PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH B. AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT:  YES.

PARAGRAPH 2.   DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, HAS A SIGNIFICANT HISTORY OF DISCIPLINARY VIOLATIONS WHILE HE HAS BEEN INCARCERATED, INCLUDING THREATENING ANOTHER INMATE WITH HIS FISTS AND THEN STOMPING ON THE INMATE'S HEAD UNTIL HE WAS RENDERED UNCONSCIOUS, BEING INVOLVED IN A RIOT AMONG A GROUP OF INMATES, AND ON AT LEAST TWO OCCASIONS PRIOR TO LUTHER PLANT'S MURDER BEING FOUND IN POSSESSION OF HANDMADE METAL WEAPONS?

PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

AND PARAGRAPH B. AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH 3. DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT AFTER COMMISSION OF THE OFFENSE CHARGED IN THE INDICTMENT, THE DEFENDANT, SHANNON WAYNE AGOFSKY, DEMONSTRATED UTTER LACK OF REMORSE OVER HAVING COMMITTED THE OFFENSE?

PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH B. AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

PARAGRAPH 4. DO YOU, THE JURY, UNANIMOUSLY FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, HAS PRIOR CRIMINAL CONVICTIONS FOR INTERSTATE TRANSPORTATION OF STOLEN PROPERTY?

PARAGRAPH A. AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT -- PARAGRAPH A., THAT'S YES.

PARAGRAPH B. AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT: YES.

SPECIAL VERDICT FORM SECTION V: MITIGATING FACTORS. THE NON-STATUTORY MITIGATING FACTORS THAT THE DEFENDANT ASSERTS ARE AS FOLLOWS AND THE RULINGS ARE AS FOLLOWS FOR THE NUMBER OF VOTES:

THAT IS 1: THAT DEFENDANT, SHANNON WAYNE AGOFSKY, DOES NOT REPRESENT A CONTINUING DANGER TO THE LIVES AND SAFETY OF OTHERS. ZERO VOTE.

2. THAT DEFENDANT, SHANNON WAYNE AGOFSKY, HAS NO

PRIOR ESCAPE ATTEMPTS FROM A FEDERAL PRISON.  THREE.

PARAGRAPH 3.  THAT DEFENDANT, SHANNON WAYNE AGOFSKY, HAS NEVER ASSAULTED A FEDERAL PRISON GUARD OR CORRECTION OFFICER.  NUMBER OF JURORS WHO FIND, SIX.

PARAGRAPH 4.  THAT DEFENDANT, SHANNON WAYNE AGOFSKY HAS NEVER UTILIZED A SHANK OR A HOMEMADE METAL WEAPON AGAINST AN INMATE OR GUARD.  NUMBER OF JURORS WHO FIND, SEVEN.

PARAGRAPH 5.  THAT THE DEFENDANT, SHANNON WAYNE AGOFSKY, HAS RECEIVED, QUOTE, GOOD CONDUCT BUREAU OF PRISONS REVIEWS SINCE JANUARY 5, 2001.  NUMBER OF JURORS WHO FIND, ONE.

6.  THAT MR. LUTHER PLANT HAD AN EXTENSIVE VIOLENT CRIMINAL RECORD, INCLUDING CONSISTENT USE OF FIREARMS WHILE COMMITTING VIOLENT ACTS.  MR. PLANT'S CONVICTIONS INCLUDE ROBBERY, AGGRAVATED ROBBERY, DELIVERY OF A CONTROLLED SUBSTANCE, ARSON, AND FELON IN POSSESSION OF A FIREARM.  NUMBER OF JURORS WHO FIND, ZERO.

PARAGRAPH 7.  THAT MR. MICHAEL MIELE HAS A SIGNIFICANT HISTORY OF DISCIPLINARY VIOLATIONS WHILE HE HAS BEEN INCARCERATED IN FEDERAL PRISON.  NUMBER OF JURORS WHO FIND, ZERO.

PARAGRAPH 8.  THAT MR. MICHAEL MIELE HAS A SIGNIFICANT HISTORY OF CRIMINAL CONVICTIONS PRIOR TO BEING INCARCERATED IN FEDERAL PRISON.  NUMBER OF JURORS WHO FIND, ZERO.

THAT MR. AGOFSKY'S FATHER DIED WHEN HE WAS

393

EIGHT-YEARS-OLD.  NUMBER OF JURORS WHO FIND, ONE.

10.  THAT THE DEFENDANT HAS NOT HAD ANY BEHAVIOR DISCIPLINARY PROBLEMS WHILE INCARCERATED AT THE LIBERTY COUNTY JAIL.  NUMBER OF JURORS WHO FIND, THREE.

11.  THAT THE FEDERAL BUREAU OF PRISONS CAN DESIGNATE A LOCATION FOR MR. AGOFSKY TO SERVE A LIFE SENTENCE SO THAT HE WILL NOT HAVE ACCESS TO OTHER INMATES OR GUARDS.  NUMBER OF JURORS WHO FIND, ONE.

12.  THAT THE FIGHT BETWEEN MR. PLANT AND MR. AGOFSKY WAS A RESULT OF A SUDDEN QUARREL.  NUMBER OF JURORS WHO FIND, ZERO.

13.  THAT MR. LUTHER PLANT WAS THE FIRST AGGRESSOR DURING THE FIGHT WITH MR. AGOFSKY.  NUMBER OF JURORS WHO FIND, ZERO.

14.  THAT AT LEAST ONE OTHER FEDERAL INMATE THAT HAS COMMITTED MURDER IN PRISON DID NOT RECEIVE THE DEATH PENALTY AS PUNISHMENT UPON CONVICTION.  NUMBER OF JURORS WHO FIND, ZERO.

15.  THAT OTHER FACTORS THAT YOU MAY FIND TO BE MITIGATING.  NUMBER OF JURORS WHO FIND, ZERO.

AND ALL THE OTHER SPACES FOR OTHER FACTORS THAT COULD HAVE BEEN WRITTEN IN ARE CROSSED OUT.

THE COURT NOW READS SPECIAL VERDICT FORM SECTION VI AS TO COUNT 1.

WE DETERMINE, BY UNANIMOUS VOTE, THAT A SENTENCE OF DEATH SHALL BE IMPOSED AS TO COUNT 1, YES.

394

NO ANSWER AS TO LIFE IMPRISONMENT.

AS TO SPECIAL VERDICT FORM SECTION VI AS TO COUNT 2, THE DETERMINATION.  WE DETERMINE, BY UNANIMOUS VOTE, THAT A SENTENCE OF DEATH SHALL BE IMPOSED.  THE ANSWER IS YES.

THERE IS NO ANSWER AS TO A LIFE IMPRISONMENT.

SECTION VII IS SIGNED, AND IS THE CERTIFICATION SIGNED BY EACH AND EVERY MEMBER OF THE JURY, INCLUDING THE FOREPERSON.  IT IS DATED.

I ASK EACH MEMBER OF THE JURY, HAVING RECORDED AND PUBLISHED THE VERDICT, AND I HAVE ASKED YOU TO PAY CLOSE ATTENTION, I WILL NOW ASK EACH AND EVERY ONE OF YOU WHO HAS BEEN ON THIS JURY, BY POLLING, IF THE VERDICT AS READ BY THE COURT CONSTITUTES YOUR INDIVIDUAL VERDICT IN ALL RESPECTS? ANSWER "YES" OR "NO."  AND THIS QUESTION APPLIES TO EACH AND EVERY ONE OF YOU.

LITCHFIELD.

JUROR LITCHFIELD:  YES.

THE COURT:  PORTIE?

JUROR PORTIE:  YES.

THE COURT:  BENNETT?

JUROR BENNETT:  YES.

THE COURT:  MARTINES?

JUROR MARTINES:  YES.

THE COURT:  MILES?

JUROR MILES:  YES.

395

THE COURT:  RELFORD?

JUROR RELFORD:  YES.

THE COURT:  BEAN?

JUROR BEAN:  YES.

THE COURT:  POULLARD?

JUROR POULLARD:  YES.

THE COURT:  BATY?

JUROR BATY:  YES.

THE COURT:  CHURCH?

JUROR CHURCH:  YES.

THE COURT:  HANSEN?

JUROR HANSEN:  YES.

THE COURT:  REYNOLDS?

JUROR REYNOLDS:  YES.

THE COURT:  THE COURT HAS POLLED THE JURY AND SO NOTES ON THE RECORD THAT A FULL POLL OF THE JURY HAS BEEN CONDUCTED.

COUNSEL HAVE ANY ADDITIONAL REQUEST FOR POLL, MR. BLACK, MR. STEVENS?

MR. STEVENS:  NO, SIR.

THE COURT:  MR. BLACK.

MR. BLACK:  NO, YOUR HONOR.

THE COURT:  MEMBERS OF THE JURY, IT IS NOW MY RESPONSIBILITY TO ADDRESS YOU, AND I AM GOING TO BE EXTREMELY BRIEF IN WHAT I SAY.  I ASK YOU TO DRAW ALL THAT I FEEL ABOUT

396

YOUR PRESENCE AND YOUR SERVICE AND YOUR PATIENCE AND YOUR CONSIDERATION AND YOUR ABILITY TO SERVE.  AND THAT IS, YOU HAVE GIVEN TO YOUR COUNTRY AND TO THIS COURT AND TO THIS JURY SYSTEM THE MOST PRECIOUS THING THAT ANYONE CAN GIVE TO ANOTHER INDIVIDUAL, TO ANOTHER INSTITUTION.  AND IT IS SOMETHING THAT YOU WILL NEVER GET BACK, AND THAT IS THE TIME, THE QUALITY OF THE TIME THAT YOU HAVE GIVEN TO US AND ALL OF YOUR LIFE'S EXPERIENCE THAT WENT INTO THIS VERDICT.

I CAN SAY NOTHING MORE OR ANYTHING LESS THAT WILL SPEAK MORE ABOUT HOW I FEEL ABOUT THE JURY SYSTEM.

WITH THAT, I NOW DISCHARGE THE JURY AND THE ALTERNATE JURORS, AND YOU ARE RELEASED FROM SERVICE.

THANK YOU VERY MUCH.

(JURY OUT AT 10:45 A.M.)

THE COURT:  ALL BE SEATED.

THE COURT WILL TAKE A MOMENTARY RECESS, BECAUSE IT INTENDS TO ENTER THE SENTENCE AT THIS TIME.  DO YOU HAVE ANY OBJECTION, BY THE GOVERNMENT OR THE DEFENSE?

MR. STEVENS:  NO, YOUR HONOR.

(SHORT PAUSE)

THE COURT:  ALL RIGHT.

THE COURT NOW OPENS THE HEARING FOR THE ACTUAL SENTENCING OF THE DEFENDANT, SHANNON WAYNE AGOFSKY.

I AM GOING TO PROCEED WITH THE HEARING.  AND IN ACCORDANCE WITH THE FEDERAL DEATH PENALTY ACT OF 1994, AND

FRANK MCMILLAN, OFFICIAL COURT REPORTER U.S. DISTRICT COURT

A014