**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | (Capital Habeas Corpus) |
| v. | : | |
| | : | **No. 2:22-cv-49-JRS-DLP** |
| T.J. WATSON, Warden, USP Terre Haute, | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondents. | : | |

**MOVANT'S NOTICE OF SUPPLEMENTAL AUTHORITIES**

Briefing on Mr. Agofsky's petition concluded on April 25, 2022. Since then, two significant decisions have been issued—one from this Court and one from the Supreme Court of the United States—that bear on Mr. Agofsky's petition.

In the first, *United States v. Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under the elements clause of 18 U.S.C. § 924(c). No. 20-1459, 2022 WL 2203334 (U.S. June 21, 2022). In addition to remarking on the nature of the kinds of uses of physical force that fail to satisfy § 924(c), *see id.*, at *6–7, the Court reiterated that the elements clause "doesn't ask whether the crime is *sometimes* or even *usually* associated with communicated threats of force (or, for that matter, with the actual or attempted use of force)," *id.* at *7 (emphasis in original). Instead, "[i]t asks whether the government must prove, as an *element* of its case, the use, attempted use, or threatened use of force." *Id.* at *7

(emphasis in original). The Court also considered the kind of exclusively federal analysis required under *Borden v. United States*, 141 S. Ct. 1817 (2021), when (as here) the underlying crime is a federal crime, and distinguished that analysis from the kind of state-law analysis (and concomitant deference) required when the Court interprets state convictions via the Immigration and Nationality Act, as it did in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007). In the process, the Court rejected the Government's argument that "a defendant must present evidence about how his crime of conviction is normally committed or usually prosecuted." *Taylor*, 2022 WL 2203334 at *7. Here, the Government's response relies on a similar argument, *see* ECF No. 11 at 13-14 (arguing that petitioner should be required to show a "realistic probability" that the statute is or has been applied in the manner described), and quotes *Duenas-Alvarez* for the proposition that the petitioner "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id*. at 14 (quoting *Duenas-Alvarez*, 549 U.S at 193).

In the second, *Paul v. Superintendent, et al.*, this Court held that the petitioner's *Borden* claim satisfied the three prongs of *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), applied the law of the circuit of conviction which was (as in Mr. Agofsky's case) the Eighth Circuit, and determined that the robbery underlying his § 924(c) conviction was not a crime of violence. Order Granting Petition for Writ of

Habeas Corpus at 1, 12-13, 15 n.5, 16, No. 2:13-cv-304 (S.D. Ind. Aug. 2, 2022) (attached as Exhibit A). Although the indictment in *Paul* had failed to make clear reference to any particular federal robbery statute and instead described conduct that most closely resembled a robbery under 18 U.S.C. § 2111, *id.* at 14, the Court looked to Eighth Circuit precedent interpreting 18 U.S.C. § 2113(a) and decided that in the circuit where Paul was convicted, robbery is not a crime of violence under either statute, *id.* at 15 (footnote omitted) (citing *United States v. Yockel*, 320 F.3d 818, 820−21 (8th Cir. 2003)) ("[T]he Eighth Circuit, even after *Carter*, has expressly held that § 2113(a)'s implied knowing *mens rea* applies only to the 'taking of property of another' element of the crime."). Accordingly, this Court vacated the petitioner's § 924(c) conviction and his death sentence. *Id.* at 16-17. Mr. Agofsky argues in his petition that his *Borden* claim satisfies the three prongs of *Davenport* and that the § 2113(a) robbery underlying his § 924(c) conviction in the Eighth Circuit is not a crime of violence.

Respectfully submitted this August 5, 2022.

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Senior Staff, Capital Punishment Project
American Civil Liberties Union
201 W. Main Street, Suite 402
Durham, NC 27701
cvanwyk@aclu.org
*Counsel for Movant*

3

## CERTIFICATE OF SERVICE

I, Claudia Van Wyk, hereby certify that on the date of filing, I caused a copy

of this document to be delivered, via the CM-ECF system of the U.S. District Court

for the Southern District of Indiana, to all counsel of record:

**John Benton Hurst**
DOJ-USAO
United States Attorney's Office
400 E. 9th St., Ste 5510
Kansas City, MO 64106
816-426-3122
Email: john.hurst@usdoj.gov

/s/ Claudia Van Wyk
Claudia Van Wyk
*Counsel for Movant*

Dated: August 5, 2022