UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00049-JRS-MKK |
| | ) | |
| T.J. WATSON Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER FOR PETITIONER TO SHOW CAUSE**

Shannon Agofsky is incarcerated in this District on a federal capital sentence. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 to invalidate a prior conviction under 28 U.S.C. § 924(c) for using a firearm during and in relation to a crime of violence, which he asserts was an aggravating factor that contributed to his capital sentence. The Supreme Court's recent decision in *Jones v. Hendrix*, forecloses challenges under § 2241 based on a new Supreme Court case interpreting the statute under which the petitioner was convicted or sentenced. 599 U.S. __, __ S. Ct. __, No. 21-857, 2023 WL 4110233 (June 22, 2023).

**I.  Factual and Procedural Background**

In 1992, a grand jury in the Western District of Missouri charged Mr. Agofsky with three offenses: robbing a bank in violation of 18 U.S.C. § 2113, conspiring to rob the bank in violation of 18 U.S.C. § 371, and using a firearm during and in relation to the bank robbery in violation of 18 U.S.C. § 924(c). Dkt. 10-1. According to the indictment, Mr. Agofsky and his brother abducted a bank president from his house, forced him to open the bank, stole about $70,000, taped the bank president to a wooden chair, drove him away, and dropped him over the side of a bridge, causing his death. *Id.* A jury convicted Mr. Agofsky on all three charges. Dkt. 10-3. He was sentenced to

life plus 60 months in prison. The Eighth Circuit affirmed Mr. Agofsky's conviction and sentence. *United States v. Agofsky*, 20 F.3d 866 (1994). He unsuccessfully pursued relief under 28 U.S.C. § 2255 four times. *See* dkt. 1 at 5–8.

Mr. Agofsky was convicted of a subsequent offense by a federal jury in the Eastern District of Texas and sentenced to death. Mr. Agofsky cites his § 924(c) conviction in the bank robbery case as an aggravating factor that contributed to his death sentence. *See* dkt. 1 at 5, n.3.

## II. Standard of Review

Although Mr. Agofsky attempts to proceed under § 2241, the provisions of 28 U.S.C. § 2255 also apply to his case. Section 2255 provides in relevant part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the  maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> (e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> \*\*\*
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > 1. newly discovered evidence that, if proven and viewed in light of the evidence as a whole, who would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or

> 2.      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 3.

28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause."

In *Jones v. Hendrix*, 599 U.S. __, __ S. Ct. __, No. 21-857, 2023 WL 4110233 (June 22, 2023), the petitioner filed a § 2241 petition challenging his sentence based on a new Supreme Court case interpreting his statute of conviction. *Id.* at *4. He had previously filed a § 2255 motion and had that motion adjudicated on the merits. *Id.* He argued that he could pursue a new challenge to his sentence in a § 2241 petition because, before the new Supreme Court case was issued, his position was foreclosed by binding circuit precedent, meaning that his § 2255 remedy had been "inadequate or ineffective" to test the legality of his sentence. *Id.* The U.S. Supreme Court affirmed the district court's dismissal of his § 2241 petition for lack of jurisdiction, explaining:

> [T]he saving clause does not authorize . . . an end-run around [§ 2255(h)]. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255 is that a second or successive or collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Id.* at *7 (expressly overruling Seventh Circuit's application of the saving clause in *In re Davenport*, 147 F.3d 605, 609–611 (7th Cir. 1998)).

### III. Discussion

In this case, Mr. Agofsky is challenging his conviction under 18 U.S.C. § 924, but he has already filed a § 2255 motion that was determined on the merits. Thus, under *Jones*, he cannot launch another collateral attack on his conviction unless that attack fits within the parameters of § 2255(h). *Jones*, 2023 WL 4110233, at *5 (holding "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."). His § 2241

petition—which argues that *Borden v. United States*, 141 S. Ct. 1817 (2021) invalidates his § 924(c) conviction—represents such an unauthorized successive collateral attack on his sentence.[1] *Jones*, 2023 WL 4110233 at *9 ("Congress has chosen finality over error correction . . . ."); *id.* at *14 (J. Sotomayor and J. Kagan, dissenting) ("A prisoner who is actually innocent, imprisoned for conduct that Congress did not criminalize, is forever barred by 28 U.S.C. § 2255(h) from raising that claim, merely because he previously sought postconviction relief. It does not matter that an intervening decision of this Court confirms his innocence. By challenging his conviction once before, he forfeited his freedom.").

Accordingly, on or **before July 28, 2023**, Petitioner shall show cause why his § 2241 petition should not be dismissed for lack of jurisdiction based on the reasoning set forth in *Jones*.

**IT IS SO ORDERED.**

Date: 06/28/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Benton Hurst
DOJ-USAO
john.hurst@usdoj.gov

Claudia Van Wyk
American Civil Liberties Union
claudia_vanwyk@fd.org

---

[1] The Court notes that, even if Petitioner's petition presented arguments that fell within § 2255(h), he would be required to bring them in a § 2255 motion addressed to his court of conviction after obtaining permission from the appropriate court of appeals. *See* 28 U.S.C. § 2255(a), (h).