**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | : | CIVIL ACTION |
| Petitioner, | : | (Capital Habeas Corpus) |
| v. | : |  |
| T.J. WATSON, Warden, USP Terre Haute, | : | **No. 2:22-cv-49-JRS-MKK** |
| UNITED STATES OF AMERICA | : |  |
| Respondents. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

**PETITIONER'S UNOPPOSED FIRST MOTION FOR EXTENSION OF
TIME TO SHOW CAUSE**

Petitioner, Shannon Agofsky, by and through undersigned counsel, respectfully moves this Court for an extension of time in which to show cause as to why his habeas petition should not be dismissed in light of the Supreme Court's recent decision in *Jones v. Hendrix,* 143 S. Ct. 1857 (2023). *See* Dkt. No. 16 at 3. In support of this motion, and in accordance with Local Rule 6-1, Mr. Agofsky states the following:

1.     Mr. Agofsky filed his petition for writ of habeas corpus on February 9, 2022. Dkt. No. 1. In that petition, Mr. Agofsky argues that, under *Borden v. United States*, 141 S. Ct. 1817 (2021), he is innocent of using a firearm during and in relation to a crime of violence. Because he stands convicted of a non-existent crime (and

1

because his conviction for that non-existent crime served as an aggravating factor in support of his death sentence), and because he lacks an adequate opportunity to challenge his conviction for that non-existent crime in another venue, the petition argues that this Court should grant Mr. Agofsky review and relief under 28 U.S.C. § 2241.

2.     The government filed its response in opposition to Mr. Agofsky's petition on March 28, 2022, Dkt. No. 11, and Mr. Agofsky filed his reply in support of his petition on April 25, 2022. Dkt. No. 12. Mr. Agofsky filed a notice of supplemental authority on August 5, 2022. Dkt. No. 13.

3.     On June 28, 2023, the Court ordered Mr. Agofsky to show cause, no later than July 28, 2023, as to why his petition should not be dismissed for lack of jurisdiction pursuant to *Jones*. Dkt. No. 16.

4.     Mr. Agofsky respectfully requests an additional 60 days to respond to the Court's order. This is Mr. Agofsky's first request for an extension of time. On July 26, 2023, counsel for Mr. Agofsky contacted counsel for the government to ascertain the government's position on this motion. The government indicated that it does not oppose the motion.

5.     Counsel for Mr. Agofsky require additional time to thoroughly research the complex jurisdictional issue on which he has been ordered to show cause. In *Jones,* the Supreme Court held that 28 U.S.C. § 2255(e) "does not permit a prisoner

asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones,* 143 S. Ct. at 1864. Counsel for Mr. Agofsky require additional time to assess the degree to which *Jones* changes applicable governing law, including controlling Seventh Circuit precedent, *see id.* at 1868 (citing *In re Davenport*, 147 F.3d 605, 609–11 (7th Cir. 1998)), and the degree to which any such changes affect his petition.

6.     Counsel for Mr. Agofsky also require additional time to show cause because they face pressing deadlines in other cases. Counsel for Mr. Agofsky have the following preexisting obligations: a brief due to the Pennsylvania Supreme Court on July 30, 2023, regarding a capital appeal, in *Commonwealth v. Taylor*, No. 805 CAP (Pa.); an amended habeas petition due August 4, 2023, in *Ware v. Wetzel*, No. 19-cv-705 (E.D. Pa.); a week-long hearing beginning September 18, 2023, in *Hamilton v. State*, No. CR06-2500 (Nev. 2nd Jud. Dist. Ct., Washoe County); oral argument before the Fifth Circuit, on August 8, 2023, in *Tabler v. Lumpkin*, No. 22-70001 (a capital habeas appeal involving the denial of a 282-page habeas petition supported by 1000-page appendix); attendance at Nation Habeas and Assistance Training conference in Cleveland, Ohio, from August 10 through August 13, 2023; motion for an evidentiary hearing under the California Racial Justice Act, due September 18, 2023, in *People v. Dareante Scott Fisher*, No. RIF2003062 (Riverside

Cnty. Super. Ct.) (involving extensive statistical evidence, much of which was newly developed for this motion); expected oral argument in *Mosby v. Superior Court*, No. E80924 (Cal. 4th Dist. Ct. App.), and *Austin v. Superior Court*, No. E080939 (Cal. 4th Dist. Ct. App.) (concerning racial inequality in capital charging and sentencing in Riverside County, California, and involving questions of first impression and statistical evidence from three experts who analyzed four different datasets).

7.     As a result of counsel's conflicting obligations, including those to other death-sentenced clients, counsel are unable to file a professionally appropriate brief by July 28, 2023.

8.     This request is made in good faith and not for any dilatory purpose.

Accordingly, Mr. Agofsky respectfully requests a 60-day extension of time (until September 26, 2023) in which to show cause as to why his habeas petition should not be dismissed.

Respectfully submitted,

/s/ David Zuckerman
DAVID ZUCKERMAN
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of PA
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
david_zuckerman@fd.org
*Counsel for Petitioner*

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Senior Staff Attorney, Capital
Punishment Project
American Civil Liberties Union
201 W. Main Street, Suite 402
Durham, NC 27701
(919) 433-8533
cvanwyk@aclu.org
*Counsel for Petitioner*

Dated: July 26, 2023

## CERTIFICATE OF SERVICE

I, Claudia Van Wyk, hereby certify that on the date of filing, I caused a copy

of this document to be delivered, via the CM-ECF system of the U.S. District Court

for the Southern District of Indiana, to all counsel of record:

**John Benton Hurst**
DOJ-USAO
United States Attorney's Office
400 E. 9th St., Ste 5510
Kansas City, MO 64106
816-426-3122
Email: john.hurst@usdoj.gov

*/s/ Claudia Van Wyk*
Claudia Van Wyk
*Counsel for Petitioner*

Dated: July 26, 2023