**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | : | CIVIL ACTION |
| Petitioner, | : | (Capital Habeas Corpus) |
|  | : |  |
| v. | : | **No. 2:22-cv-49-JRS-MKK** |
|  | : |  |
| T.J. WATSON, Warden, USP Terre Haute, | : |  |
| UNITED STATES OF AMERICA, | : |  |
| Respondents. | : |  |
|  | : |  |
|  | : |  |

**MEMORANDUM IN COMPLIANCE WITH ORDER TO SHOW CAUSE**

Petitioner, Shannon Wayne Agofsky, filed his petition for writ of habeas corpus on February 9, 2022. Dkt. No. 1. In that petition, Mr. Agofsky argues that, under *Borden v. United States*, 141 S. Ct. 1817 (2021), he is innocent of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Under 28 U.S.C. § 2255(e), the "saving clause," a federal prisoner may seek habeas relief if the post-conviction statute (28 U.S.C. § 2255) is "inadequate or ineffective to test the legality of his detention." Section 2255 makes no provision for a successive motion for relief grounded in a statutory change that renders a prisoner innocent of the crime of conviction. Mr. Agofsky argues in his petition that under those circumstances, § 2255 is inadequate or ineffective and he may seek relief under 28 U.S.C. § 2241. Because he stands convicted of a non-existent crime, because his conviction for that non-existent crime served as an aggravating factor in support of his death sentence, and because he lacks an adequate opportunity to challenge his conviction for that non-existent crime in another venue, the petition argues that this Court should grant Mr. Agofsky review and relief under 28 U.S.C. § 2241.

Subsequent to the filing of Mr. Agofsky's petition, in *Jones v. Hendrix,* 143 S. Ct. 1857, 1864 (2023), the Supreme Court held that the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." On June 28, 2023, this Court ordered Mr. Agofsky to show cause as to why his petition should not be dismissed for lack of jurisdiction pursuant to *Jones*. Dkt. No. 16.

The Court should not dismiss Mr. Agofsky's habeas petition. *Jones* does not apply because the Eighth Amendment requires heightened procedural protections for petitioners who (unlike Mr. Jones) have been sentenced to death. Furthermore, although *Jones* restricts the relief available under 28 U.S.C. § 2241, it does not eliminate that relief entirely. *See* 143 S. Ct. at 1863–70. Federal prisoners may still seek relief under § 2241 when "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," *id.* at 1866, or, as in Mr. Agofsky's case, when the petitioner is challenging their *detention* rather than attacking the validity of their *sentence*, *id.* at 1867.

## I.  *Jones* Does Not Apply in Death Penalty Cases.

Mr. Agofsky and Mr. Jones differ in a crucial respect: the former was sentenced to death while the latter was not. Unlike Mr. Jones's case, *see Jones,* 143 S. Ct. at 1863–64, Mr. Agofsky's case requires the application of a "heightened standard of reliability." *Ford v. Wainwright*, 477 U.S. 399, 411 (1986). That requirement arises from "the knowledge that execution is the most irremediable and unfathomable of penalties; that death is different." *Id.*

This heightened standard is unique to death penalty cases. Whenever the government seeks to execute one of its citizens, the Eighth Amendment requires that it provide them with protections "the Constitution nowhere else provides." *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991); *see also Ring v. Arizona*, 536 U.S. 584, 614 (2002) (Breyer, J., concurring); *Spaziano v. Florida*, 468

U.S. 447, 468 (1984) (Stevens, J., concurring in part and dissenting in part), *overturned on other grounds by Hurst v. Florida*, 136 S. Ct. 616 (2016). These safeguards account for the qualitative differences between the death penalty and other punishments, *Furman v. Georgia,* 408 U.S. 238, 306 (1972) (Stewart, J., concurring) (a difference "not in degree but in kind"), and ensure that death sentences are not "inflicted in an arbitrary and capricious manner." *Gregg v. Georgia*, 428 U.S. 153, 188 (1976); *see also Callins v. Collins*, 510 U.S. 1141, 1149 (1994); *Eddings v. Oklahoma*, 455 U.S. 104, 111 (1982).

The additional protections are both substantive and procedural. They extend not only to the instrument by which a punishment is implemented (e.g., lethal injection), but also to the procedural means by which that punishment is determined to be warranted. For instance, in *Woodson v. North Carolina,* 428 U.S. 280, 301 (1976), the Supreme Court struck down a state statute that called for the automatic imposition of a death sentence following any conviction for a specified set of crimes. *See also Roberts v. Louisiana*, 428 U.S. 325, 336 (1976) (same). *Woodson* focuses extensively on Eighth-Amendment specific procedural protections: how the country's "movement away from mandatory death sentences marked an enlightened introduction of flexibility into the sentencing *process*"; how the Court's decision in *Furman* requires "objective standards to guide, regularize, and make rationally reviewable the *process* for imposing a sentence of death"; and how "the Eighth Amendment [citation omitted] requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the *process* of inflicting the penalty of death." *Woodson*, 428 U.S. at 298, 303–04 (emphasis added); *see also Gregg*, 428 U.S. at 186 (procedure by which death penalty is imposed must rationally narrow the class of death-eligible defendants and must permit a jury to render a reasonable, individualized sentencing determination).

None of these procedural protections were applied in *Jones* because *Jones* was not a death penalty case. *See Jones*, 143 S. Ct. at 1864. That difference renders *Jones* inapplicable—and its rationale unpersuasive. For instance, when the Supreme Court considered (and declined to endorse) Mr. Jones' argument that the Court's interpretation of § 2241 and § 2255(e) violated the Suspension Clause, it nowhere accounted for the heightened procedural safeguards required whenever a death sentence is at issue and did not consider the ways those protections factor into the interpretation and application of the Suspension Clause. *See id.* at 1871.

The majority opinion's sole, fleeting reference to the Eighth Amendment is insufficient to effect what would be a sea change in death penalty practice. *Jones* recognizes that the Cruel and Unusual Punishments Clause "expresses a substantive constraint on the kinds of punishments governments may 'inflict'" and does not entitle a petitioner to a second or successive round of post-conviction review. *Id.* at 1874. But *Jones*' cursory and nonspecific reference to the Eighth Amendment should be read as one limited to the sort of punishment that was before the Court in *Jones*—i.e., a term of years, not the death penalty. *Illinois v. Lidster*, 540 U.S. 419, 424 (2004) (courts should "read general language in judicial opinions ... as referring in context to circumstances similar to the circumstances then before the Court and not referring to quite different circumstances that the Court was not then considering."); *see also Cohens v. Virginia*, 6 Wheat. 264, 399, 5 L.Ed. 257 (1821) (Marshall, C. J.) ("[G]eneral expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."). If the Eighth Amendment expressed only substantive constraints in death penalty cases (and not procedural ones, as *Jones*' reference to the Eighth Amendment might otherwise suggest), much of the Court's death penalty

jurisprudence would be inexplicable. *See, e.g.*, *Woodson,* 428 U.S. at 301; *Roberts*, 428 U.S. at 336; *Gregg*, 428 U.S. at 186

*Jones* is also premised on historical evidence of habeas corpus practice, *see id.* at 1865–67, 1871–73—evidence that is distinct from, and which does not control, the pertinent Eighth Amendment analysis. That analysis requires courts to consider "the evolving standards of decency that mark the progress of a maturing society," *Trop v. Dulles,* 356 U.S. 86, 100–01 (1958), not historical practice and understanding at the time of the nation's founding. *Compare Jones,* 143 S. Ct. at 1871–73, *with Atkins v. Virginia,* 536 U.S. 304, 311 (2002) ("A claim that punishment is excessive is judged not by the standards that prevailed in 1685 when Lord Jeffreys presided over the 'Bloody Assizes' or when the Bill of Rights was adopted, but rather by those that currently prevail."). In Eighth Amendment cases, the Court "refer[s] to contemporary standards of decency in this country," not historical ones. *Roper v. Simmons*, 543 U.S. 551, 562 (2005) (citing *Stanford v. Kentucky*, 492 U.S. 361 (1989)); *see also Thompson v. Oklahoma*, 487 U.S. 815, 822–23 n.7 (1988).

Contemporary standards of decency demand the additional procedural protection Mr. Agofsky here relies upon. Those standards require protection against the execution of someone who is innocent of a crime used to justify their sentence. *See Sawyer v. Whitley*, 505 U.S. 333, 344, 350 (1992) (petitioners sentenced to death in state court can overcome procedural default on federal habeas review based on "actual innocence of the death penalty" by showing "by clear and convincing evidence that but for constitutional error ... no reasonable juror would have found him eligible for the death penalty"); *see also Herrera v. Collins*, 506 U.S. 390, 419 (1993) (O'Connor, J., and Kennedy, J., concurring); *Herrera,* 506 U.S. at 430 (Blackmun, J., Stevens, J., and Souter,

J., dissenting). Mr. Agofsky was sentenced to death in part because of a crime he did not commit; decency requires that he be given the opportunity to prove it.

As described in the petition, Mr. Agofsky is innocent of at least one of the crimes that the jury relied upon when imposing his death sentence; he was convicted of using a firearm during the commission of a crime that, under *Borden*, is not a violent offense. Dkt. No. 1 at 5 n.3.[1] In light of the heightened substantive and procedural protections afforded to petitioners like Mr. Agofsky, the Court should consider that argument on its merits.

## II.    *Jones* Did Not Foreclose All Challenges Under § 2241.

*Jones* limited the scope of the saving clause. *Jones*, 143 S. Ct. at 1868, *abrogating In re Davenport*, 147 F.3d 605 (7th Cir. 1998). It did not eliminate that clause altogether. *Jones*, 143 S. Ct. at 1866–67. Under *Jones*, petitioners may continue to avail themselves of the saving clause "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 1868. Claims cognizable under § 2241 and *Jones* include those arguing that the petitioner "is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Id.*

---

[1] Mr. Agofsky is also innocent of another crime that served as a basis for the Government's aggravation case in his capital trial. *See* Order of Administrative Closing, *Agofsky v. United States of America*, Case No. 1:07-cv-511 (E.D. Tex. Jan. 6, 2022) (staying and administratively closing Mr. Agofsky's capital habeas proceedings pending his state-court challenge to his prior conviction). Mr. Agofsky has brought additional challenges to his death sentence premised on multiple ineffective-assistance-of-counsel claims. *See* Defendant's Complete Motion for Relief from Judgment Pursuant to 28 U.S.C. § 2255 at 164-361, *United States v. Agofsky,* Case No. 1:07-cv-511 (E.D. Tex., June 17, 2022).

Mr. Agofsky advances such a claim here. Mr. Agofsky is among the roughly forty individuals currently held in the Bureau of Prison's only unit composed exclusively of male prisoners sentenced to death. *See Jurijus Kadamovas v. Director, Federal Bureau of Prisons*, Case No. 2:23-cv-22 (S.D. Ind., Jan. 12, 2023). That unit, known as the Special Confinement Unit, is located at the same prison where the United States maintains its execution chamber: the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). *Id.* Prisoners in the Unit are held in "severely isolating and solitary conditions" and are "restricted to their single cells except for a few hours each week." *Id.* Not all federal prisoners sentenced to death are held at USP Terre Haute. *See id.*

The conditions of Mr. Agofsky's detention (as well as the place and manner) are a consequence of the § 924(c) conviction Mr. Agofsky challenges in this petition. That conviction contributed not only to the jury's decision to impose the death sentence (which in turn led to Mr. Agofsky's placement in the Special Confinement Unit at USP Terre Haute), *see supra* at 5 and n.2, but also separately affected the Bureau's decision to place Mr. Agofsky in the Unit. When determining the conditions under which a prisoner will be kept, the Bureau considers (among other factors) the prisoner's criminal history score. Dept. of Justice, Federal Bureau of Prisons, Program Statement P5100.08—*Inmate Security Designation and Custody Classification* at Chapter 4, page 5 (Sept. 4, 2019), *available at* https://www.bop.gov/policy/progstat/5100_008cn.pdf. Mr. Agofsky's criminal history score is higher than it would have been if he had not received the invalid § 924(c) conviction at issue in this petition. *See* U.S.S.G §§4A1.1(e), 4A1.2(a). According to *Jones,* § 2241 is the proper vehicle for challenging the aspects of a prisoner's detention that flow from administrative sanctions. *See Jones*, 143 S. Ct. at 1866–67.

III.    **Conclusion**

For the foregoing reasons, this Court should allow Mr. Agofsky to proceed under 28 U.S.C. § 2241 and should consider the merits of Mr. Agofsky's petition. At the least, the Court should reach the merits of Mr. Agofsky's argument regarding the validity of his § 924(c) conviction and proceed separately to the determination of whether the conviction affects his current detention.

Respectfully submitted,

/s/ David Zuckerman
DAVID ZUCKERMAN
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of PA
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
david_zuckerman@fd.org
*Counsel for Petitioner*

/s/ Claudia Van Wyk
CLAUDIA VAN WYK
Senior Staff Attorney, Capital Punishment
Project
American Civil Liberties Union
201 W. Main Street, Suite 402
Durham, NC 27701
(919) 433-8533
cvanwyk@aclu.org
*Counsel for Petitioner*

Dated: September 26, 2023

**CERTIFICATE OF SERVICE**

I, Claudia Van Wyk, hereby certify that on the date of filing, I caused a copy of this document to be delivered, via the CM-ECF system of the U.S. District Court for the Southern District of Indiana, to all counsel of record:

**John Benton Hurst**
DOJ-USAO
United States Attorney's Office
400 E. 9th St., Ste 5510
Kansas City, MO 64106
816-426-3122
Email: john.hurst@usdoj.gov

/s/ Claudia Van Wyk
Claudia Van Wyk
*Counsel for Petitioner*

Dated: September 26, 2023