UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHANNON WAYNE AGOFSKY,               )
                                     )
              Petitioner,            )
                                     )
       v.                            )        No. 2:22-cv-00049-JRS-MKK
                                     )
T.J. WATSON Warden,                  )
                                     )
              Respondent.            )

**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Shannon Agofsky, a federal prisoner incarcerated in this district, seeks a writ of habeas

corpus under 28 U.S.C. § 2241. Mr. Agofsky seeks to vacate his conviction in the Western District

of Missouri under 18 U.S.C. § 924(c) for using a firearm during and in relation to a crime of

violence. He argues that, under *Borden v. United States*, 141 S. Ct. 1817 (2021), the underlying

offense was not a crime of violence as defined by the statute and that his conviction is therefore

invalid. He previously, and unsuccessfully, attacked this conviction under 28 U.S.C. § 2255.

*See* dkt. 1 at 5–8 (summarizing § 2255 actions).

In June 2023, the Court ordered Mr. Agofsky to show cause why his petition should not be

dismissed for lack of jurisdiction in view of *Jones v. Hendrix*, 599 U.S. 465. In *Jones*, the Supreme

Court held that a prisoner who has already pursued a collateral attack against his federal conviction

or sentence may bring another *only* because newly discovered evidence demonstrates innocence

or because a new rule of Constitutional law offers relief that was previously unavailable. 599 U.S.

at 476–78. Moreover, such a challenge must proceed under § 2255 in the district of conviction—

not under § 2241 in the district of incarceration. *Id.* at 478.

Mr. Agofsky responded to the Court's show-cause order and raised two reasons why *Jones* should not bar his successive collateral attack on his § 924(c) conviction. His arguments stem from issues specific to his case and not expressly addressed in *Jones*. Namely, Mr. Agofsky was later convicted of a capital offense and sentenced to death. The government presented his previous § 924(c) conviction as an aggravating factor justifying the death penalty. Ultimately, Mr. Agofsky's attack on the § 924(c) conviction is a step toward challenging his death sentence. And, although he attacks the § 924(c) conviction in his § 2241 petition, he argues that its connection to his death sentence allows this habeas action to move forward even after *Jones*.

First, Mr. Agofsky argues that his § 924(c) conviction is one factor that led the Bureau of Prisons to place him in a Special Confinement Unit, where he is held under harsh and isolated conditions. Dkt. 19 at 6–7. Mr. Agofsky correctly observes that *Jones* did not constrain the availability of § 2241 for challenges that a prisoner "is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Jones*, 599 U.S. at 475.

But Mr. Agofsky does not challenge an administrative decision regarding his place or conditions of confinement or a deprivation of credit time. He asks the Court to vacate his conviction by a jury of a separate court. *See* dkt. 19 at 8 ("At the least, the Court should reach the merits of Mr. Agofsky's argument regarding the validity of his § 924(c) conviction . . . ."). His § 2241 petition collaterally attacks his conviction, not any of the administrative actions *Jones* recognized as actionable under § 2241.

Second, Mr. Agofsky argues that *Jones* simply "does not apply" to his petition. Dkt. 19 at 2. More specifically, Mr. Agofsky cites a series of Supreme Court decisions holding that prisoners

sentenced to death are entitled to heightened due process protections. *Id.* at 2–6 (citing *Ford v. Wainwright*, 477 U.S. 399 (1986) (Constitution demands "factfinding procedures" that "aspire to a heightened standard of reliability" in capital cases.); *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (Constitution requires proportionality review in capital cases.); *Spaziano v. Florida*, 468 U.S. 447, 468 (1984) (Stevens, J., concurring in part and dissenting in part) ("[A] State's deprivation of a person's life is also qualitatively different from any lesser intrusion on liberty."); *Furman v. Georgia*, 408 U.S. 238, 306 (1974) (Stewart, J., concurring) ("The penalty of death differs from all other forms of criminal punishment, not in degree but in kind."); *Gregg v. Georgia*, 428 U.S. 153, 188 (1976) ("Because of the uniqueness of the death penalty, *Furman* held that it could not be imposed under sentencing procedures that created a substantial risk that it would be inflicted in an arbitrary and capricious manner."); *Woodson v. North Carolina*, 428 U.S. 280, 301 (1976) (Eighth and Fourteenth Amendment prohibit mandatory death penalty.); *Roberts v. Louisiana*, 428 U.S. 325, 336 (1976) (same); *Herrera v. Collins*, 506 U.S. 390, 419 (1993) (O'Connor, J., concurring) ("I cannot disagree with the fundamental legal principle that executing the innocent is inconsistent with the Constitution."); *id.* at 430 (Blackmun, J., dissenting) ("Nothing could be more contrary to contemporary standards of decency . . . or more shocking to the conscience . . . than to execute a person who is actually innocent.").  He argues that *Jones* did not formally abrogate any of the principles set out in those cases and that they cannot be honored if this Court applies *Jones* to preclude review of his habeas petition.

Mr. Agofsky is correct that *Jones* did not address any of the protections recognized in previous death penalty decisions. But none of those decisions explicitly held that a prisoner sentenced to death is entitled to review of a successive collateral attack raising a statutory innocence challenge to a prior conviction that may have contributed to the death sentence.

Meanwhile, *Jones* held without qualification that a successive collateral attack must proceed under § 2255 and must be based on new evidence or a new rule of constitutional law.

This Court cannot consider the merits of Mr. Agofsky's habeas petition without disregarding *Jones'* unequivocal holding. He cannot obtain the relief he seeks unless that holding is modified, and this Court lacks authority to modify the Supreme Court's explicit holdings.

This action is **dismissed** for lack of jurisdiction. *Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) (vacating the district court's judgment and remanding with instructions to dismiss for lack of subject-matter jurisdiction.).

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 11/29/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Benton Hurst
DOJ-USAO
john.hurst@usdoj.gov

Claudia Van Wyk
American Civil Liberties Union Foundation
cvanwyk@aclu.org

4