

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

January 17, 2024

Claudia Van Wyk
American Civil Liberties Union Foundation
201 West Main Street
Suite 402
Durham, NC 27701

John Benton Hurst
DOJ-USAO
400 E. 9th St.
Ste 5510
Kansas City, MO 64106

RE:  SHANNON WAYNE AGOFSKY v. T.J. WATSON

CAUSE NO:  2:22-cv-00049-JRS-MKK

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:22-cv-00049-JRS-MKK has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Karen Angermeier, Deputy Clerk
8122311842

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Roger A. G. Sharpe, Clerk of Court

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

January 17, 2024

RE:  SHANNON WAYNE AGOFSKY v. T.J. WATSON

CAUSE NO:  2:22-cv-00049-JRS-MKK

Dear Appellant:

A Notice of Appeal was filed in the above case on January 17, 2024. However, a "Docketing Statement" was not filed along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

IMPORTANT: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Roger A. G. Sharpe,
> Clerk of Court
>
> By Karen Angermeier, Deputy Clerk
> 8122311842

## Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

   (a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

   (b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

   (c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

   (2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

   (d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

   NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals
   are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
  Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
  Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
  Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| SHANNON WAYNE AGOFSKY, | : | Notice of Appeal |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | (Capital Habeas Corpus) |
| | : | |
| T.J. WATSON, Warden, USP Terre Haute, | : | **No. 2:22-cv-49-JRS-MKK** |
| UNITED STATES OF AMERICA, | : | |
| Respondents. | : | |
| | : | |
| | : | |

## NOTICE OF APPEAL

Shannon Wayne Agofsky appeals to the United States Court of Appeals for the

Seventh Circuit from the final judgment entered on November 29, 2023.


Respectfully submitted,

/s/ Claudia Van Wyk

Claudia Van Wyk
Senior Staff Attorney
Capital Punishment Project
American Civil Liberties Union
201 W. Main St. Suite 402
Durham, NC 27701
cvanwyk@aclu.org
267-971-6991 (cell)
919-682-5659 (office)
919-433-8533 (direct)

*Attorney for Petitioner Shannon Wayne Agofsky*

## CERTIFICATE OF SERVICE

I, Claudia Van Wyk, hereby certify that on the date of filing, I caused a copy of

this document to be delivered, via the CM-ECF system of the U.S. District Court for

the Southern District of Indiana, to all counsel of record:

**John Benton Hurst**
DOJ-USAO
United States Attorney's Office
400 E. 9th St., Ste 5510
Kansas City, MO 64106
816-426-3122
Email: john.hurst@usdoj.gov

/s/ Claudia Van Wyk
Claudia Van Wyk
*Counsel for Petitioner*

Dated: January 17, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHANNON WAYNE AGOFSKY,               )
                                     )
              Petitioner,            )
                                     )
       v.                            )     No. 2:22-cv-00049-JRS-MKK
                                     )
T.J. WATSON Warden,                  )
                                     )
              Respondent.            )

### ORDER DISMISSING ACTION FOR LACK OF JURISDICTION
### AND DIRECTING ENTRY OF FINAL JUDGMENT

Shannon Agofsky, a federal prisoner incarcerated in this district, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Mr. Agofsky seeks to vacate his conviction in the Western District of Missouri under 18 U.S.C. § 924(c) for using a firearm during and in relation to a crime of violence. He argues that, under *Borden v. United States*, 141 S. Ct. 1817 (2021), the underlying offense was not a crime of violence as defined by the statute and that his conviction is therefore invalid. He previously, and unsuccessfully, attacked this conviction under 28 U.S.C. § 2255. *See* dkt. 1 at 5–8 (summarizing § 2255 actions).

In June 2023, the Court ordered Mr. Agofsky to show cause why his petition should not be dismissed for lack of jurisdiction in view of *Jones v. Hendrix*, 599 U.S. 465. In *Jones*, the Supreme Court held that a prisoner who has already pursued a collateral attack against his federal conviction or sentence may bring another *only* because newly discovered evidence demonstrates innocence or because a new rule of Constitutional law offers relief that was previously unavailable. 599 U.S. at 476–78. Moreover, such a challenge must proceed under § 2255 in the district of conviction— not under § 2241 in the district of incarceration. *Id.* at 478.

Mr. Agofsky responded to the Court's show-cause order and raised two reasons why *Jones* should not bar his successive collateral attack on his § 924(c) conviction. His arguments stem from issues specific to his case and not expressly addressed in *Jones*. Namely, Mr. Agofsky was later convicted of a capital offense and sentenced to death. The government presented his previous § 924(c) conviction as an aggravating factor justifying the death penalty. Ultimately, Mr. Agofsky's attack on the § 924(c) conviction is a step toward challenging his death sentence. And, although he attacks the § 924(c) conviction in his § 2241 petition, he argues that its connection to his death sentence allows this habeas action to move forward even after *Jones*.

First, Mr. Agofsky argues that his § 924(c) conviction is one factor that led the Bureau of Prisons to place him in a Special Confinement Unit, where he is held under harsh and isolated conditions. Dkt. 19 at 6–7. Mr. Agofsky correctly observes that *Jones* did not constrain the availability of § 2241 for challenges that a prisoner "is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Jones*, 599 U.S. at 475.

But Mr. Agofsky does not challenge an administrative decision regarding his place or conditions of confinement or a deprivation of credit time. He asks the Court to vacate his conviction by a jury of a separate court. *See* dkt. 19 at 8 ("At the least, the Court should reach the merits of Mr. Agofsky's argument regarding the validity of his § 924(c) conviction . . . ."). His § 2241 petition collaterally attacks his conviction, not any of the administrative actions *Jones* recognized as actionable under § 2241.

Second, Mr. Agofsky argues that *Jones* simply "does not apply" to his petition. Dkt. 19 at 2. More specifically, Mr. Agofsky cites a series of Supreme Court decisions holding that prisoners

2

sentenced to death are entitled to heightened due process protections. *Id.* at 2–6 (citing *Ford v. Wainwright*, 477 U.S. 399 (1986) (Constitution demands "factfinding procedures" that "aspire to a heightened standard of reliability" in capital cases.); *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (Constitution requires proportionality review in capital cases.); *Spaziano v. Florida*, 468 U.S. 447, 468 (1984) (Stevens, J., concurring in part and dissenting in part) ("[A] State's deprivation of a person's life is also qualitatively different from any lesser intrusion on liberty."); *Furman v. Georgia*, 408 U.S. 238, 306 (1974) (Stewart, J., concurring) ("The penalty of death differs from all other forms of criminal punishment, not in degree but in kind."); *Gregg v. Georgia*, 428 U.S. 153, 188 (1976) ("Because of the uniqueness of the death penalty, *Furman* held that it could not be imposed under sentencing procedures that created a substantial risk that it would be inflicted in an arbitrary and capricious manner."); *Woodson v. North Carolina*, 428 U.S. 280, 301 (1976) (Eighth and Fourteenth Amendment prohibit mandatory death penalty.); *Roberts v. Louisiana*, 428 U.S. 325, 336 (1976) (same); *Herrera v. Collins*, 506 U.S. 390, 419 (1993) (O'Connor, J., concurring) ("I cannot disagree with the fundamental legal principle that executing the innocent is inconsistent with the Constitution."); *id.* at 430 (Blackmun, J., dissenting) ("Nothing could be more contrary to contemporary standards of decency . . . or more shocking to the conscience . . . than to execute a person who is actually innocent.").  He argues that *Jones* did not formally abrogate any of the principles set out in those cases and that they cannot be honored if this Court applies *Jones* to preclude review of his habeas petition.

Mr. Agofsky is correct that *Jones* did not address any of the protections recognized in previous death penalty decisions. But none of those decisions explicitly held that a prisoner sentenced to death is entitled to review of a successive collateral attack raising a statutory innocence challenge to a prior conviction that may have contributed to the death sentence.

3

Meanwhile, *Jones* held without qualification that a successive collateral attack must proceed under § 2255 and must be based on new evidence or a new rule of constitutional law.

This Court cannot consider the merits of Mr. Agofsky's habeas petition without disregarding *Jones'* unequivocal holding. He cannot obtain the relief he seeks unless that holding is modified, and this Court lacks authority to modify the Supreme Court's explicit holdings.

This action is **dismissed** for lack of jurisdiction. *Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) (vacating the district court's judgment and remanding with instructions to dismiss for lack of subject-matter jurisdiction.).

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 11/29/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Benton Hurst
DOJ-USAO
john.hurst@usdoj.gov

Claudia Van Wyk
American Civil Liberties Union Foundation
cvanwyk@aclu.org

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00049-JRS-MKK |
| | ) | |
| T.J. WATSON Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**FINAL JUDGMENT**

The Court has ordered that this action be **dismissed**. The Court now enters **FINAL JUDGMENT**.

Date: 11/29/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY: _Samantha Burmester_
Deputy Clerk, U.S. District Court

**IT IS SO ORDERED.**

Distribution:

John Benton Hurst
DOJ-USAO
john.hurst@usdoj.gov

Claudia Van Wyk
American Civil Liberties Union Foundation
cvanwyk@aclu.org

# *** PUBLIC DOCKET ***

<span style="color:blue">APPEAL</span>,<span style="color:green">HABEAS</span>,<span style="color:red">CLOSED</span>

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:22-cv-00049-JRS-MKK

AGOFSKY v. WATSON                                      Date Filed: 02/09/2022
Assigned to: Judge James R. Sweeney II                Date Terminated: 11/29/2023
Referred to: Magistrate Judge M. Kendra Klump         Jury Demand: None
Cause: 28:2241fd Petition for Writ of Habeas Corpus (federal)    Nature of Suit: 530 Habeas Corpus (General)
                                                      Jurisdiction: Federal Question

**Petitioner**

**SHANNON WAYNE AGOFSKY**         represented by   **Claudia Van Wyk**
                                                  American Civil Liberties Union Foundation
                                                  201 West Main Street
                                                  Suite 402
                                                  Durham, NC 27701
                                                  267-971-6991
                                                  Email: cvanwyk@aclu.org
                                                  *ATTORNEY TO BE NOTICED*

V.

**Respondent**

**T.J. WATSON**                   represented by   **John Benton Hurst**
*Warden*                                          DOJ-USAO
                                                  United States Attorney's Office
                                                  400 E. 9th St.
                                                  Ste 5510
                                                  Kansas City, MO 64106
                                                  816-426-3122
                                                  Email: john.hurst@usdoj.gov
                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/2022 | 1 | PETITION for Writ of Habeas Corpus *Pursuant to 28 USC Section 2241*, filed by SHANNON WAYNE AGOFSKY. <span style="color:red">(No fee paid with this filing)</span> (Attachments: # 1 Civil Cover Sheet)(Van Wyk, Claudia) (Entered: 02/09/2022) |
| 02/09/2022 | 2 | ***PLEASE DISREGARD - REFILED AT 5 AND 6 *** MOTION for Leave to Proceed in forma pauperis *and for Appointment of Undersigned Counsel*, filed by Plaintiff SHANNON WAYNE AGOFSKY. (Van Wyk, Claudia) Modified on 2/10/2022 (BRR). (Entered: 02/09/2022) |
| 02/10/2022 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (TPS) (Entered: 02/10/2022) |

| 02/10/2022 | 4 | PRACTICES AND PROCEDURES before Judge James R. Sweeney II. (TPS) (Entered: 02/10/2022) |
|---|---|---|
| 02/10/2022 | 5 | MOTION for Leave to Proceed in forma pauperis , filed by Petitioner SHANNON WAYNE AGOFSKY. (Attachments: # 1 Text of Proposed Order)(Van Wyk, Claudia) (Entered: 02/10/2022) |
| 02/10/2022 | 6 | MOTION to Appoint Counsel , filed by Petitioner SHANNON WAYNE AGOFSKY. (Attachments: # 1 Text of Proposed Order)(Van Wyk, Claudia) (Entered: 02/10/2022) |
| 02/14/2022 | 7 | ORDER TO SHOW CAUSE - The respondent shall have until March 28, 2022, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have twenty-eight days after service of the answer in which to reply. The petitioner's motion for leave to proceed in forma pauperis, dkt. 5 , is granted. Signed by Judge James R. Sweeney II on 2/14/2022.(KAA) (Entered: 02/14/2022) |
| 02/14/2022 | 8 | ORDER granting 6 Motion to Appoint Counsel. Claudia Van Wyk from the Capital Habeas Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania is appointed to represent Petitioner in this case. Signed by Judge James R. Sweeney II on 2/14/2022. (KAA) (Entered: 02/14/2022) |
| 03/28/2022 | 9 | NOTICE of Appearance by John Benton Hurst on behalf of Respondent T.J. WATSON. (Hurst, John) (Entered: 03/28/2022) |
| 03/28/2022 | 10 | APPENDIX *of Exhibits in Support of Response in Opposition to Petition for Habeas Corpus* by T.J. WATSON. (Attachments: # 1 Exhibit 1: Superseding Indictment, # 2 Exhibit 2: Verdict Form, # 3 Exhibit 3: Judgment, # 4 Exhibit 4: Jury Instructions Given)(Hurst, John) (Entered: 03/28/2022) |
| 03/28/2022 | 11 | RESPONSE *in Opposition*, re 1 Petition for Writ of Habeas Corpus, filed by Respondent T.J. WATSON. (Hurst, John) (Entered: 03/28/2022) |
| 03/28/2022 | | ***DOCKETED FOR ADMINISTRATIVE PURPOSES ONLY-To show proper event for Response docketed at dkt 11. RETURN TO ORDER TO SHOW CAUSE, re 7 Order to Show Cause, filed by T.J. WATSON.. (MEH) (Entered: 04/29/2022) |
| 04/25/2022 | 12 | Brief *in Reply* re 1 Petition for Writ of Habeas Corpus, 11 Response by SHANNON WAYNE AGOFSKY. (Attachments: # 1 Appendix)(Van Wyk, Claudia) (Entered: 04/25/2022) |
| 04/25/2022 | | DOCKETED FOR ADMINISTRATIVE PURPOSES ONLY-To show correct event for Reply at dkt 12. Reply re Return to Order to Show Cause, filed by SHANNON WAYNE AGOFSKY.. (MEH) (Entered: 04/29/2022) |
| 08/05/2022 | 13 | NOTICE *OF SUPPLEMENTAL AUTHORITY*, filed by Petitioner SHANNON WAYNE AGOFSKY (Attachments: # 1 Exhibit) (Van Wyk, Claudia) (Entered: 08/05/2022) |
| 12/12/2022 | 14 | Reassignment of Case to Magistrate Judge Mark J. Dinsmore. Magistrate Judge Doris L. Pryor is no longer assigned to this case. Please include the new case number (2:22-cv-00049-JRS-MJD), which includes the initials of the newly assigned judge, on all future filings in this matter. (CJD) (Entered: 12/12/2022) |
| 01/06/2023 | 15 | Reassignment of Case to Magistrate Judge M. Kendra Klump. Magistrate Judge Mark J. Dinsmore is no longer assigned to this case. Please include the new case number (2:22-cv-00049-JRS-MKK), which includes the initials of the newly assigned judge, on all future filings in this matter. (CJD) (Entered: 01/06/2023) |
| 06/28/2023 | 16 | ORDER FOR PETITIONER TO SHOW CAUSE - On or before July 28, 2023, Petitioner shall show cause why his § 2241 petition should not be dismissed for lack of jurisdiction based on the reasoning set forth in Jones. SEE ORDER. Signed by Judge James R. Sweeney II on 6/28/2023.(JRB) (Entered: 06/29/2023) |

| 07/26/2023 | 17 | Unopposed MOTION for Extension of Time to 9/26/2023 in which to 16 Order to Show Cause , filed by Petitioner SHANNON WAYNE AGOFSKY. (Attachments: # 1 Text of Proposed Order)(Van Wyk, Claudia) (Entered: 07/26/2023) |
|---|---|---|
| 08/11/2023 | 18 | ORDER granting 17 PETITIONER'S UNOPPOSED FIRST MOTION FOR EXTENSION OF TIME TO SHOW CAUSE - The Court, having reviewed Petitioner's Unopposed First Motion for Extension of Time to Show Cause, dkt. 17 , and finding that motion to be well taken, hereby ORDERS that the Petitioner, Shannon Wayne Agofsky, shall have until September 26, 2023, to show cause as to why his petition should not be dismissed. See Dkt. No. 16 . Signed by Judge James R. Sweeney II on 08/11/2023. (AAS) (Entered: 08/11/2023) |
| 09/26/2023 | 19 | RETURN TO ORDER TO SHOW CAUSE, re 16 ORDER FOR PETITIONER TO SHOW CAUSE, filed by SHANNON WAYNE AGOFSKY. (Van Wyk, Claudia) Modified to correct linking of documents on 9/27/2023 (JRT). (Entered: 09/26/2023) |
| 11/29/2023 | 20 | ORDER DISMISSING ACTION FOR LACK OF JURISDICTION AND DIRECTING ENTRY OF FINAL JUDGMENT - This Court cannot consider the merits of Mr. Agofsky's habeas petition without disregarding Jones' unequivocal holding. He cannot obtain the relief he seeks unless that holding is modified, and this Court lacks authority to modify the Supreme Court's explicit holdings.This action is dismissed for lack of jurisdiction. The clerk is directed to enter final judgment. SEE ORDER. Signed by Judge James R. Sweeney II on 11/29/2023.(AAS) (Entered: 11/29/2023) |
| 11/29/2023 | 21 | FINAL JUDGMENT - The Court has ordered that this action be dismissed. The Court now enters FINAL JUDGMENT. Signed by Judge James R. Sweeney II on 11/29/2023.(AAS) (Entered: 11/29/2023) |
| 01/17/2024 | 22 | NOTICE OF APPEAL as to 21 Closed Dismissed, filed by Petitioner SHANNON WAYNE AGOFSKY. (No fee paid with this filing) (Van Wyk, Claudia) (Entered: 01/17/2024) |

**Case #: 2:22-cv-00049-JRS-MKK**