CERTIFIED COPY

A True Copy

Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

## for the Seventh Circuit

---

No. 24-1067

SHANNON WAYNE AGOFSKY,

*Petitioner-Appellant*,

*v.*

DEANNA BAYSORE, Warden,*

*Respondent-Appellee.*

---

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:22-cv-00049-JRS-MKK — **James R. Sweeney II**, *Judge*.

---

ARGUED DECEMBER 11, 2024 — DECIDED NOVEMBER 26, 2025

---

Before ROVNER, SYKES, and KIRSCH, *Circuit Judges*.

SYKES, *Circuit Judge*. In 1989 Shannon Agofsky robbed a
bank in southwest Missouri, kidnapped the bank president at

---

\* Petitioner Shannon Agofsky was transferred to a different prison while
this appeal has been pending. We have substituted Warden Deanna
Baysore, his current custodian, as the respondent. *See* FED. R. APP. P. 23(a),
43(c). The transfer does not affect the court's jurisdiction. *In re Hall*,
988 F.3d 376, 378 (7th Cir. 2021).

gunpoint, and drowned him in a lake across the border in Oklahoma. A federal jury in the Western District of Missouri convicted him of bank robbery and using a firearm during a crime of violence; he was sentenced to life in prison. The Eighth Circuit affirmed, and Agofsky's several motions for collateral relief under 28 U.S.C. § 2255 failed.

In 2001, while serving his sentence in a Texas federal prison, Agofsky killed a fellow inmate. He was convicted in the Eastern District of Texas of capital murder. The jury found that several aggravating factors supported the death penalty, including Agofsky's firearm conviction in the Missouri case. The judge imposed a death sentence.

Fast forward to the present: In 2022 Agofsky petitioned for habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana, where he was confined. Citing *Borden v. United States*, 593 U.S. 420 (2021), he challenged his firearm conviction in the decades-old Missouri case, arguing that bank robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). Knocking out that conviction was part of his effort to overturn his sentence in the Texas capital case.

A threshold question, however, concerns jurisdiction. A § 2255 motion in the sentencing court is the exclusive method for federal prisoners to collaterally challenge their sentences. Only one motion is permitted, with limited exceptions for claims based on new evidence of actual innocence or a new, retroactive constitutional rule from the Supreme Court. 28 U.S.C. § 2255(h). To reinforce this finality principle, § 2255(e) prohibits courts from entertaining § 2241 habeas applications from prisoners who have failed to apply for or have been denied relief under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the

No. 24-1067                                                          3

legality of his detention." *Id.* § 2255(e). The "unless" language is known as the "saving clause."

We held long ago that § 2255 is "inadequate"—and thus the saving clause is satisfied—for statutory claims barred by § 2255(h)'s limits on successive motions. *In re Davenport*, 147 F.3d 605, 610–12 (7th Cir. 1998). That decision provided a gateway to § 2241 for Agofsky's *Borden* claim. But the Supreme Court overruled *Davenport* in *Jones v. Hendrix*, 599 U.S. 465, 477–78 (2023), ending his habeas quest. The Indiana district judge dismissed the § 2241 petition for lack of jurisdiction.

Agofsky initially urged us to adopt an exception to *Jones* for capital cases. He dropped that argument after President Biden commuted his death sentence to life in prison. His fallback position is that § 2255(e) is merely a venue provision and that the government waived it. The government replies that § 2255(e) is jurisdictional and cannot be waived.

Our caselaw is inconsistent on whether § 2255(e) addresses jurisdiction, but other circuits have uniformly held that the statute sets a jurisdictional limit. We now join that consensus and hold that § 2255(e) limits the court's jurisdiction. We affirm the jurisdictional dismissal of the § 2241 petition.

## I. Background

### A.  Habeas and § 2255

We begin with an overview of the remedies available to federal prisoners to challenge the legality of their confinement—starting with the writ of habeas corpus. The federal courts are authorized to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).

4                                                          No. 24-1067

Habeas applications must be filed in the judicial district
where the prisoner is confined and directed to the person with
custody of the prisoner—typically the prison's warden.
*Rumsfeld v. Padilla*, 542 U.S. 426, 434–36 (2004).

In 1867 Congress expanded the scope of habeas corpus to
permit prisoners to use the writ to collaterally challenge their
convictions and sentences. *Jones*, 599 U.S. at 472–73; *see United
States v. Hayman*, 342 U.S. 205, 211–12 (1952). Accordingly,
"[f]or most of our Nation's history," the habeas writ served as
the remedial vehicle for collateral review of criminal judg-
ments. *Jones*, 599 U.S. at 473.

Over time, however, the use of habeas proceedings for
postconviction review created serious administrative prob-
lems. *Id.* at 474. Federal prisoners often serve their sentences
far away from their sentencing districts and thus "far re-
moved from the records of the sentencing court and other
sources of needed evidence." *Id.* And prisoners are not evenly
distributed between judicial districts, leading to dispropor-
tionate habeas workloads for some courts. *Id.*

Congress responded in 1948 by adopting § 2255, a remedy
specifically designed for collateral attacks on federal criminal
judgments. *Id.* The statute provides that prisoners may seek
postconviction review by filing a motion in the sentencing
court "to vacate, set aside or correct the sentence." 28 U.S.C.
§ 2255(a). Importantly, however, Congress channeled *all* fed-
eral postconviction review into the § 2255 remedy by prohib-
iting courts from entertaining § 2241 habeas applications as
an alternative. Relevant here, the statute provides:

> An application for a writ of habeas corpus in be-
> half of a prisoner who is authorized to apply for

No. 24-1067                                                           5

> relief by motion pursuant to this section, *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

§ 2255(e) (emphases added). This language makes § 2255 the exclusive postconviction remedy for federal prisoners. The "unless" clause—commonly referred to as the "saving clause"—retains habeas as a backstop, but it applies only in very narrow circumstances. *Jones*, 599 U.S. at 474–75, 482–86.

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress enacted additional restrictions on federal postconviction review by strictly limiting successive § 2255 motions. As amended by AEDPA, the statute provides that a "second or successive" motion is permitted *only* if the claim is based on newly discovered and decisive evidence of factual innocence or a new and retroactive constitutional rule from the Supreme Court. § 2255(h). AEDPA reinforced these restrictions through a precertification requirement: a successive motion may not proceed unless a panel of circuit judges certifies that one of the preconditions is met. *Id.*; *see id.* § 2244. Together, subsections (e) and (h) reinforce the exclusivity of the § 2255 motion and generally restrict federal prisoners to one such motion.

In 1998 our circuit recognized an exception to these limitations. We held in *Davenport* that § 2255 is "inadequate" for purposes of the saving clause for claims based on new *statutory* decisions *if* leaving the error uncorrected would work a miscarriage of justice. 147 F.3d at 610–12; *see Chazen v. Marske*,

938 F.3d 851, 856 (7th Cir. 2019) (synthesizing the *Davenport* requirements). *Davenport* thus opened the door to § 2241 habeas review for nonconstitutional claims, with the anomalous effect of removing the procedural limits on § 2255 motions—the one-year limitations period, the certification requirement for successive motions, and the requirement of a certificate of appealability—for claims based on new statutory-interpretation decisions. *Jones*, 599 U.S. at 479. *Davenport* also reintroduced the administrative problems Congress sought to address when it consolidated postconviction review in the sentencing court under § 2255. *Id.*

In June 2023 the Supreme Court overruled *Davenport* and similar decisions in other circuits. *Id.* at 477. As the Court explained, "[i]n § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed," and the straightforward inference of the enumeration "is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied." *Id.* at 477–78. The saving clause, the Court explained, applies only in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court"—for example, when the court has been dissolved or the prisoner is incapable of being present where he was tried and sentenced. *Id.* at 474.

In all other cases, the Court held, the enumerated limits strictly apply:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. *The inability of a prisoner with a statutory claim to satisfy those*

No. 24-1067                                                              7

> *conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.* Congress has chosen finality over error correction in his case.

*Id.* at 480 (emphasis added).

**B. Agofsky's Case**

With the legal background in place, we turn to the specifics of Agofsky's case. The history is long and complex; we will simplify where appropriate.

In October 1989 Agofsky and his brother robbed a bank in in rural southwest Missouri and kidnapped Dan Short, the bank's president, at gunpoint. *United States v. Agofsky*, 20 F.3d 866, 868–69 (8th Cir. 1994). Five days after the robbery, Short's body was found in a lake across the state line in Oklahoma. The victim was duct-taped to a chair with a concrete block and metal chain secured to his ankle. *Id.*

A grand jury in the Western District of Missouri indicted Agofsky for aggravated armed bank robbery resulting in death, 18 U.S.C. § 2113(a), (d), (e); use of a firearm during a crime of violence, *id.* § 924(c)(1)(A); and conspiracy, *id.* § 371. *Agofsky*, 20 F.3d at 868. A jury found him guilty on all charges, and the district judge imposed a sentence of life plus 60 months in prison. *Id.*

The Eighth Circuit affirmed. *Id.* at 874. Agofsky then filed a collateral challenge in the sentencing court under § 2255, but the judge denied relief in 1997. Agofsky tried three times to obtain authorization from the Eighth Circuit to file a second or successive § 2255 motion, but the court denied each request.

8                                                                    No. 24-1067

In 2001, while serving his life sentence in a Texas prison, Agofsky brutally attacked and killed a fellow inmate. He was charged in the Eastern District of Texas with capital murder. *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008); *United States v. Agofsky*, 458 F.3d 369, 371 (5th Cir. 2006). A jury found him guilty, and during the penalty phase of the trial, found that four aggravating factors supported the death penalty, including Agofsky's firearm conviction in the Missouri case. The Texas district judge accepted the jury's findings and imposed a death sentence.

That brings us to the present case, filed more than three decades after the bank robbery and drowning of Dan Short and more than two decades after Agofsky murdered the inmate in the Texas federal prison. It's a challenge to the Missouri judgment, but the defense team's ultimate goal in filing it was to reopen the Texas federal death sentence.

In 2022 Agofsky's lawyers filed a petition for habeas corpus under § 2241 in the Southern District of Indiana, where he was then confined in the death-row facility. Relying on the Supreme Court's 2021 decision in *Borden*, the petition sought to invalidate his § 924(c) firearm conviction in the Missouri case, arguing that bank robbery is not a "crime of violence" under the statute. *Borden* addressed the term "violent felony" in § 924(e), which is materially identical to the term "crime of violence" in § 924(c).

Because *Borden* is a statutory decision—not a new constitutional rule—and Agofsky wasn't relying on new evidence of actual innocence, his new claim satisfied neither of § 2255(h)'s conditions for a successive postconviction motion. But our decision in *Davenport* gave him a path to raise his claim in a § 2241 habeas petition. While his petition was

No. 24-1067                                                                9

pending, however, the Supreme Court shut the door we had opened in *Davenport*, abrogating our decision and similar ones in other circuits. *Jones*, 599 U.S. at 477.

After *Jones* was issued, the Indiana district judge ordered Agofsky to show cause why the § 2241 petition should not be dismissed for lack of jurisdiction. Agofsky responded that *Jones* should not apply in capital cases because the Eighth Amendment imposes a heightened requirement of reliability for death sentences. The judge rejected this argument and dismissed the petition for lack of jurisdiction.

## II. Discussion

On appeal Agofsky initially reprised his argument that the Eighth Amendment requires an exception to *Jones* for capital cases, but that claim has dropped out of the case. On December 23, 2024, shortly after we heard oral argument, President Biden commuted Agofsky's death sentence to life in prison. Agofsky tried to challenge the commutation in several pro se filings, but the judge rejected that effort. Once the time to appeal expired, Agofsky's defense team formally withdrew the Eighth Amendment argument.

What's left is a backup argument about waiver: Agofsky maintains that the government waived reliance on § 2255(e)'s bar to habeas.[1] He argues that the statute is merely a venue provision—not a jurisdictional limit—and thus can be waived if not properly asserted; he insists that the government waived it here. The government responds that § 2255(e) is a

---

[1] Agofsky belatedly raised this fallback argument, after briefing had concluded but before oral argument. We permitted supplemental briefs on the jurisdictional status of § 2255(e).

10                                                          No. 24-1067

limit on the court's jurisdiction and cannot be waived, and in any event, there was no waiver.[2]

Agofsky's argument finds support in *Harris v. Warden*, 425 F.3d 386 (7th Cir. 2005), though his reasoning does not precisely map onto ours in that case. We did not characterize § 2255(e) as a venue provision; we *did*, however, say that the statute does not limit the court's jurisdiction. *Harris*, 425 F.3d at 387–88.

*Harris* involved a federal prisoner who had pursued his one allotted § 2255 motion without success in the District of Columbia, where he was sentenced, and later petitioned for habeas relief under § 2241 in the Southern District of Illinois, where he was then confined. *Id.* The district court denied relief, and on appeal we observed that the petition might be inconsistent with § 2255(e) but that the infirmity did not affect jurisdiction. In a brief analysis, we explained that "[s]ections 2241 and 2255 deal with remedies; neither one is a jurisdictional clause." *Id.* at 388. We noted that the petitioner's claim might have been barred by § 2255(e) "had the United States Attorney resisted," but the government had not raised the statutory bar in the district court. *Id.* So we did not independently address it, stating that § 2255(e) "does not diminish the district court's subject-matter jurisdiction, which rests on 28 U.S.C. § 1331 because the claim arises under federal law." *Id.* We also said that § 2241 is "unaffected" by AEDPA, so "the special rules for second and successive

---

[2] Though it's not necessary to our resolution of this appeal, we note for completeness that there was no waiver. In its response to Agofsky's § 2241 petition, the government explicitly preserved its argument that § 2255(e) barred the district court from hearing the petition and that *Davenport* (and similar cases in other circuits) were incorrectly decided.

No. 24-1067 11

collateral attacks under § 2254 and § 2255 do not change the jurisdictional footing of a proceeding under § 2241." *Id.* In the end we affirmed the denial of § 2241 relief based on an unrelated procedural flaw. *Id.* at 389.

Despite our seemingly straightforward holding in *Harris*, our caselaw on the jurisdictional status of § 2255(e)—both before and after that decision—has been marked by inconsistency. Prior to *Harris* we had described § 2255(e) as a jurisdictional provision and routinely affirmed jurisdictional dismissals of § 2241 petitions that did not satisfy the saving clause. *See, e.g.*, *Kramer v. Olson*, 347 F.3d 214, 217, 219 (7th Cir. 2003) (per curiam); *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) ("Determining whether the district court had jurisdiction to consider Garza's petition requires us to examine the interaction between 28 U.S.C. § 2255 and 28 U.S.C. § 2241."); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991) ("Atehortua has failed to demonstrate that a § 2255 motion is inadequate to test the legality of his detention … . The trial court lacked jurisdiction to hear a claim under § 2241."); *Domer v. Smith*, 422 F.2d 831, 832 (7th Cir. 1969) (per curiam) ("[A] § 2255 proceeding would not be ineffective and the court below was correct in holding that … it did not have jurisdiction."). *Harris* did not address this line of cases.

On the other hand, we have applied *Harris* and bypassed opportunities to reconsider it—at least when the government hasn't asked us to do so. *See, e.g.*, *Bourgeois v. Watson*, 977 F.3d 620, 629 & n.4 (7th Cir. 2020) ("The government has not asked us to reconsider our conclusion that § 2255(e) is non-jurisdictional."); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (accepting the government's concession that §§ 2241 and 2255 address remedies, not jurisdiction); *Shepherd v. Krueger*,

911 F.3d 861, 863 (7th Cir. 2018) (electing to "bypass … procedural hurdles," like § 2255(e), to resolve a § 2241 petition on the merits); *Prevatte v. Merlak*, 865 F.3d 894, 900–01 (7th Cir. 2017) (affirming the dismissal of a prisoner's § 2241 petition but citing *Harris* and remanding for entry of a modified judgment reflecting a merits rather than a jurisdictional dismissal).

Since the Supreme Court's decision in *Jones*, however, a pronounced intracircuit conflict has emerged: our decisions applying *Jones* reflect *both* jurisdictional *and* nonjurisdictional dispositions. *Compare Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) ("*Jones* holds that federal courts lack jurisdiction to consider habeas petitions filed by prisoners in Hogsett's position."), *and Fields v. Gilley*, 121 F.4th 598, 604 (7th Cir. 2024) (same, citing *Hogsett*), *with Horton v. Lovett*, 72 F.4th 825, 827 (7th Cir. 2023) (affirming the denial of a § 2241 petition based on *Jones*, implicitly treating § 2255(e) as a merits issue, not a jurisdictional bar), *and Sanders v. Joseph*, 72 F.4th 822, 825 (7th Cir. 2023) (same).

In contrast to the confusion in our circuit, other appellate courts are notably consistent on this issue. Every circuit that has addressed the jurisdictional status of § 2255(e)—both before and after *Jones*—has disagreed with *Harris* and held that the statute sets a jurisdictional limit. *See Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019); *Voneida v. Johnson*, 88 F.4th 233, 236 n.1, 239 (3d Cir. 2023); *Cordaro v. United States*, 933 F.3d 232, 240 n.2 (3d Cir. 2019) ("Only the Seventh Circuit Court of Appeals has held that § 2255(e) is not jurisdictional … ."); *United States v. Wheeler*, 886 F.3d 415, 425–26 (4th Cir. 2018); *see also Hammoud v. Ma'at*, 49 F.4th 874, 878, 883 (5th Cir. 2022) (en banc) (affirming a jurisdictional dismissal of a § 2241 petition that did not satisfy § 2255(e)'s saving clause); *Taylor*

No. 24-1067                                                    13

*v. Owens*, 990 F.3d 493, 497–99 (6th Cir. 2021); *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021), *aff'd*, 599 U.S. 465 (2023); *Marrero v. Ives*, 682 F.3d 1190, 1194–95 (9th Cir. 2012); *Abernathy v. Wandes*, 713 F.3d 538, 557–58 (10th Cir. 2013); *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 996–97 (11th Cir. 2021).

And *Jones* itself has undermined *Harris*—not explicitly, but by necessary implication. The Supreme Court granted certiorari in *Jones* to review a judgment of the Eighth Circuit affirming a *jurisdictional* dismissal of a prisoner's § 2241 petition based on § 2255(e). *Jones*, 599 U.S. at 471 ("The District Court dismissed Jones' habeas petition for lack of subject-matter jurisdiction, and the Eighth Circuit affirmed."); *see Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021) (explaining that if the prisoner fails to show that the saving clause applies, "a court must dismiss his habeas petition for lack of subject-matter jurisdiction"). The Court affirmed the judgment "[c]onsistent with the Eighth Circuit's reasoning." *Jones*, 599 U.S. at 471.

It's true that *Jones* did not *expressly* consider the jurisdictional status of § 2255(e), but the Court's mandate—affirming the judgment dismissing the prisoner's § 2241 petition on jurisdictional grounds—casts significant doubt on the continued vitality of *Harris*. At the very least, it suggests that our caselaw on this issue warrants reconsideration.

In sum, although it takes a compelling reason to reconsider circuit precedent, here we have three: (1) *Harris* is the minority position, indeed the lone outlier; (2) the Supreme Court has signaled that our decision is likely incorrect; and (3) our own caselaw has been persistently inconsistent on the jurisdictional status of § 2255(e). *See Glaser v. Wound Care*

*Consultants, Inc.*, 570 F.3d 907, 915 (7th Cir. 2009) (identifying these three circumstances as compelling reasons to overrule circuit precedent). Taking a fresh look at the matter, we now align with the appellate consensus.

"Jurisdictional requirements mark the bounds of a court's adjudicatory authority," but "not all procedural requirements fit that bill." *Boechler, P.C. v. Comm'r*, 596 U.S. 199, 203 (2022) (quotation marks omitted). Many procedural requirements are simply claim-processing rules that instruct the litigants to "take certain procedural steps at certain specified times without conditioning a court's authority to hear the case on compliance with those steps." *Id.* (quotation marks omitted). "These nonjurisdictional rules promote the orderly progress of litigation but do not bear on a court's power." *Id.* (quotation marks omitted).

Jurisdictional requirements, on the other hand, define and limit the court's power, so they "cannot be waived or forfeited, must be raised by courts *sua sponte*, and … do not allow for equitable exceptions." *Id.* Mindful of these serious consequences, the Supreme Court "treat[s] a procedural requirement as jurisdictional only if Congress clearly states that it is." *Id.* (quotation marks omitted). The clear-statement rule as applied in this context doesn't require that Congress specifically use the word "jurisdiction" or otherwise "incant magic words" to promulgate a jurisdictional requirement. *Id.* Rather, the Court has instructed us to apply the traditional tools of statutory interpretation to determine if Congress has "imbued a procedural bar with jurisdictional consequences." *Id.* (quotation marks omitted).

Using those tools, we agree with our sister circuits that § 2255(e) establishes a limit on the court's jurisdiction. As the

No. 24-1067                                                    15

Sixth Circuit aptly explained: "The key is the statutory text," and the text of § 2255(e) is a directive to the courts, not the parties. *Taylor*, 990 F.3d at 497. To repeat, § 2255(e) says that "[a]n application for a writ of habeas corpus … *shall not be entertained*" if the applicant has failed to apply for or has been denied relief under § 2255. (Emphasis added.) The statutory command is to the court, not the litigants: it tells the court what to do—or more accurately, what *not* to do. *Id.*

The statute bars the court from "entertaining" a habeas application as a substitute for a § 2255 motion, with an exceedingly narrow carveout for proper saving-clause cases. "Entertaining a legal claim—declaring the law, applying the law to the facts, and issuing a judgment—is exactly what it means to exercise jurisdiction." *Id.* By prohibiting the courts from "entertaining" habeas applications except in qualifying saving-clause cases, Congress established a limit on the court's subject-matter jurisdiction.

Other parts of the statutory scheme reinforce this interpretation. We've held that § 2255(h)'s certification requirement for successive § 2255 motions is a jurisdictional limit. *Blitch v. United States*, 39 F.4th 827, 832 (7th Cir. 2022); *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). In similar fashion, appeals from final orders in § 2255 and habeas cases require certification from the court of appeals, 28 U.S.C. § 2253(c)(1), and the Supreme Court has held that this requirement is a jurisdictional limit, *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

Just like § 2255(e), neither of these certification provisions uses the term "jurisdiction," but they are understood as jurisdictional because the language addresses the court's

16                                                          No. 24-1067

adjudicative authority. We particularly note that the text of
§ 2253(c)(1), which states that "an appeal may not be taken"
without precertification, closely tracks the language of
§ 2255(e), which states that "[a]n application for a writ of
habeas corpus … shall not be entertained." It's hard to
reconcile treating the former as jurisdictional and the latter as
nonjurisdictional.

Agofsky resists this conclusion, citing *Moore v. Olson*,
368 F.3d 757 (7th Cir. 2004), but that case doesn't help him.
*Moore* addressed § 2241(a)—specifically, whether a prisoner's
transfer to a prison in another district during the pendency of
his § 2241 petition extinguishes the court's jurisdiction over
the petition. We answered that question "no," reasoning that
although § 2241(a) authorizes courts to grant habeas writs
"within their respective jurisdictions," the clause is better un-
derstood as a venue provision that can be waived by the pris-
oner's custodian. *Id.* at 758–60. Importantly here, *Moore* did
not address the interplay between § 2255(e) and § 2241; in-
deed, it did not mention § 2255 at all.

In sum, the statutory text and context support the unani-
mous view of our sister circuits that § 2255(e) addresses the
court's adjudicative power, not venue or some other filing re-
quirement that the litigants may waive or forfeit. Congress
has issued a clear command that operates on the court's com-
petence: the court shall not "entertain"—i.e., adjudicate—a
habeas application if the prisoner has failed to apply for or
has been denied relief under § 2255. We therefore join the ap-
pellate consensus in holding that § 2255(e) limits the court's

No. 24-1067                                                    17

jurisdiction. *Harris* and similar cases to the contrary are over-ruled.[3]

   The district court properly dismissed Agofsky's § 2241 petition for lack of jurisdiction.

                                                        AFFIRMED

---

[3] Because this opinion resolves a conflict in circuit caselaw and overrules circuit precedent, we circulated it to all judges in active service under Circuit Rule 40(e). No judge requested to hear this case en banc. Circuit Judge Rebecca Taibleson did not participate in the consideration of this matter.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

November 26, 2025

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Before

ILANA DIAMOND ROVNER, *Circuit Judge*
DIANE S. SYKES, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 24-1067 | SHANNON WAYNE AGOFSKY, <br> Petitioner - Appellant <br><br> v. <br><br> DEANNA BAYSORE, Warden, <br> Respondent - Appellee |
| **Originating Case Information:** | |
| District Court No: 2:22-cv-00049-JRS-MKK <br> Southern District of Indiana, Terre Haute Division <br> District Judge James R. Sweeney, II | |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

Clerk of Court

form name: **c7_FinalJudgment**   (form ID: **132**)

# United States Court of Appeals

### for the Seventh Circuit
### Chicago, Illinois 60604

January 23, 2026

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 24-1067

| | |
|---|---|
| SHANNON WAYNE AGOFSKY,<br>    *Petitioner-Appellant*,<br><br>     *v.*<br><br>DEANNA BAYSORE, Warden,<br>    *Respondent-Appellee*. | Appeal from the<br>United States District Court for the<br>Southern District of Indiana,<br>Terre Haute Division.<br><br>No. 2:22-cv-00049-JRS-MKK<br><br>James R. Sweeney II,<br>*Judge.* |

**O R D E R**

On consideration of the petition for rehearing and for rehearing en banc, no judge in active service requested a vote on the petition for rehearing en banc,[1] and the judges on the original panel voted to deny rehearing. It is therefore ordered that the petition for rehearing and for rehearing en banc is DENIED.

---

[1] Circuit Judges Doris L. Pryor and Rebecca Taibleson did not participate in the consideration of this petition for rehearing.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

February 2, 2026

To: Kristine L. Seufert
UNITED STATES DISTRICT COURT
Southern District of Indiana
104 U.S. Courthouse
Terre Haute, IN 47807

|  |  |
|---|---|
| No. 24-1067 | SHANNON WAYNE AGOFSKY, <br> Petitioner - Appellant <br><br> v. <br><br> DEANNA BAYSORE, Warden, <br> Respondent - Appellee |

| **Originating Case Information:** |
|---|
| District Court No: 2:22-cv-00049-JRS-MKK <br> Southern District of Indiana, Terre Haute Division <br> District Judge James R. Sweeney, II |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                    No record to be returned

form name: **c7_Mandate**   (form ID: **135**)